**FILED**

JUN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, pro-se          )
Reg. No. 47510-083                )
F.M.C. Devens                     )
P.O. Box 879                      )
Ayer, Massachusetts 01432         )
                                  )
                Plaintiff,        )
                                  )
        v.                        )
                                  )
BUREAU OF PRISONS                 )
Director                          )
320 First Street, N.W.            )
Washington, D.C. 20534            )
                                  )
                Defendant.        )
_____)

CASE NUMBER  1:06CV01031

JUDGE: Richard W. Roberts

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 06/05/2006

JURY TRIAL DEMANDED

*JURY ACTION*

## COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF

1.   This is a civil action brought under the Freedom of
Information Act, 5 U.S.C.A. § 552 and the Privacy Act, 5 U.S.C.A.
§ 552a for injunctive and declatory relief.

2.   This court has jurisdiction pursuant to the Freedom of
Information Act, 5 U.S.C.A. § 552(a)(4)(B), the Privacy Act,
5 U.S.C.A. §552a(g)(1), the Administrative Procedure Act,
5 U.S.C.A. § 701 et seq., 28 U.S.C.A. § 1331(a), and the First
Amendment to the Constitution of the United States.

**RECEIVED**

MAY 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*1*

3. Venue is proper in this district pursuant to the Freedom of Information Act, 5 U.S.C.A. § 552(a)(4)(B) and the Privacy Act, 5 U.S.C.A. § 552a(g)(5), as well as 5 U.S.C.A. § 703 and 28 U.S.C.A. §§ 1391 and 1402.

4. Plaintiff, Myron Tereshchuk, is a member of the public who is incarcerated at F.M.C. Devens in Ayer, Massachusetts.

5. Defendant, Bureau of Prisons, is an agency of the United States and it has control and possession of the records of which Plaintiff seeks disclosure.

6. Over twenty (20) working days have passed since the Director of the Bureau of Prisons received Plaintiff's Freedom of Information Act request, by Certified Mail, combined with First Class Mail and a Return Receipt, and no response has been made to the request.

7. The failure of Defendant to respond to the Plaintiff's Freedom of Information Act request has amounted to an improper withholding of agency records from Plaintiff.

2

8. Plaintiff has exhausted his administrative remedies.

9. Plaintiff has a statutory right to the disclosure of the requested records and there is no legal basis for the Defendant's improper withholding.

10. Plaintiff has a constitutional right to the disclosure of the requested records and there is no legal basis for the Defendant's improper withholding.

11. Plaintiff has the statutory and constitutional rights to request disclosure of records by the Defendant on behalf of fellow inmates.

12. Defendant failed to provide Plaintiff of any notice of Plaintiff's right to file an administrative appeal or to provide Plaintiff with the provisions to seek judicial review in regards to Defendant's improper withholding of the requested records.

13. The Defendant did not provide the Plaintiff with either the opportunity to limit the scope of the request or the opportunity for the Plaintiff to reformulate the request.

3



RECEIVED

MAY 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

22.  The disclosure of the requested records will benefit the public.

23.  The disclosure of the requested records is likely to contribute significantly to the public understanding of government operations and activities.

24.  The public is the primary beneficiary of the disclosure of the requested records.

25.  The Defendant has a history of improperly withholding records from the public domain whereas such records would likely contribute significantly to the public understanding of government activities and operations and would be in the public interest.

26.  The Defendant failed to provide the Plaintiff with an estimate of the costs involved in processing Plaintiff's request.

27.  The Defendant's improper withholding of the requested records has resulted in the Defendant maintaining a body of secret law.

28.  The Defendant's improper withholding of the requested records has promoted the secret law Congress sought to eradicate.

29. The requested records that the Defendant is improperly withholding from Plaintiff are not in the public domain.

30. A copy of the Freedom of Information Act and Privacy Act request that is at issue in this Complaint is appended as Exhibit A.

