UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 1 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MYRON TERESHCHUK, Pro-se   )
                           )
            Plaintiff,     )
                           )
        v.                 )  Civil Action No. 06-1031(RWR)
                           )
BUREAU OF PRISONS          )
                           )
            Defendant.     )
_____)

### PLAINTIFF'S FIRST OPPOSITION TO DEFENDANT'S FIRST MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff opposes Defendant's motion on the grounds that it is dilatory, not well-grounded in fact or warranted by existing law, made in bad faith, and absolutely deficient in the requirement of a showing of good cause.  The Freedom of Information Act explicitly states that "Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C).  The Defendant did not present a showing of good cause for the enlargement of time and Plaintiff will be prejudiced if Defendant is given the enlargement of time.

Just one working day before a responsive pleading was due, Defendant's Counsel filed its motion for an enlargement of time to respond to Plaintiff's Complaint and stated in the motion that, 1) "The Agency requires an additional period to provide information to support a response to Plaintiff's complaint. Without such information, the undersigned counsel is unable to draft a response to Plaintiff's Complaint on Defendant's behalf." 2) "Additionally, Defendant's Counsel will be on leave during the week of July 31."

The Defendant's Counsel did not provide any explanation for the Agency's failure to provide her with the information within the time limit mandated by Congress in the Freedom of Information Act, 5 U.S.C. § 552. Absolutely no explanation was given for the Defendant to pursue its defense with due diligence. This Court has previously denied the defendant's motion for an extension of time to file an answer when the defendant requested an enlargement of time in order to secure the administrative record before a

before a response could be made. <u>Johnson v. Secretary, H. & H. Services</u>, 587 F.Supp. 1117, 1119 (D.D.C. 1984). In the instant matter, Defendant's Counsel did not explain the reason for the Defendant's failure in providing the information necessary to support a response to the Complaint. Absolutely no good cause was shown for what appears to be the result of bureaucratic dereliction of duty.

Furthermore, Defendant's Counsel's statement regarding a leave of absence beginning three (3) weeks after the response was due is simply not good cause. Again, no explanation was provided for the leave and the Court should not take a break merely because Defendant's Counsel decides to do so. This Court was infuriated in <u>Johnson v. Secretary, H. & H. Services</u>, at 1120, and denied the Defendant an Enlargement of Time relating to a vacation backlog. In <u>Johnson</u>, the plaintiff's subsistence depended on him being free from tardy pleadings, whereas in the instant matter, the Plaintiff's liberty as well as physical and psychological health are at stake

and Plaintiff will be seriously prejudiced by Defendant being granted an enlargement of time to respond. There is no possible way for Plaintiff to mitigate the harm that will result from the continued withholding of information, including personal information, that is the subject of this litigation.

Plaintiff is in dire need of his Personal Records in order to appeal his wrongful conviction and Defendant has resorted to dilatory tactics, in bad faith, to prevent Plaintiff from reversing his sentence. The Defendant's Counsel knows that Plaintiff is a federal prisoner, yet cavalierly alluded to that fact in a footnote to Defendant's Motion that this Court's Local Rules do dot require her to confer with Plaintiff. In other words, Defendant will not defend this controversy with due diligence if there is something in this Court's Local Rules that will permit Defendant to act with gross neglect, and present a defense less than meritorious. Plaintiff should not suffer greater harm so that Defendant may enjoy the luxury of time.

Finally, the Defendant's First Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint and Memorandum in Support Thereof gives the Defendant the appearance of soliciting this Court for gratuitous partiality in that by omitting a showing of good cause, the Defendant does not permit this Court to exercise its discretion. Without the need of this Court to exercise its discretion, the Defendant cannot be prejudiced and the Motion for Enlargement of Time must be denied.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2).

Executed on July 13, 2006

by *[signature]*

Myron Tereshchuk, Pro-se
Reg. No. 47510-083
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of July, 2006, I caused a copy of the foregoing **PLAINTIFF'S FIRST OPPOSITION TO DEFENDANT'S FIRST MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF** to be served on Defendant by first class mail, postage prepaid, with certified mail receipt and return receipt, addressed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 Fourth Street, N.W., Suite E-4915
Washington, D.C. 20530

by delivering the document to the unit secretary in Room N2126, F.M.C. Devens, Ayer, Massachusetts 01432, as outgoing legal mail, for deposit into the U.S. Mail.

Myron Tereshchuk, Pro-se
Reg. No. 47510-083; Unit N-5
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432