UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MYRON TERESHCHUK, pro-se        )
                                )
         Plaintiff,             )
                                )
    v.                          )   Civil Action No.: 1:06-cv-1031 (RWR)
                                )
BUREAU OF PRISONS               )
                                )
         Defendant.             )
_____)

**MOTION FOR ENTRY OF DEFAULT**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Myron Tereshchuk, Plaintiff, pro-se, respectfully moves for an order directing the Clerk of Court to make an Entry of Default against Defendant. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." F.R.C.P. 55(a).

The Plaintiff has been prejudiced by the Defendant's improper withholding of private and public records that were requested to be disclosed under the Freedom of Information Act and the Privacy Act. The prejudice against Plaintiff will be exacerbated for a number

of reasons as set forth below and in the Affidavit in Support of Motion for Entry of Default. The Defendant has not provided the necessary showing of "good cause" as is required by the Freedom of information Act, 5 U.S.C. § 552(a)(4)(C) which states that "Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs **for good cause shown.**" [emphasis added]

The Defendant did not provide a showing of good cause and merely stated two pretexts for wanting an enlargement of time to respond. The Defendant's Counsel did not provide an explanation for the reason Defendant failed to provide its Counsel with the information necessary for its Counsel to respond to Plaintiff's Complaint. By not providing this Court with the reason for Defendant not providing its Counsel with the necessary information, e.g. the Defendant's employees are on vacation, the Defendant needs additional time to harass Plaintiff into revealing information,

computer problems, or the like, an attempt at a showing of good good cause was simply not made.

Defendant's second pretext for an enlargement of time to respond to Plaintiff's Complaint is similarly deficient in a showing of good cause. Defendant's Counsel's notice that she will be on leave on the week of July 31 does not excuse her from responding to Plaintiff's Complaint three (3) weeks prior to July 31 when the response was due. Furthermore, Defendant's Counsel did not provide an explanation for the leave and left it to the Court to speculate as to the purpose of the leave. Regardless, a vacation or personal time off from work is not good cause and the Defendant's Counsel did not provide an explanation for the upcoming leave. <u>Johnson v. Secretary, H. & H. Services</u>, 587 F.Supp. 1117, 1120 (D.D.C. 1984). Without an explanation for the leave, the Defendant's Counsel's notice to the Court does not satisfy the statutory requirement of the Freedom of Information Act that the Defendant make a showing of good cause. 5 U.S.C. § 552 (a)(4)(C).

Without an Entry of Default against Defendant, the Plaintiff will be prejudiced in several ways and will experience greater harm than Defendant possibly could. The Affidavit in Support of Motion for Entry of Default lists all of the ways Plaintiff will be prejudiced and are listed in what Plaintiff believes to be the order of greatest prejudice to the least. There exists no way for Plaintiff to mitigate the prejudices and an Entry of default is appropriate. <u>Morales v. Secretary, H. & H. Services</u>, 103 F.R.D. 380 (D.C.P.R. 1984).

In conclusion, because Defendant did not respond to Plaintiff's Complaint as required by the F.O.I.A., 5 U.S.C. § 552(a)(4)(C) notwithstanding Rule 12(a)(3)(A), but instead submitted a dilatory motion and subsequently engaged in vexatious activity, an Entry of Default against Defendant is warranted by the circumstances.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2) as well as 28 U.S.C. § 1746.

Respectfully Submitted,

Date: July 20, 2006

*[signature]*
MYRON TERESHCHUK, Pro-se
Reg. No. 47510-083

## CERTIFICATE OF SERVICE

This is to certify that on this __20__ day of __July__, 2006, I caused a copy of the foregoing **MOTION FOR ENTRY OF DEFAULT** and **AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT**, to be served on Defendant by first class mail, postage prepaid, with certified mail receipt and return receipt, addressed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
Washington, D.C. 20530

by delivering the documents to the unit secretary in Room N2126, F.M.C. Devens, Ayer, Massachusetts 01432, as outgoing legal mail, for deposit into the U.S. Mail.

Myron Tereshchuk, Pro-se
Reg. No. 47510-083; Unit N-5
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
)
Plaintiff, )
)
v. ) Civil Action No. 06-1031(RWR)
)
BUREAU OF PRISONS )
)
Defendant. )
_____)

**ORDER**

UPON CONSIDERATION of Plaintiff's **Motion for Entry of Default** and **Affidavit in Support of Motion for Entry of Default**, it is by the Court this _____ day of _____, 2006, hereby

ORDERED that Plaintiff's motion be and hereby is **GRANTED**;

SO ORDERED.

> _____
> UNITED STATES DISTRICT JUDGE
> FOR THE DISTRICT OF COLUMBIA

Copies to:

Beverly M. Russell, Esq.
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

Myron Tereshchuk, Pro-se
Reg. No. 47510-083; Unit N-5
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432