RECEIVED

JUL 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se  )
                          )
            Plaintiff,    )
                          )
      v.                  ) Civil Action No. 06-1031(RWR)
                          )
BUREAU OF PRISONS         )
                          )
            Defendant.    )
_____)

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR ENTRY OF DEFAULT

1. Plaintiff submits this Affidavit in Support of the Motion for Entry of Default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

2. Plaintiff is a federal prisoner being held in custody of the Defendant, Bureau of Prisons, at F.M.C. Devens.

3. Upom admission to F.M.C. Devens, Plaintiff was greeted by Dr. James Fletcher who advised Plaintiff that failure to cooperate with an eighteen (18) month long psychological evaluation will lead to Plaintiff being immediately transferred to a violent prison.

4. As a result of Dr. Fletcher's duress, Plaintiff agreed to the demand after being further advised that Plaintiff had

the option of ceasing participation in the psychological evaluation and being discharged by making a written request to the warden.

5. Plaintiff sent the warden of F.M.C. Devens, on April 3, 2006 a letter objecting to bing evaluated and/or treated at F.M.C. Devens or any other B.O.P. medical facility. The Plaintiff also requested to be transferred to Butner, F.C.I. as originally ordered by the Federal Court for the Eastern District of Virginia.

6. David L. Winn, Warden of F.M.C. Devens, responded to Plaintiff's letter on May 11, 2006, and stated that, "This is in responce to your Inmate Request to Staff Member wherein you request to be transferred from F.M.C. Devens to F.C.I. Butner. Investigation into your request revealed that your discharge is complete and is pending approval by Central Office. Please be advised, placement following discharge from F.M.C. Devens will be determined by the Office of Medical Designations and Transportation. I trust this is responsive to your request."

7. Subsequently, at the last one-on-one monthly meeting that

Plaintiff had with Dr. Fletcher, Plaintiff was advised that Plaintiff will be required to attend future one-on-one and group meetings regardless of Plaintiff's discharge.

8. Plaintiff is being psychologically evaluated as a result of the duress perpetrated by Dr. Fletcher when Plaintiff was admitted to F.M.C. Devens.

9. At the March 20, 2006, at a one-on-one meeting, Plaintiff was informed by Dr. Fletcher that unless Plaintiff cooperates in the psychological evaluation and voluntatily agrees to the administration of antipsychotic medication, he will submit a negative report to Plaintiff's future supervised release officer.

10. At the first meeting that Plaintiff had with his case manager, Ms. Benet-Rivera, Plaintiff was given a document to sign that Ms. Benet-Rivera claimed to be a "Recreational Therapy Consent Form." Upon inspecting the form, it became apparent to Plaintiff that the form he was given to sign listed several drugs by name, including Haldol and the form was actually an "Informed Consent Form" that is provided to psychiatric patients to sign only after

3

they have been given complete and accurate information regarding antipsychotic medication by a licensed psychiatrist. Ms. Benet-Rivera is neither a licensed psychiatrist nor had she provided the plaintiff with the necessary information necessary to obtain Plaintiff's signature on a consent form for the administration of antipsychotic medication.

11. On a prior occassion at a group meeting, Dr. Fletcher attempted to obtain Plaintiff's signature on a multi-page attendance form, but when Plaintiff examined the document, he noticed that it was the same form that Ms. Benet-Rivera wanted Plaintiff to sign, and therefore, Plaintiff refused to provide his signature. However, when Plaintiff was examining the form, Ms. Rasmussen walked to a telephone that was situated directly behind the Plaintiff and began fumbling around. Plaintiff ignored her and told Dr. Fletcher that he refused to sign the consent form for the administration of antipsychotic medication which Dr. Fletcher claimed was an attendance form. Dr. Amy Taylor was present at the meeting and observed everything.

11. On July, 10, 2006, while Plaintiff was in the main compound library assisting an inmate with legal issues, Dr. Sonniga and Nurse Davis entered the library and demanded that Plaintiff attend a group meeting immediately. On the way to the meeting, Dr. Sonniga asked several questions regarding the instant litigation and hinted that it should be dismissed.

12. The group meeting was held in room N2919 of N Building of F.M.C. Devens. It was attended by Dr. Fletcher, Dr. Taylor, Dr. Haas, Dr. Riggs, Dr. Sonniga, Ms Rasmussen, and Mr. Allen. Dr. Taylor engaged in most of the discussion with Plaintiff and her initial questions were about the instant litigation. Dr. Riggs also asked questions about the instant litigation and then procedded to inquire about Plaintiff's appeal to the Fourth Circuit. Plaintiff avoided answering these questions as best as he could. However, it was indicated to Plaintiff that Plaintiff will not be provided with some of the requested information. Throughout what appeared to be a deposition, neither the attorneys for the Defendant, nor a court reporter were present. When leaving the meeting, Plaintiff

5

advised that there will be more meetings in the future like the one Plaintiff just attended.

13. Dr. Fletcher, Dr. Taylor, Dr. Hass, Dr. Sonniga, Dr. Riggs, Ms. Rasmussen, and Mr. Allen are all mentioned in the F.O.I.A. Request that is the subject of this proceeding as the Defendant's employees who have control over the requested records.

14. Dr. Fletcher has repeatedly been trying to convince Plaintiff to agree to the administration of antipsychotic medication but refused to provide the Plaintiff with a diagnosis of why the medication is necessary. Dr. Fletcher advised Plaintiff that he did not know which medications to prescribe to Plaintiff but that the initial dosages would be low and with experimentation, the perfect medication will be found.

15. If Plaintiff is not granted the requested Motion for Entry of Default, he will be prejudiced in the following ways:

* Plaintiff will not be able to submit information to the Fourth Circuit at which he currently has a pending appeal.

* Plaintiff will not be able to make an appeal under 28 USC § 2255

regarding Plaintiff's sentence.

\*  Plaintiff will need the information to obtain a restraining order under Rule 65 of the Federal Rules of Civil Procedure against Dr. Fletcher et al.

\*  Plaintiff will not be able to assist the ethics disciplinary disciplinary boards and licensing authorities for psychiatrists and psychologists regarding the events and circumstances at F.M.C. Devens, and there is a strong public interest that he be able to do so without the Defendant protracting this litigation needlessly with dilatory motions.

\*  Plaintiff will be injured because he will not be able to gain access to his diagnosis and reports regarding future treatment.

\*  Plaintiff will be prejudiced because he will not have access to what his custody level is and as a result, will have difficulty lowering it.

\*  Plaintiff will be prejudiced because he will be denied access to his medical records and he has been classified as "chronic care."

\* Plaintiff needs the information so that he may file a § 1983 Civil Rights Action against Defendant and its employees.

\* Plaintiff will be prejudiced because the legal material that was requested will remain undisclosed and used against Plaintiff and the public as "secret law."

\* Plaintiff will not be able to know his own psychological diagnosis and will not be able to know whether the diagnosis was tainted as a result of "confirmation bias."

\* Plaintiff will not be able to secure better living conditions as a result of Defendant artificially raising Plaintiff's custody level.

\* Plaintiff will not be given access to information that is needed to assist fellow inmates in the preparation of pleadings and other legal documents so that they will have access to the courts.

The Plaintiff, Myron Tereshchuk, Pro-se, declares under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2) as well as 28 U.S.C. § 1746.

Respectfully Submitted,

Date: July 20, 2006

MYRON TERESHCHUK, Pro-se
Reg. No. 47510-083

8