UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se    )
                            )
           Plaintiff,       )
                            )
     v.                     )   Civil Action No.: 1:06-cv-1031(RWR)
                            )
BUREAU OF PRISONS           )
                            )
           Defendant.       )
_____)

**MOTION FOR INTERLOCUTORY INJUNCTIVE RELIEF**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff, Myron Tereshchuk, pro-se, respectfully moves this Court to issue an interlocutory injunctive relief against the Defendant to prevent the Defendant's officers, employees, agents, and all others who are in active concert and participation with Defendant from the continued acts of duress, harassment, and overbearing conduct that has been directed toward Plaintiff regarding this proceeding. The injunction is warranted as a result of Defendant's officers and employees voicing their intention to interrogate Plaintiff about this proceeding in the immediate future.

The injunction is needed to prevent irreparable harm to Plaintiff by Defendant's employees' immenent harassment and

malicious interference in the instant proceeding. If the injunction is not granted, Plaintiff will suffer irreparable harm as a result of Defendant compromising this proceeding by needlessly and vexatiously probing Plaintiff with inquiries regarding the motives behind this proceeding, as well as demanding answers to questions which are outside the scope of discovery when discovery is permitted in F.O.I.A. litigation. The Defendant has a prior history of interfering in Plaintiff's currently pending litigation at the Federal Fourth Circuit and has voiced its intentions to do likewise in this proceeding in the immediate future.

However, if the injunctive relief is granted, Defendant will not suffer harm because the questioning of the Plaintiff is under duress and is a violation of Plaintiff's Fifth Amendment rights under the U.S. Constitution. The Plaintiff has the right to be free from being compelled by Defendant to submit to responding to inquiries in which effect will be made to determine Plaintiff's psychological processes. Schmerber v. California, 384 U.S. 757, 764 (1966).

On March 12, 2006, two days after Defendant's answer or response was due to Plaintiff's Complaint, Defendant's employees coerced Plaintiff to attend a meeting where Plaintiff was interrogated regarding this proceeding. Although ostensibly the meeting was a psychological evaluation of Plaintiff, the first questions asked of Plaintiff were about the F.O.I.A. Request that is central to this proceeding. All of the individuals at the meeting (except for Nurse Davis) are named in the F.O.I.A. Request as having control over the personal records Plaintiff seeks disclosure. These employees of Defendant are Dr. Fletcher, Dr. Haas, Dr. Taylor, Dr. Riggs, Dr. Sonniga, Ms. Rasmussen, and Mr. Allen. All of these individuals were informed by Plaintiff that he did not want to be interrogated. Before Plaintiff even entered the meeting, Dr. Sonniga hinted that this proceeding should be dismissed. At the meeting, Dr. Taylor asked most of the questions and the first ones were about the F.O.I.A. Request and the reasons for filing the Complaint. The questions were not appropriate and had nothing to do with settlement negotiations.

Dr. Riggs demanded to know the details of the Plaintiff's appeal to the Fourth Circuit and Plaintiff refused to provide any information at the risk of Dr. Riggs writing a negative report about Plaintiff. Dr. Fletcher is putatively Plaintiff's doctor of record and he merely observed the meeting without saying a word. Throughout the entire meeting, neither Defendant's Counsel nor a Court Reporter were present.

It is axiomatic that a party which is represented by counsel must not circumvent the counsel's representation and intimidate the opposing party by a forceful interrogation that has nothing to do with settlement. Indeed, there is a public interest against such overreaching by a party who wields superior bargaining strenght against a pro-se litigant.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2) as well as 28 U.S.C. § 1746.

Respectfully Submitted,

July 24, 2006

/Myron Tereshchuk/
MYRON TERESHCHUK
Reg. No. 47510-083

## CERTIFICATE OF SERVICE

This is to certify that on this 24 day of July, 2006, I caused a copy of the foregoing **MOTION FOR INTERLOCUTORY INJUNCTIVE RELIEF** and **AFFIDAVIT IN SUPPORT OF MOTION FOR INTERLOCUTORY INJUNCTIVE RELIEF** to be served on Defendant by first class mail, postage prepaid, with certified mail receipt and return receipt services, addressed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

by delivering the document to the unit secretary in Room N2126, F.M.C. Devens, Ayer, Massachusetts 01432, as outgoing legal mail, for deposit into the U.S. Mail.

