UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
Reg. No. 47510-083 )
F.M.C. Devens )
P.O. Box 879 )
Ayer, Massachusetts 01432 )
 )
      Plaintiff, )
 )
    v. )  Civil Action No. 06-cv-1031(RWR)
 )
BUREAU OF PRISONS )
Director )
320 First Street, N.W. )
Washington, D.C. 20534 )
 )
      Defendant. )

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT
FOR INJUNCTIVE AND DECLATORY RELIEF**

Plaintiff moves this Court to accept the filing of a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure. The supplemental complaint, a supporting memorandum, and a proposed order are attached.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2) as well as 28 U.S.C. Section 1746.

Respectfully Submitted,

Dated August 2, 2006

Myron Tereshchuk, Pro-se
Reg. No. 47510-083

RECEIVED
AUG 7 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
Reg. No. 47510-083 )
F.M.C. Devens )
P.O. Box 879 )
Ayer, Massachusetts 01432 )
                          )
          Plaintiff,      )
                          )
     v.                   )   Civil Action No. 06-cv-1031(RWR)
                          )
BUREAU OF PRISONS         )
Director                  )
320 First Street, N.W.    )
Washington, D.C. 20534    )
                          )
          Defendant.      )
_____)

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL COMPLAINT FOR
INJUNCTIVE AND DECLATORY RELIEF

The Plaintiff moves this Court to accept his supplemental complaint for injunctive and declatory relief under Rule 15(d) of the Federal Rules of Civil Procedure. Rule 15(d) states in relevant part, that

> [u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

Fed. R. Civ. P. 15(d). A motion for leave to file a supplemental pleading is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party. See, e.g., LaSalvia v. United Dairymen, 804 F.2d 1113, 1119 (9th Cir. 1986), cert. denied, 107 S.Ct. 3212 (1987); C. Wright and A. Miller, Federal Practice and Procedure Section 1504, at 542-43 (1971).

In a past F.O.I.A. proceeding in this Court, the plaintiff was permitted to supplement his complaint after his premature filing of a complaint against nine (9) agencies whereas he had exhausted his administrative remedies for only two (2) of them when he filed his original complaint. The Court permitted the supplemental complaint because it promoted the economic and speedy disposition of the controversy between the parties, did not cause undue delay or trial inconvenience and nobody was prejudiced.

2

Judicial Watch, Inc. v. U.S. Dept. of Energy, et al., 191 F.Supp.2d 138, 139 (.D.C. 2002).

The goal of Rule 15(d) is to establish a "liberal policy favoring a meritorious based resolution of the entire controversy." Eison v. Kallstrom, 75 F.Supp.2d 113, 115 (S.D.N.Y. 1999), Katzman v. Sessions, 156 F.R.D. 35, 38 (E.D.N.Y. 1994). In the instant action, the supplemental complaint and the original complaint are intertwined with respect to the categories of information that is being withheld from the Plaintiff, the locations of the records, the overlapping Privacy Act claims, and the substantially similar allegations in both complaints. Indeed, the information requested in all three F.O.I.A. requests are intertwined in the ongoing proceeding before the Court and the allegations of the supplemental complaint arise out of the same transactions and occurrences as those in the original complaint. Hawaii Longline v. National Marine Fisheries Serv., 281 F.Supp.2d 1, 21 (D.D.C. 2003).

In a F.O.I.A. action brought pro se against the Federal Bureau of Investigation, the plaintiff's motion to supplement his complaint

3

to assert additional claims based on alleged F.O.I.A. violations which occurred after the filing of the original complaint, was granted in accordance with Rule 15's policy favoring resolution of the entire controversy between parties. Katzman v. Freeh, 926 F.Supp. 316 (E.D.N.Y. 1996).

This Court has also permitted a plaintiff to add six F.O.I.A. claims in an amended complaint, but noted that further attempts to amend would be disallowed in order to prevent the plaintiff from advancing a never ending case by perpetuating his complaint to add the latest F.O.I.A. request. Alnutt v. United States Trustee, No. 97-02414, slip opinion at 8 (D.D.C. July 31, 1999), appeal dismissed for lack of juris., No. 99-5410 (D.C. Cir. 2000).

However, there are times when courts do not grant the filing of supplemental complaints, such as when there is no nexus between the original and supplemental complaints. In an action regarding the denial of a F.O.I.A. request, a district court did not err in denying a motion to file a supplemental complaint involving the denial of a second F.O.I.A. request where the plaintiffs stated

in their motion that the second request was not in any way connected with or subject to the pending case. In Re Wade, 969 F.2d 241, 248 (7th Cir. 1992). Different requests must be pursued in separate actions. Nash v. U.S. Dept. of Justice, 992 F.Supp. 447, 449 (D.D.C. 1998).

Plaintiff's only available alternative remedy regarding the adjudication of the supplemental complaint is to bring a separate action. A second proceeding would be uneconomical, inefficient, prejudicial to the Defendant, and duplicative of the claims in this proceeding.

In conclusion, because the Defendant has not yet served a responsive pleading to the original complaint and there has been no undue delay by the Plaintiff, the Defendant will not be prejudiced by Plaintiff being permitted to file the supplemental complaint. The supplemental complaint contains transactions, occurences, and events that happened subsequent to the original complaint. Both complaints are intertwined in related allegations and the filing of the subsequent complaint will promote the just

5

disposition of the controversy between the parties and conserve judicial economy.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2) as well as 28 U.S.C.S. Section 1746.

Respectfully Submitted,

Dated: *August 2, 2006*

*/s/ Myron Tereshchuk/*
Myron Tereshchuk, Pro-se
Reg. No. 47510-083

CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of August, 2006, I caused copies of the foregoing SUPPLEMENTAL COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, and the MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, to be served on Defendant by first class mail, postage prepaid, with certified mail receipt and return receipt services, addressed to:

BEVERLY M. RUSSELL, ESQ.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

by delivering the documents to the unit secretary in Room N2126, F.M.C. Devens, Ayer, Massachusetts 01432, as outgoing legal mail, for deposit into the U.S. Mail.

_____
Myron Tereshchuk, Pro-se
Reg. No. 47510-083
F.M.C. Devens; Unit N-5
P.O. Box 879
Ayer, Massachusetts 01432