UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
Reg. No. 47510-083 )
F.M.C. Devens )
P.O. Box 879 )
Ayer, Massachusetts 01432 )
)
       Plaintiff, )
)
    v. )  Civil Action No. 06-cv-1031(RWR)
)
BUREAU OF PRISONS )  Jury Trial Demanded
Director )
320 First Street, N.W. )
Washington, D.C. 20534 )
)
       Defendant. )
_____)

SUPPLEMENTAL COMPLAINT FOR
INJUNCTIVE AND DECLATORY RELIEF

1. This document is a supplemental complaint, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, to a civil action brought under the Freedom of Information Act, 5 U.S.C.S. Section 552, and the Privacy Act, 5 U.S.C.S. Section 552a, for injunctive and declatory relief regarding the improper withholding of agency records from the Plaintiff.

2. This Court has jurisdiction pursuant to the Freedom of Information Act, 5 U.S.C.S. Section 552(a)(4)(B), the Privacy Act 5 U.S.C.S. Section 552a (g)(1), 28 U.S.C.S. Section 1331(a), and the First and Sixth Amendments to the United States Constitution.

3. Venue is proper in this district pursuant to the Freedom of Information Act, 5 U.S.C. Section 552(a)(4)(B), the Privacy Act, 5 U.S.C Section 552a(g)(5), and 28 U.S.C. Sections 1391 and 1402.

4. Plaintiff, Myron Tereshchuk, is a member of the public and is incarcerated at F.M.C. Devens in Ayer, Massachusetts.

5. Defendant, Bureau of Prisons, is an agency of the United States and it has control and possession of the records that disclosure, access, and inspection are sought by Plaintiff.

6. Over twenty (20) working days have passed since the Director of the Bureau of Prisons received Plaintiff's two additional Freedom of Information Act requests, by First Class Mail, combined with Certified Mail and Return Receipt services, and no responses have been made to the two requests.

7. The Defendant's failure to respond to the Plaintiff's two additional Freedom of Information Act requests has amounted to an improper withholding of agency records from Plaintiff.

8. Plaintiff has exhausted his administrative remedies with respect to the two additional F.O.I.A. requests.

9. The Plaintiff has a statutory and constitutional right to the disclosure, access, and inspection of the requested records and there is no legal or factual basis for the Defendant's improper withholding of the requested records.

10. Plaintiff has the statutory and constitutional rights to disclosure, access, and inspection of the personal records of fellow inmates after receiving a power to inspect from such inmates.

11. Defendant failed to provide Plaintiff with any notice of Plaintiff's right to file an administrative appeal or to provide Plaintiff with the provisions to seek judicial review with regards to Defendant's improper withholding of the requested records.

12. The Defendant failed to provide the Plaintiff with an opportunity to arrange an alternative time frame for the processing of the requests.

13. The Defendant failed to exercise due diligence in processing all of Plaintiff's Freedom of Information Act requests.

14. The Defendant's improper withholdings of the requested records has caused an adverse affect upon Plaintiff.

15. The Defendant's improper withholding of the requested records has resulted in the Defendant maintaining a body of secret laws.

16. The Defendant's improper withholding of the requested records has resulted in injuries to the Plaintiff.

17. The Defendant failed to provide the Plaintiff with an estimate of the costs involved in processing Plaintiff's requests.

18. The Defendant failed to notify the Plaintiff of any unusual circumstances which would have necessitated an enlargement of time to process Plaintiff's requests.

19. The Defendant failed to provide the Plaintiff with either the opportunity to limit the scope of the requests or the opportunity to reformulate the requests.

20. The Defendant's improper withholding of the requested records has promoted the secret laws that Congress sought to eradicate by enacting the Freedom of Information Act.

21. The requested records that the Defendant is improperly withholding from Plaintiff are not in the public domain.

22. The Defendant would be acting in the public interest by providing the Plaintiff with disclosure, access, and inspection of the requested records.

23. The public will be the primary beneficiary if the Defendant provides the Plaintiff with disclosure, access, and inspection of the requested records.

24. The Defendant is likely to contribute significantly to the public understanding of government operations and activities by providing the Plaintiff with disclosure, access, and inspection of the requested records.

25. The Plaintiff does not have any vested commercial interests in the requested records.

26. The Defendant has a history of improperly withholding records from the public whereas such records would likely contribute significantly to the public understanding of government operations and activities and would be in the public interest.

27. Two days after the Defendant's responce was due for the initial complaint in this proceeding, the Plaintiff was coerced

28. The Plaintiff has been undergoing a psychological evaluation, conducted under duress, ever since he was admitted to F.M.C. Devens, and the Defendant has been improperly withholding from Plaintiff all records regarding the Defendant's authority to submit Plaintiff to a forceful psychological evaluation in contravention of Plaintiff's Fifth Amendment Constitutional rights.

