RECEIVED

AUG 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
)
        Plaintiff, )
)
v. ) Civil Action No. 06-1031(RWR)
)
BUREAU OF PRISONS, )
)
        Defendant. )
)

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S FIRST MOTION FOR AN ENLARGEMENT OF TIME TO FILE AN
OPPOSITION TO PLAINTIFF'S MOTION FOR INTERLOCUTORY RELIEF

    The Plaintiff, Myron Tereshchuk, appearing pro se, hereby opposes Defendant's First Motion for Enlargement of Time to File an Opposition to Plaintiff's Motion for Interlocutory Relief. This action was originally filed under the Freedom of Informastion Act, 5 U.S.C. §552, but a Motion for Interlocutory Injunctive Relief was filed by the Plaintiff to enjoin the continuing harassing and overbearing conduct by the Defendant's officers, employees, agents, and all others acting in active concert and participation with Defendant, for the duration of this proceeding. This Court has jurisdiction to enjoin the harassing and overbearing conduct by one party against the other throughout a proceeding.

The power of the courts to enjoin harassment by one party against the other in a proceeding is well recognised. <u>Lewis v S.S. Braun</u>, 534 F.2d 1115 (5th Cir. 1976).

The Plaintiff's motion for the injunction was made under Rule 65 of the Federal Rules of Civil Procedure. Furthermore, LCvR 65.1(c) provides the deadline for Defendant's response to be made within five (5) days after service. Defendant concedes that the Plaintiff's service copy of the motion seeking the injunction was not received as of August 3, 2006. However, the U.S. Postal Service's on-line tracking records accessible at USPS.com clearly indicate that the U.S. Attorney's Office has been in receipt of the motion seeking injunctive relief as of 4:37 p.m. on July 31, 2006, and the tracking number is 7004 1160 0002 3816 8605 (See Exhibit 1).

The Plaintiff served the Defendant with the Motion for Interlocutory Injunctive Relief on July 25, 2006 when Plaintiff delivered the motion to a prison employee authorized to accept legal mail from prisoners. The Motion for Interlocutory Injunctive

Relief was served on the Defendant in accordance with the "mailbox rule" for pro se prisoner pleadings. <u>Anyanwutaku v. Moore</u>, 151 F2d 1053, 1057 (D.C. Cir. 1988); <u>Houston v. Lack</u>, 487 U.S. 266, 270-71, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988). "When the date of a prisoner's filing is important, the courts will look to when the prisoner tendered the pleading to prison officials for mailing." <u>Griffin v. U.S. Parole Commission</u>, 47 F.Supp.2d 12, 14, note 3 (D.D.C. 1999). "... the pro se prisoner is forced to trust the prison authorities to mail his documents in a timely manner. The prisoner has no control over the authorities and may never know if the documents were filed in a timely manner. Unskilled in law, unaided by counsel, and unable to leave prison, his control over the processing of his documents ceases as soon as he hands it over to the prison authorities." <u>Moskovits v. Drug Enforcement Admin.</u>, 774 F.Supp. 649, 653 (D.D.C. 1991), <u>Houston v. Lack</u>, 487 U.S. 266, 271 (1988).

The Defendant erred when it moved this Court pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure. The Defendant

3

made its motion after the deadline and should have moved the Court pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure. By failing to file its motion pursuant to the correct subsection of Fed. R. Civ. P., Defendant's motion is fatally flawed and the Defendant even failed to allege that its opposition was not filed as a result of "excusable neglect." Rule 6(b) establishes a clear distinction between "requests" for extensions prior to deadlines and "motions" for extensions after a deadline, and one cannot be converted into the other without violating the Rule. Lujan v. National Wildlife Federation, 497 U.S. 871, 896 note 5, 111 L.Ed.2d 695, 721 note 5, 110 S.Ct. 3177 (1990), See also, Smith v. District of Columbia, 430 F.2d 450, 456 (D.C. Cir. 2005).

Assuming arguendo that Defendant did indeed move the Court pursuant to the correct subsection of Fed. R. Civ. P. 6, the motion is nevertheless still fatally flawed because the "good cause" that Defendant provided is insufficient to satisfy the good cause standard of Rule 6(b)(1). The showing of good cause is insufficient because Defendant merely presented conclusory allegations that

were not supported by factual data, and therefore of no relevance to the Court for use in its decision making.

The first item of good cause shown by Defendant is insufficient because the Defendant merely states that Defendant's Counsel is "away from the office," but does not substantiate the claim. The good cause was lacking in any acceptable explanation for failure to act by filing a timely opposition, and stating that Counsel had been away is simply inadequate. Wesolek v. Canadair, 838 F.2d 55 (2nd Cir. 1988).

