UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYRON TERESHCHUK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-1031(RWR) |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR INTERLOCUTORY INJUNCTIVE RELIEF

The pro se prisoner plaintiff brought this suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552, seeking a broad range of Bureau of Prison ("BOP") documents as related to or regarding him including his medical and psychological records, his "Complete Inmate Central File," other BOP documents referencing plaintiff "by name or inmate registration number," e-mail records, BOP treatment notes, and "orders and instructions to staff regarding" plaintiff including those used to classify plaintiff "as being convicted of a violent offense." Pl.'s Compl., Ex. A, Privacy Act Freedom of Information Act Request. Plaintiff also sought records regarding psychological/psychiatric tests administered at the Devens Federal Medical Center where plaintiff is currently incarcerated, all risk assessment reports written about prisons stored on the computers of certain BOP staff, the complete list of "favorites," "cookies," and address books on the computers of certain BOP staff, indices of all major BOP information systems, policy statements and interpretations including those not published in the Federal Register, the BOP phone directory and e-mail list, and all "district court

decisions, opinions, and orders that are in the possession and control of the BOP and have been adjudicated subsequent to January 1, 1976."

Since filing his underlying FOIA suit, plaintiff has sought relief from this Court in the form of default judgment and "interlocutory injunctive relief." Defendant opposed the former on August 8, 2006 and herein opposes the latter. Plaintiff specifically seeks an order from the Court preventing BOP staff and agents from harassing plaintiff and interrogating plaintiff about this proceeding. Pl.'s Mot. Interlocutory Injunctive Relief, at 1. Plaintiff avers that a psychological evaluation was ostensibly used by BOP staff as a means to question plaintiff about this proceeding. Id. at 2. Plaintiff alleges that such questioning was a violation of his Fifth Amendment rights under the Constitution. Id. at 2. For reasons stated below, plaintiff's motion for interlocutory injunctive relief should be denied.

## ARGUMENT

**A.    Plaintiff Failed to Exhaust His Administrative Remedies as Required by the Prison Litigation Reform Act.**

The Prison Litigation Reform Act ("PLRA") states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Supreme Court has consistently held that prisoners are bound by this requirement.

In Booth v. Churner, 531 U.S. 731, 741 (2001), a unanimous Supreme Court held that Congress mandated completion of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief, "irrespective of the forms

of relief sought and offered through administrative avenues." See also Jackson v. District of Columbia, 254 F.3d 262, 270-271 (D.C. Cir. 2001); Smith v. Zachary, 255 F.3d 446, 451 (7th Cir. 2001); Yousef v. Reno, 254 F.3d 1214 (10th Cir. 2001); Lawrence v. Washington, Civil Action No. 03-2557(JDB), 2006 WL 1071510, *1 (D.D.C. April 21, 2006).  The Supreme Court's decision in Porter v. Nussle, 534 U.S. 516 (2002) followed Booth and, in Porter, the Court again held that ". . .exhaustion in cases covered by § 1997e(a) is. . .mandatory. . ." Id.  In June 2006, the Supreme Court reiterated that exhaustion of available administrative remedies is mandatory for prisoners seeking relief for grievances related to their incarceration.  Woodford v. Ngo, 126 S.Ct. 2378 (2006);  see also Hunter v. Corrections Corp. of America, -- F.Supp.2d --, 2006 WL 2088425 (D.D.C. July 28, 2006), citing Woodford, 126 S.Ct. 2378 ("...the requirement that a plaintiff exhaust administrative remedies may not be waived by the court, but is instead mandatory.")

> The Supreme Court, in Porter, explained the purposes behind the exhaustion requirement:
>
>> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  In other instances, the internal review might filter out some frivolous claims.  And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. at 524-525.

Additionally, exhaustion of administrative remedies *subsequent* to filing suit in district court will not do.  Medina v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).  A prisoner must

avail himself of and complete the administrative remedy process *prior* to filing suit in federal court. Id. Further, "[a] claim that pursuing a remedy will be futile is not a valid reason for not completing the administrative process." Henderson v. Federal Bureau of Prisons, Civil Action No. 05-1891(CKK), 2006 WL 1371687, *3 (D.D.C. May 15, 2006)(citations omitted).

