RECEIVED

AUG 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*original*

MYRON TERESHCHUK, Pro-se          )
                                  )
                Plaintiff,        )
                                  )
        v.                        )    Civil Action No. 06-1031(RWR)
                                  )
BUREAU OF PRISONS,                )
                                  )
                Defendant.        )
_____ )

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

The Plaintiff, appearing pro se, opposes Defendant's motion

for an enlargement of time, that was made pursuant to Rule 6(b)(1)

of the Federal Rules of Civil Procedure, to answer, move, or respond

to Plaintiff's original complaint.  The Defendant has not requested

an exact date for when to answer the original complaint, but has

moved for a date ten calendar days after the Court issues a

decision on Plaintiff's motion for leave to file a supplemental

complaint.  In support of its motion, Defendant stated that the

enlargement of time is needed for reasons of "efficiency."

### THE COURT LACKS JURISDICTION TO GRANT DEFENDANT'S MOTION

The Court does not have the jurisdiction to grant Defendant's

motion for an enlargement of time because the motion was made

pursuant to Rule (6)(b)(1) of the Federal Rules of Civil Procedure,

which does not apply to extensions of time in proceedings brought

under the Freedom of Information Act, 5 U.S.C.S. § 552, or the

Privacy Act, 5 U.S.C.S. § 552a.  Under the Freedom of Information

Act, the governing provision is subsection 552(a)(4)(C), which

provides in relevant part that, "... the defendant shall serve an

answer or otherwise plead to any complaint made under this subsection

within thirty days after service upon defendant of the pleading in

which such complaint is made, unless the court otherwise directs

for good cause shown."  5 U.S.C.S. § 552(a)(4)(C).

    The extensions of time allowed by Rule 6 are limited to matters

arising under the Federal Rules of Civil Procedure, and do not

apply to periods of time which are definitely fixed by statute.

Lusk v. Lyon Metal Products, Inc., 9 FRD 250 (D.C.Mo. 1949).  By its

own terms, Rule 6(b) only applies to time limits set by the Federal

Rules of Civil Procedure or the time limits set by the courts,

such as those of discovery; it cannot be used to for extending

statutory time limits.  Kreutzer v. Bowersox, 231 F.3d 460, 464 n. 2

-2-

(8th Cir. 2000), cert den 534 U.S. 863 (2001), reh den 534 U.S. 1157 (2002).

The Defendant, in essence, has moved the Court for a grant of an indefinite enlargement of time, one dependent on when the Court will grant the Plaintiff leave to file a supplemental complaint. This prejudices the Plaintiff because he does not know with any degree of accuracy the true length of time that the Defendant seeks in its motion. The Plaintiff is before the Court and wants to resolve the controversy in a timely manner, whereas Defendant seeks an indefinite enlargement of time under the pretext of efficiency. The granting of Defendant's motion will create much more inefficiency for Plaintiff than any loss of efficiency to Defendant resulting from a denial of the motion. Defendant has not proffered any caselaw showing that "efficiency" establishes either "good cause" or even "excusable neglect."

The Defendant's excuse for not contacting the Plaintiff regarding the enlargement of time is that Defendant believes that Local ~~Rule~~ Rule 7(m) proscribes Defendant from conferring with Plaintiff about

-3-

the filing of the enlargement of time on account of Plaintiff

being a prisoner proceeding pro se.  The Defendant's reliance

on Local Rule 7(m) is unfounded because the Rule is absolutely

silent regarding prisoner litigants.  Furthermore, even if Defendant

wanted to enter a stipulation with Plaintiff pertaining to the

enlargement of time to serve the answer, such a stipulation must be

approved by the Court, otherwise, it cannot be relied upon as an

excuse for the failure to file a timely answer.

Allstate Ins. Co. v. Administratia Asiguarilor De Stat, 163 FRD 19

(S.D.N.Y. 1995).  In the instant matter, Defendant did not even

attempt to communicate with Plaintiff regarding the filing of its

motion, but instead, absolved itself of the need to pursue its
                                    relies
defense with due diligence, and ~~rely~~ on the use of dilatory tactics.

Had the Defendant communicated with Plaintiff, defendant

would have been advised by Plaintiff that any motion relying on

the pretext of "efficiency," would not only be opposed, but also,

if the motion was granted, an interlocutory appeal would be made

pursuant to 28 U.S.C.S. § 1292(b).

-4-

In conclusion, Defendant's third Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint is without merit and must not be granted. Defendant failed not only to make a showing of good cause, but also, failed to motion for the enlargement of time to terminate on a specific date. Instead, Defendant has motioned for a "blank check" of an enlargement of time without showing any great need for the enlargement. Plaintiff should not be forced to sit idle and twiddle his thums so that Defendant benefits from illusory efficiency.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2), as well as 28 U.S.C.S. § 1746.

Respectfully Submitted,

Dated: _August 24, 2006_

MYRON TERESHCHUK, Pro-se
Reg. No. 47510-083

## CERTIFICATE OF SERVICE

This is to certify that on this 25ᵗʰ day of August, 2006,

I caused a copy of the foregoing **PLAINTIFF'S OPPOSITION TO**

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOVE, OR**

**OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT,** to be served on the

Defendant by first class mail, postage prepaid, with certified

mail receipt and return receipt services, addresssed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. ATTORNEY's Office for the District of Columbia
Civil Division: Suite E-4915
Washington, D.C. 20530

by delivering the document to the prison unit secretary in Room

N2126, F.M.C. Devens, Ayer, Massachusetts 01432, as outgoing legal

mail, for deposit into the U.S. Mail.

Myron Tereshchuk
Reg. No. 47510-083; Unit N-5
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432