RECEIVED
SEP 0 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
                         )
          Plaintiff,     )
                         )
     v.                  )   Civil Action No. 06-1031(RWR)
                         )
BUREAU OF PRISONS,       )
                         )
          Defendant.     )
_____)

**PLAINTIFF'S REPLY TO
DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR INTERLOCUTORY INJUNCTIVE RELIEF**

The Plaintiff, Myron Tereshchuk, appearing pro se, replies to the Defendant's Opposition to Plaintiff's Motion for Interlocutory Injunctive Relief by distinguishing Defendant's arguements from his own, regarding the pursued relief. Essentially, Plaintiff seeks an injunction to preserve civility in this action, whereas Defendant argues that Plaintiff has not exhausted his administrative remedies with regards to prison conditions.

Defendant's lengthy arguments pointing out that Plaintiff has not exhausted administrative remedies is inapposite because Plaintiff does not complain about prison conditions, but of maintaining order in this proceeding with an injunction enjoining

"... Defendant from the continued acts of duresss, harassment, and overbearing conduct that has been directed toward Plaintiff regarding this proceeding." Pl.'s Mot. Interlocutory Injunctive Relief, at 1, ¶1. The defendant does not recognize the distinction between prison conditions and actions that interfers in a judicial proceeding. By characterizing the actions of its officers and employees that are engaged in duress, harassment, and overbearing conduct against Plaintiff, as that which is typical of prison conditions, Defendant disregards the 25th Principle of General Applicability of the Standards for Civility in Professional Conduct, which states in full, "We will not engage in conduct that offends the dignity and decorum of judicial proceedings, brings disorder or disruption to the courtroom, or undermines the image of the legal profession." Local Rules, Appendix B, page 137.

The Rules of Civil Procedure, as well as the Local Rules, apply equally to lawyers and the represented parties. Although Plaintiff is appearing pro se, the Federal Rules of Civil Procedure and the Local Rules apply to Plaintiff just as much as they do to

Defendant's Counsel. To permit Defendant to operate outside the ambit of the Rules is to welcome confusion into the proceeding. The Defendant is represented by Counsel and must not be permitted to engage in conduct that its Counsel is prohibited in engaging.

On July 12, 2006, the Plaintiff was subjected to a surprise deposition by Defendant which was in violation of Rule 30(a)(2) of the Federal Rules of Civil Procedure, which states in relevant part that, "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in rule 26(b)(2), if the person to be examined is **confined in prison** or if, without the written stipulation of the parties ..." **[emphasis added]** Fed. R. Civ. Pro. 30(a)(2). Not only had Defendant subjected Plaintiff to a deposition without leave of this Court, but also has made reservations to do so again with impunity, unless this Court grants Plaintiff's Motion for Interlocutory Injunctive Relief.

The Defendant's arguments regarding Plaintiff not having exhausted his administrative remedies are inapplicable to the instant matter because Plaintiff does not need to exhaust his

administrative remedies as a result that Plaintiff has not moved the Court to enjoin prison conditions, but to enjoin Defendant's conduct in this proceeding. Defendant is under the belief that it can do whatever its Counsel is barred from doing. If its Counsel cannot confer or depose Plaintiff without a court order, Defendant will attempt to interrogate and depose Plaintiff without the involvement of its Counsel. Had Defendant not done so already and threatened to do so again, the Plaintiff would not need to have moved the Court for interlocutory injunctive relief.

Furthermore, the Defendant has cited to Local Rules 7(m) and 16.3(a) in three separate motions, within this proceeding, for the proposition that Defendant's Counsel is excused from conferring with Plaintiff. On account of the arguments that Defendant's Counsel is excused from conferring with Plaintiff, Defendant is estopped from all similar conduct. In other words, because Defendant's Counsel has obviated itself from communicating with Plaintiff regarding this action, so is Defendant and all those who are in active concert and participation with Defendant.

In conclusion, the Defendant is represented by government lawyers and it is the lawyers who must communicate with Defendant regarding this action. To permit Defendant's employees to depose and/or interrogate Plaintiff will invite confusion into the proceeding, causing civility to deteriorate. Without an injunction, Defendant will engage in conduct against Plaintiff that will be tantamount to Defendant thumbing its nose at the Court.

I declare under penalty of perjury that the foregoing is true and correct in accordance with LCvR 5.1(h)(2) as well as 28 U.S.C.S. § 1746.

Dated: September 5, 2006

Myron Tereshchuk, pro se
Reg. No. 47510-083

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of ~~August~~ September, 2006, I caused a copy of the foregoing **Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Interlocutory Injunctive Relief,** to be served on Defendant by First class mail, postage prepaid, with certified mail receipt and return receipt services, addressed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

by delivering the document to the prison unit secretary in Room N2126, F.M.C. Devens, Ayer, Massachusetts 01432, during normal business hours, as outgoing legal mail, for deposit into the U.S. Mail.

*Myron Tereshchuk*
Myron Tereshchuk, Pro-se
Reg. No. 47510-083; Unit N-5
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432