UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MYRON TERESHCHUK, Pro-se            )
                                    )
              Plaintiff,            )
                                    )
         v.                         )   Civil Action No. 06-1031(RWR)
                                    )
BUREAU OF PRISONS,                  )
                                    )
              Defendant.            )
_____)

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
TO REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR INTERLOCUTORY INJUNCTIVE RELIEF**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure Plaintiff, Myron Tereshchuk, appearing pro se, respectfully moves the Court for an enlargement of time up to and including September 5, 2006, in which to reply to Defendant's Opposition to Plaintiff's Motion for Interlocutory Relief. In support of the motion, Plaintiff states the following.

Defendant's opposition was received by Plaintiff on August 28, 2006 and it shows a postmark of August 22, 2006. When Plaintiff was finally served the opposition, during prison mail call, he received the opposition in an envelope that was slit open and then sealed shut with tape. The opened envelope explains why Plaintiff

was delivered the mail later than he should have been, had the envelope never been deliberately unsealed.

The Defendant has the policy of opening, inspecting, and photocopying prisoner inmate legal mail whether or not the legal mail meets the Bureau of Prisons' criteria for legal mail as is published in Section 540.18 of the Code of Federal Regulations. The Defendant's Counsel has the duty to send correspondence to Plaintiff in a proper manner and her failure to do so does not permit her client, the Bureau of Prisons to slow down Plaintiff's legal mail with impunity.  Either the Defendant or its Counsel are responsible for the slowdown and comproming of Plaintiff's legal mail pertaining to this action and they are jointly responsible because the have acted in concert in not preventing the slowdown and compromising of Plaintiff's legal mail.

Should Plaintiff be provided a hearing regarding whether Defendant tampers with Plaintiff's legal mail, Plaintiff will be able to submit a deluge of affidavits from prisoners incarcerated at F.M.C. Devens pertaining to the deliberate violations of its

own regulations governing the handling of prisoner legal mail.

In conclusion, because Defendant violated its own regulations regarding the delivery of Plaintiff's legal mail containing Defendant's Opposition to Plaintiff's Motion for Interlocutory Relief, Defendant must not be provided the benefit of doubt that it did not deliberately delay Plaintiff being served the Opposition and Plaintiff's Motion for Enlargement of Time should be granted.

Plaintiff declares under penalty of perjury that the foregoing is true and correct in accordance with Local Rule 5.1(h)(2) as well as 28 U.S.C.S. § 1746.

Dated: *August 30, 2006*          *Myron Tereshchuk*
                                  Myron Tereshchuk, Pro-se
                                  Reg. No. 47510-083

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of August, 2006, I caused a copy of the foregoing **Motion for Enlargement of Time to Reply to Defendant's Opposition to Plaintiff's Motion for Interlocutory Injunctive Relief**, to be served on Defendant by first class mail, postage prepaid, with certified mail receipt and return receipt services, addressed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

by delivering the document to the unit secretary in Room N2126, F.M.C. Devens, Ayer, Massachusetts 01432, as outgoing legal mail, for deposit into the U.S. Mail.

*/s/ Myron Tereshchuk*
Myron Tereshchuk, Pro-se
Reg. No. 47510-083
F.M.C. Devens; Unit N-5
P.O. Box 879
Ayer, Massachusetts 01432