<u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff prays that this Court:

1. Take jurisdiction of this cause;

2. Not dismiss this cause for a procedural defect without good cause, because Defendant substantially contributed to any defects in this Complaint by failing to provide Plaintiff with the provisions for review;

3. Permit Plaintiff to amend and supplement this Complaint;

4. Order the disclosure of each category of records requested by the Plaintiff;

6

5. Order the Defendant to give Plaintiff access to the requested records so that they will be available for public inspection and copying;

6. Order the Defendant to disclose to Plaintiff the requested personal records;

7. Declare that the Defendant improperly withheld the requested records from the Plaintiff;

8. Declare in a written finding that the circumstances surrounding the withholding raises questions whether there has been arbitrary or capricious agency action and to refer the matter to Independent Counsel and to the Merit System Protection Board for investigation pursuant to 5 U.S.C.A. § 552(a)(4)(F);

9. Order the Defendant to not retaliate against Plaintiff;

10. Order all other and further relief as this Court deems just and proper.

## CONCLUSION

For all of the foregoing reasons, Plaintiff submits that this action should not be dismissed and that this Court should accept jurisdiction to the cause of action resulting from Defendant's improper withholding of agency records from Plaintiff.

Respectfully submitted,

Date: _May 17, 2006_         _[signature]_

Myron Tereshchuk, Pro-se
Reg. No. 47510-083
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

I swear and affirm under penalty of perjury that the information in this Complaint for Injunctive and Declatory Relief is true and correct to the best of my knowledge and in accordance with 28 U.S.C.A. Section 1746.

Date: _May 17, 2006_         _[signature]_

Myron Tereshchuk, Pro-se
Reg. No. 47510-083
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

8

MYRON TERESHCHUK
#47510-083, UNIT N-5
FMC DEVENS
P.O.BOX  879
AYER, MA.  01432

## PRIVACY ACT
## FREEDOM OF INFORMATION ACT REQUEST

Director, Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C.  20534

Dear FOIA Administrator:

This document is a request for the prompt disclosure of·all records listed below which are in the possession or under the control of the Bureau of Prisons and this request is made pursuant to the Freedom of Information Act, 5 U.S.C.A. Section 552, and the Privacy Act, 5 U.S.C.A. Section 552a.

In accordance with 28 C.F.R. Section 513.61(c) the requester states that his place of birth to be E. Orange, N.J. on May 8,1962.

The personal records requested can be found under the control of at least the following employees who work at FMC Devens: Mr. Janesko, Dr. Fletcher, Dr. Haas, Dr. Taylor, Dr. Riggs, Dr. Sonnigan, as well as various social workers including but not limited to Ms. Rasmussen, Mr. Kleinshmidt, Mr. Allen, Ms. Benet-Rivera, and Mr. Colautti.  The Warden, David L. Winn, may be of assistance in determining other search locations not known by the above mentioned employees.  He may be reached at (978)796-1000.

Exhibit A

9

06 1031
FILED

JUN - 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tereshchuk FOIA Request Page 2

Requester requests access to inspect and copy all personal records the BOP maintains on the requester.  These personal records include all the records in the possession and control of the BOP regarding the requester, including but not limited to the following sub-categories:

1)  All orders and instructions to staff regarding the requester.

2)  Complete Inmate Central File regarding requester.

3)  All Recreational Therapy records regarding requester.

4)  All psychological and psychiatric records regarding requester including raw data from psychological tests.

5)  All medical records including X-Ray photographs regarding requester.

6)  All E-Mail records regarding requester.

7)  All notes taken by all BOP employees participating on the "N Treatment Team" meetings regarding requester.

8)  All Administrative and staff manuals used by BOP staff to diagnose and provide treatment to the requester.

9)  All documents requester has refused to sign which are under the control of Dr. Fletcher and Ms. Benet-Rivera.

10)  All documents on Dr. Fletcher's computer that reference requester by name or inmate registration number.

11)  All instructions and orders to BOP staff to classify requester as having been convicted of a violent offence.