Myron Tereshchuk, Pro-se
Reg. No. 47510-083; Unit N-5
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
)
        Plaintiff, )
)
    v. ) Civil Action No.: 1:06-cv-1031(RWR)
)
BUREAU OF PRISONS )
)
        Defendant. )
)

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR INTERLOCUTORY INJUNCTIVE RELIEF

1. The Plaintiff, Myron Tereshchuk, appearing pro-se, submits this Affidavit in accordance with Rule 65 of the Federal Rules of Civil Procedure in order to have this Court issue an injunction against the Defendant, Bureau of Prisons, enjoining Defendant, its officers, employees, agents, and all those acting in concert or participation with Defendant from the continuing harassment and interrogations of Plaintiff regarding this proceeding.

2. The injunction is necessary in order to prevent irreparable harm to Plaintiff by overbearing conduct by Defendant and to maintain the decorum of this Court.

3. The Plaintiff is a federal prisoner in the custody of the Defendant, Bureau of Prisons, at F.M.C. Devens.

4. The Plaintiff is before this Court seeking injunctive and declatory relief regarding the disclosure of personal and public records improperly withheld by the Defendant.

5. On July 12, 2006, while Plaintiff was in the main compound library, Dr. Sonniga and Nurse Davis entered the library and demanded that Plaintiff attend a group meeting immediately. On the way to the meeting, Dr. Sonniga asked several inappropriate questions regarding this proceeding, e.g., why the Plaintiff is litigating, and hinted that this proceeding should be dismissed.

6. The group meeting was held in Room N2919 of N Building of F.M.C. Devens.  It was attended by Dr. Fletcher, Dr. Taylor, Dr. Haas, Dr. Riggs, Dr. Sonniga, Ms. Rasmussen, and Mr. Allen. Dr. Taylor engaged in most of the discussion with Plaintiff and the first questions asked of Plaintiff were about the instant proceeding.  Dr. Riggs also asked questions about this proceeding and then proceeded to inquire about the Plaintiff's appeal to the Fourth Circuit.  Plaintiff avoided answering these questions as best he could.  However, it was indicated to Plaintiff that he will

not be provided with some of the requested information and will need to pay for the copies before disclosure is made. Throughout what appeared to be a deposition-like interrogation, neither the attorneys for the Defendant, nor a court reporter were present. When leaving the meeting, Plaintiff was advised that there will be more meetings in the future like the one Plaintiff was forced to attend.

7. All of the individuals at the meeting, with the exception of Nurse Davis, are named in the F.O.I.A. Request, that is at issue in this proceeding, as the employees of the Defendant who have control over Plaintiff's personal records. In fact, they are responsible for the creation of most of those records.

8. The Plaintiff has been warned that he will be disciplined for refusing to attend the meetings in the future. The meetings are being used to learn of Plaintiff's status and strategies in his pending legal actions and there is no legal basis to order the Plaintiff to attend the meetings. The Defendant has been gratuitous in coercing Plaintiff to attend meetings presided by

Dr. Fletcher.

9. Without this Court issuing an injunction against Defendant, the Plaintiff will have no alternative remedy to prevent the Defendant from interfering in Plaintiffs affairs throughout the course of this proceeding.

10. The Plaintiff cannot go through an administrative remedy procedure with Defendant because it will be futile in the sense that the irreparable harm to Plaintiff will occur before Plaintiff will be allowed to exhaust his administrative remedies.

11. Defendant will not be harmed with the issuance of an injunction because Defendant has been continuously violating Plaintiff's Fifth Amendment rights to the U.S. Constitution by the fabrication of a factually inaccurate mental health history compiled by Dr. Fletcher et al, through acts of coersion and duress against the Plaintiff.

The Plaintiff , Myron Tereshchuk, appearing pro-se, declares under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2) and 28 U.S.C. § 1746.

Respectfully Submitted,

Dated July 24, 2006

Myron Tereshchuk, Pro-se
47510-083

4