29. The Defendant's officers, agents, and employees have made comments to Plaintiff that they are compiling a psychological history on Plaintiff and they have shown excessive confirmation bias in there discussions with Plaintiff.

30. The Defendant's mental health staff follows the practice of relying on the raw data from psychological tests, e.g., the Minnesota Multiphasic Personality Inventory-2 (MMPI-2), that was administered to inmates who were not monitored while completing the tests, and such tests were completed by the inmates obtaining advice from fellow inmates, and the raw data of the test results show the answer choices elected by inmates not credited in taking the tests.

31. The Defendant has failed to secure psychological test materials and as a result, has promoted malingering among the inmate population at F.M.C. Devens, who are and have been undergoing psychological evaluations. Inmates want to malinger (either faking good or faking bad) so as to secure Social Security disability payments upon release for the alleged mental disorder(s) that were diagnosed at F.M.C. Devens. Confirmation bias by the psychologists makes malingering virtually impossible to detect.

32. The Plaintiff was administered the MMPI-2 in mid-December of 2005 and he was not monitored throughout the entire examination. Over one hour prior to taking the test, the Plaintiff was told the first question, which caused Plaintiff to consult the American Psychiatric Association's Diagnostic & Statistical Manual of Mental Disorders, IV-R.

33. The Plaintiff was instructed prior to starting the MMPI-2, to answer the questions in a manner as if Plaintiff was not convicted. The Defendant is improperly withholding the population data to which Plaintiff's raw data is compared to in the evaluation.

34. The Defendant has a practice whereas inmates are given documents to sign but not the time to read the documents before signing them, and such documents are sometimes "informed consent" forms that state the signer agrees with a diagnosis and agrees to the administration of antipsychotic medication.

35. The Plaintiff has been provided several documents to sign at different group meetings and has refused to sign them as a result of the documents being informed consent forms and Plaintiff was never provided informed consent throughout his incarceration at F.M.C. Devens. The last document that Plaintiff was asked to sign, without being given the time to read the document was on July 12, 2006, at a group meeting, where Plaintiff was under duress to answer questions pertaining to the instant proceeding.

36. The Defendant has been in violation of the Nuremberg Code, the Helsinki Agreement, the Ethical Principles and Code of Conduct of Psychologists of the American Psychological Association and the Massachusetts Psychological Association, as well as the ethics codes of almost all other state psychological associations.

37. The Defendant is willfully and intentionally creating and maintaining inaccurate records on Plaintiff, and in the future all psychologists who will rely on those records will not only be placed in danger of causing ethical violations, but will also be in danger of being involved in various tort actions with Plaintiff, including suits involving injunctions.

38. The Plaintiff was instructed by Defendant's employee, D. Premsingh, a correctional officer at F.M.C. Devens, that the only way Plaintiff and other inmates can obtain the most complete personal records is through the Privacy Act procedures. Plaintiff has followed those instructions and initiated this action.

39. A copy of each of the two F.O.I.A./Privacy Act requests that are at issue in this Supplemental Complaint, are appended as Exhibit B and Exhibit C.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

1. Takes jurisdiction over this cause;

2. Does not dismiss this cause without good cause, because

Defendant substantially contributed to all defects in this Supplemental Complaint, if any, by failing to provide the Plaintiff with the provisions necessary for either administrative or judicial review;

3. Permit the Plaintiff to amend the Original and/or Supplemental Complaints as necessary to cure defaults;

4. Order the disclosure, access, inspection, and copies, of each category of records requested by the Plaintiff;

5. Declare that the Defendant improperly withheld the requested records from Plaintiff and/or violated Plaintiff's First and Sixth Amendment rights;

6. Declare in a written finding that the circumstances surrounding the withholding of the requested records raises questions whether there has been arbitrary or capricious agency action and to refer the matter to Independent Counsel and to the Merit System Protection Board for investigation pursuant to 5 U.S.C.S. Section 552(a)(4)(F);

7. Order the Defendant to not retaliate against the Plaintiff;

8. Order all other and further relief as this Court deems just and proper.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff submits that this action should not be dismissed and that the Court should accept jurisdiction to the causes of action resulting from the Defendant's improper withholding of agency records from Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2), as well as 28 U.S.C.S. Section 1746.

Respectfully Submitted,

Dated: August 2, 2006

Myron Tereshchuk, Pro-se
Reg. No. 47510-083
F.M.C. Devens; Unit N-5
P.O. Box 879
Ayer, Massachusetts 01432