The second item of good cause shown by Defendant is inadequate because it is merely states the what Counsel's typical duties are and does not cite to any extraordinary circumstances that would warrant an enlargement of time. Defendant's Counsel's "need to review Plaintiff's motion and to confer with the BOP about the issues raised in Plaintiff's application for a[n] injunction and then to prepare and file the response," are the kind of activities that need to be done without an enlargement of time. It is normal lawyer work that does not rise to the level of requiring an

5

enlargement of time, absent extraordinary circumstances. This second item of good cause is the result of Defendant's Counsel's unexplained leave of absence and should not be given any consideration by the Court.

The third item of good cause shown by Defendant is likewise insufficient because it is conclusory and it is axiomatic that an attorney's case load is no excuse for the failure to file timely pleadings. Contentions by attorneys that they should be excused for failing to file timely papers because of other matters in their office does not show excusable neglect. <u>United States ex rel. Robinson v. Bar Ass'n of District of Columbia</u>, 190 F.2d 664 (D.C. Cir. 1951).

The last item of good cause shown by defendant is not only inadequate, but also gratuitous, because the attack on the Plaintiff's motion with the assertions that are not normally raised in a Rule 6(b) pleading. Rather than submitting a timely opposition addressing the shortcomings of Plaintiff's motion, the Defendant chose to make claims that were not backed up by facts.

Even if Plaintiff's motion is deficient in some manner, there is a substantial likelihood of Plaintiff demontrating success on the merits. In applying the four factor test four injunctive relief, district courts employ a sliding scale under which a particularly strong showing in one area can compensate for weaknesses in other areas. <u>Al Odah v. United States</u>, 406 F.Supp.2d 37 (D.D.C. 2005). Although Plaintiff's motion is not a model of perfection, it does not need to be, because the granting of an injunction is a matter lying within the sound discretion of this Court, and such discretion is to be exercised with due regard to the peculiar facts and circumstances surrounding this case.

No ad hominem argument intended, but it appears to Plaintiff that Defendant's motion was not ~~filed~~ submitted by a member of the Bar of this Court, as required by LCvR 11.1 (Names and Addresses of Parties). This Local Rule states in relevant part that, "... All papers signed by an attorney **shall** contain the name, address, telephone number, and bar identification number of the attorney..." [emphasis added] LCvR 11.1. Peter Smith, the person

7

who moved the Court, failed to include his address, telephone number, and bar identification number with the Defendant's motion for enlargement of time. Although he signed on behalf of three attorneys, he did not provide the necessary information about himself. There are many attorneys, paralegals, and law students by the name of Peter Smith, and the Court, as well as Plaintiff, are not provided with the information necessary to identify exactly which Peter Smith submitted the Defendant's motion for enlargement of time. Furthermore, he conceded that Beverly M. Russell was absent from the office, but provided no reasons or explanations for Rudolph Contreras and Kenneth L. Wainstein not being able to timely oppose Plaintiff's motion themselves.

For the foregoing reasons, Plaintiff opposes Defendant's motion and a proposed order pursuant to LCvR 7(c) is attached.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746, as well as LCvR 5.1(h)(2).

Dated: *August 11, 2006*

Respectfully Submitted,

*Myron Tereshchuk*
Myron Tereshchuk
Reg. No. 47510-083

```
7004 1160 0002 3816 8605
```

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

MYRON TERESHCHUK A#47510-083

| | | |
|---|---|---|
| Postage | $ | 1.17 |
| Certified Fee | | 2.40 |
| Return Reciept Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.42 |

Postmark AYER MA 01432 JUL 25

Sent To: Beverly M. Russell, Esq.
Street, Apt. No.; or PO Box No. Fourth Street, Suite E-4915
City, State, ZIP+4 Washington, DC 20530

PS Form 3800, June 2002           See Reverse for Instructions

EXHIBIT 1

## CERTIFICATE OF SERVICE

This is to certify that on this _11th_ day of _August_, 2006, I caused a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S FIRST MOTION FOR AN ENLARGEMENT OF TIME TO FILE AN OPPOSITION TO PLAINTIFF'S MOTION FOR INTERLOCUTORY RELIEF**, to be served on Defendant by first class mail, postage prepaid, with certified mail receipt and return receipt services, addressed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
Washington, D.C. 20530

by delivering the document to the prison unit secretary in Room N2126, F.M.C. Devens, Ayer, Massachusetts 01432, as outgoing legal mail, for deposit into the U.S. Mail.

_/s/ Myron Tereshchuk_
Myron Tereshchuk
Reg. No. 47510-083; Unit N-5
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432