    Relevant here, the three-level administrative remedy process used in the federal prison system and applicable to this matter is nearly identical to that at issue in Booth. See Booth, 532 U.S. at 734. In that case, the state prisoner's administrative remedy scheme consisted of an initial review by a grievance officer for investigation and resolution followed, if initial disposition proved unsatisfactory to the prisoner, by appeal to an intermediate reviewing authority with possibility of final appeal to a central review committee. See id. The Supreme Court affirmed dismissal of the case for failure by the inmate to exhaust completely his administrative remedy appeals. The Supreme Court also closed the door on any futility arguments made by the inmate, stating, "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 1825.

    The BOP administrative remedy procedure is set out at 28 C.F.R. §542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. 28 C.F.R. §542.10 et seq. Under this process, inmates shall first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within fifteen days of the date on which the basis of the complaint occurred. 28 C.F.R. §542.13. If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director. 28 C.F.R. §542.15. If the inmate is dissatisfied

with the regional response, he may file a national appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. §542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP.

Plaintiff's first step in resolving any claims related to his treatment while at Devens Federal Medical Center was to exhaust his administrative remedies under the PLRA. Plaintiff does not offer any evidence that he has done so, and given that the plaintiff argues that exhausting would be futile (see, e.g., Pl.'s Mot. for Interlocutory Injunctive Relief, Pl.'s Aff. ¶ 10), he effectively concedes that he did not exhaust available administrative remedies. As indicated above, plaintiff's plea of futility does not absolve him of the requirement to exhaust. Henderson, 2006 WL 1371687, *3. Accordingly, for reasons stated herein, plaintiff's motion for interlocutory injunctive relief should be denied.

**B.     Plaintiff's Motion Lacks Merit.**

The grant of injunctive relief is a drastic and unusual judicial measure. Marine Transp. Lines, Inc. v. Lehman, 623 F. Supp. 330, 334 (D.D.C. 1985). It is an extraordinary remedy and, as such, must be granted sparingly. Role Models America, Inc. v. White, 193 F.Supp.2d 76, 80 (D.D.C. 2002); Varicon Int'l v. Office of Personnel Management, 934 F.Supp. 440 (D.D.C. 1996). Indeed, "a court should not grant injunctive relief absent a clear and convincing showing by the moving party." Role Models America, Inc., 193 F.Supp.2d at 80. Issuance of a preliminary injunction is appropriate only if the movant clearly demonstrates that:

> (1) it has a substantial likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) other interested parties will not suffer substantial harm if the injunction is granted; and (4) the public interest will be furthered by the injunction.

Role Models America, Inc., 193 F.Supp.2d at 80; Sea Containers, Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C.Cir. 1989); see also Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C.Cir. 1958). Plaintiff does not meet any of the requirements for injunctive relief.

      First, plaintiff's motion itself is devoid of any credible argument that he is likely to succeed on the merits of his underlying claim. Notwithstanding this point, plaintiff simply cannot demonstrate a substantial likelihood of succeeding on the merits given that he has failed to exhaust administrative remedies as indicated above. See, e.g. Crenshaw v. Antokol, 238 F. Supp. 2d 107, 114-115 (D.D.C. 2002) (where procedural bases for dismissal exist, plaintiff does not enjoy a substantial likelihood of success on the merits, precluding preliminary injunctive relief); Bancoult v. McNamara, 227 F. Supp. 2d 144 (D.D.C. 2002) (potential jurisdictional and substantive challenges associated with plaintiffs' claims preclude a finding of success on the merits, ending inquiry and denying preliminary injunction); Miami Building & Construction Trades Council v. Secretary of Defense, 143 F. Supp. 2d 19, 26-27 (D.D.C. 2001) (failure to demonstrate "success on the merits" factor where procedural bases for dismissal exist, in addition to lack of irreparable harm showing supported denial of preliminary injunctive relief properly, even if plaintiffs were to prevail on remaining two factors); Hill v. Smith, No. 4:05-CV-1724, 2005 WL 2666597, *4 (M.D.Pa. Oct. 19, 2005)(pro se prisoner's motion for preliminary injunction denied for failure to exhaust administrative remedies under the PLRA.); Bartelli v. Bleich, No.Civ.A.3:CV-04-0899, 2005 WL 1216962, *4 (M.D.Pa. May 16, 2005)(prisoner must exhaust administrative remedies under the PLRA regardless of whether he is seeking monetary or injunctive relief, or both.)