12)  All instructions and orders to BOP staff to transport requester to FMC Devens for a psychological/psychiatric evaluation and the reasons and agenda for the evaluation.

Tereshchuk FOIA Request Page 3

13)  All instructions and orders to BOP staff to label requester with a specific personality disorder, neurosis, psychosis, or any other mental health defect.

14)  The requester's written objection to being evaluated at FMC Devens and addressed to Warden David L. Winn and dated April 3, 2006.

15)  All records regarding the requester's cultural background.

16)  All instructions and orders to FMC Devens staff permitting individuals without psychology or psychiatry backgrounds to participate in the evaluation and/or diagnosis of requester.

17)  The names, titles, and e-mail addresses of all members of the N Treatment Team who participated in meetings with the requester.

18)  The complete diagnosis according to the criteria outlined in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Revision (DSM-IV-R) or any other revision relied on by FMC Devens staff to evaluate and diagnose requester.

19)  The complete mental health history of requester in possession and control of the FMC Devens staff.

20)  All records reflecting the amplification or attenuation of the Rosenthal Effect by FMC Devens staff.

The approximate dates of the records described above are from March 10, 2004 to April 6, 2006.

11

Tereshchuk FOIA Request Page 4

The following five categories of requested records are non-personal records and are located at FMC Devens under the control of Dr. Fletcher, Dr. Sonnigan, Dr. Haas, and Dr. Riggs.

1) All of the psychological/psychiatric tests and risk assessment instruments administered at FMC Devens to prisoners undergoing psychological/psychiatric evaluation, including but not limited to the questions, answers, explanatory answers, plates, images, manuals, guides, and software, as well as the records indicating the validity, reliability, and applications of the following tests and risk assessment instruments:

    a) Minnesota Multiphasic Personality Inventory-2 (MMPI-2)

    b) Thematic Apperception Test (TAT)

    c) Violence Risk Appraisal Guide (VRAG)

    d) Hare Psychopathy Checklist - Revised (PCL-R)

    e) Historical Cinical Risk Management (HCR-20)

    f) Level of Service Inventory (LSI-R)

    g) Wechsler Adult Intelligence Scale (WAIS)

    h) Weshsler Abbreviated Scale of Intelligence (WASI)

2) VCR cassette tape entitled "How to Irritate People" which is displayed in Dr. Fletcher's office in room N2904 at FMC Devens.

3) All of the shells used for report writing from the computers used by Dr. Fletcher, Dr. Sonnigan, Dr. Riggs, and Dr. Haas and Dr. Amy Taylor.

4) All of the risk assessment reports written about prisons (with identifying details redacted) that are stored on the computers used by Dr. Fletcher, Dr. Sonnigan, Dr. Haas, and Dr. Riggs.

5)  The complete list of "favorites," all "cookies," and the address books from the computers used by Dr. Fletcher, Dr. Sonnigan, Dr. Haas, Dr. Riggs, and Warden Winn.

The balance of the requested records, which are not personal records, can be found in the Bureau of Prisons office in Washington, D.C.

1)  All program statements and policy statements including the indices thereto,

2)  All indices to:  a) all reading room records.

b) all electronic reading room records.

3)  All indices of all major information systems of the BOP as well as the handbook for obtaining various types and categories of public information from the agency pursuant to Chapter 35 of Title 44, and the Freedom of Information Act.

4)  All policy statements and interpretations not published in the Federal Register.

5)  All district court decisions, opinions, and orders that are in the possession and control of the BOP and have been adjudicated subsequent to January 1, 1976.

6)  The BOP phone directory and e-mail list.

My previous address was 4606 21st. Street, Mt. Rainier, MD. 20712.

I swear and affirm under penalty of perjury that the information in this document is correct in accordance with 28 U.S.C.A. Section 1746.

Date: _April 6, 2006_

Respectfully Submitted,

Myron Tereshchuk
#47510-083

13