Plaintiff seeks injunctive relief to prevent unspecified "irreparable harm" due to BOP employees' purported imminent harassment and interference with the instant proceeding. Pl.'s Mot. Interloctory Injunctive Relief, at 1 - 2. However, the lack of any credible argument or evidence indicating <u>actual</u> harm is another basis for denying plaintiff's motion for injunctive relief. The crux of injunctive relief has always been a showing of irreparable harm. <u>See</u> <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 506 (1959); <u>Sampson v. Murray</u>, 415 U.S. 61, 88 (1974); <u>CityFed Financial Corp. v. Office of Thrift Supervision</u>, 58 F. 3d 738, 747-48 (D.C. Cir. 1995). Further, it is uncontested that evidence of irreparable harm must be "certain and great." <u>Wisconsin Gas Co. v. FERC</u>, 758 F.2d 669, 674-675 (D.C. Cir. 1985). It must be "actual" harm, not merely speculative or theoretical. <u>Id</u>. Implicit in each of these descriptions is the requirement that the movant substantiate that the irreparable injury is "likely" to occur. <u>Wisconsin Gas Co.</u>, 758 F.2d at 674-675. Bare allegations of what is likely to occur is not enough: the plaintiff must "provide proof that the harm has occurred in the past, and is likely to occur again," or must introduce "proof indicating that the harm is certain to occur in the near future, " and that the harm will directly result from the action sought to be enjoined. <u>Id.</u>

Plaintiff fails to put forth any evidence demonstrating the type of harm required for a preliminary injunction. Although plaintiff claims that an injunction is required to address defendant's alleged "malicious interference" with the instant proceeding and to "maintain the decorum of this Court[,]" , Pl.'s Mot. at 1 - 2 and Pl.'s Aff. ¶ 2, these are insufficient bases upon which to grant the extraordinary relief of an injunction. In <u>Torres v. Viscomi</u>, No. 3:03CV796(SRU)(WIG), 2004 WL 1348225 (D.Conn. June 14, 2004), the U.S. District Court for the District of Connecticut denied an injunction in a case in which the <u>pro se</u> prisoner alleged

that he could not adequately litigate his case because of the verbal taunting, threats and harassment by defendants. The District Court relied on Lewis v. Casey, 518 U.S. 343, 355 (1996) in rejecting plaintiff's request for relief stating that an inmate's allegation that he "may not be able to litigate effectively once his claim is brought before the court, is insufficient to demonstrate actual injury" for purposes of injunctive relief. Torres, 2004 WL 1348225 , *3. The District Court in Torres noted that the fact that the plaintiff had filed multiple documents with the Court evidenced that any harm related to access to the courts was speculative at best. Id. For similar reasons, plaintiff's motion for an injunction in this case should be rejected.

Further, the public interest favors denying the injunction particularly here where a mandatory statutory requirement would have to be ignored for insubstantial and unsubstantiated reasons. Finally, the harm to defendant if injunctive relief is granted is not insignificant -- such relief would circumvent defendant's opportunity to review prisoner grievances, in the first instance, and take corrective action if appropriate. Accordingly, for this reason as well, plaintiff's motion should be denied.

## CONCLUSION

For reasons stated herein, plaintiff's Motion for Interlocutory Injunctive Relief should be denied. A proposed Order consistent with this opposition memorandum is attached.

Date: August 21, 2006                    Respectfully Submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney



/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Opposition to Plaintiff's Motion for Interlocutory Injunctive Relief*** was served by the Court's Electronic Case Filing System and by postage prepaid, first class mail to:

Myron Tereshchuk, pro se
Reg. No. 47510-083
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432

on this 21st day of August, 2006.

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL
Assistant United States Attorney