RECEIVED
NOV 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, PRO SE
    Plaintiff,
        v.                                    Civil Action No.
BUREAU OF PRISONS                             06-cv-1031(RWR)
    Defendant.

MOTION FOR EMERGENCY ORDER FOR INTERLOCUTORY INJUNCTIVE RELIEF

The Plaintiff, Myron Tereshchuk, appearing pro se, moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure, for an emergency injunction against the Defendant, Bureau of Prisons, to enjoin Defendant from the continued retribution against Plaintiff for the Plaintiff's initiation of the instant proceeding.

The Defendant has engaged in a pattern of highly abusive treatment against Plaintiff, in violation

page 2

of Plaintiff's Eight Amendment rights, and there are no justifiable penalogical interests for the abuse. The purpose of the abusive treatment is to force Plaintiff into dismissing this action.

The abusive treatment includes the following:

1) Denying Plaintiff access to the law library for the past forty (40) days;

2) Confiscating and withholding from Plaintiff all of his legal documents, including materials related to the instant action, as well as that related to two separate criminal appeals;

3) Confiscating and withholding from Plaintiff his prescription reading glasses;

4) The refusal to permit Plaintiff to speak to his attorney (in other proceedings), or spouse, over

page 3

the telephone;

    5) The refusal to permit Plaintiff to go to recreation or outside for the past forty (40) days;

    6) Denying the Plaintiff his medical presciptions, including all seven of his medications;

    7) Denying Plaintiff books to read;

    8) Denied the Plaintiff the right to sign a Financial Responsibility Plan agreement for the repayment of U.S. District Court costs;

    9) Denying Plaintiff 75% of the food Plaintiff normally eats;

    10) Placing restrictions on Plaintiff's commissary so that Plaintiff would not be able to order legal supplies;

page 4

11) Refusing to supply the Plaintiff with U.S.P.S. issued Certified Mail Receipt labels and Return Receipt postcards for use with this proceeding;

12) Keeping Plaintiff in solitary confinement for the past forty (40) days;

13) Returning half of Plaintiff's U.S. Mail back to senders (this is an estimate);

14) Refusing to permit the Plaintiff to use a typewriter for this proceeding;

15) Refusing to return any of Plaintiff's personal property back to Plaintiff;

Any of the above listed abuses have been the causes of action in other cases. However, when taken together, in the aggregate,

page 5

they become oppresive. The Defendant has absolutely no valid penalogical interests that are being furthered by providing the abusive treatment to Plaintiff. The Plaintiff is currently housed in the Secure Housing Unit (SHU) and that is where inmates are kept if they have been found guilty of disciplinary infractions. However, the above listed forms of abusive treatment are not being applied to the other inmates. Furthermore, the Plaintiff's sentence does not include the forms of treatment he is being subjected to. The Plaintiff has merely been singled out for unique punishment for his filing a civil complaint against the Defendant in this Court.

page 6

The Plaintiff needs the emergency injunction because without it, he will be irreparably harmed. The deprivation of law library access and personal legal materials is tainting and compromising the instant proceeding and preventing the Plaintiff from filing a Section 2255 motion, as well as preventing Plaintiff from assisting his attorney in a criminal appeal. But most importantly, the instant proceeding is being turned into a circus and there is a public interest in preventing the Defendant in engaging in the abusive behavior toward the Plaintiff.

There are no lesser alternative measures for the Plaintiff to pursue because the Defendant

has deliberately refused to respond to all of Plaintiff's "cop-out" requests that sought mitigation of the abuses.

There will be the continued harm to the Plaintiff should the emergency injunction NOT be granted. However, granting the injunction will not harm the Defendant at all. The financial costs involved in placing the Plaintiff back into the population at F.M.C. Devens is much smaller than the costs to the U.S. government if the Plaintiff pursues an appeal of the denial of the injunction. Furthermore, the Plaintiff does not hesitate to file other F.O.I.A. requests regarding the records relating to

Page 8

the complained of abuses, that will undoubtedly lead to more litigation and tax the resources of this court.

The public interest demands that all abuses be enjoined so that the Plaintiff will return to the status quo with respect to the instant proceeding. The Defendant's actions are the precursors to future ~~actions~~ motions for enlargement of time and these actions must be enjoined. Plaintiff strives to be diligent and motions this Court to enjoin all of Defendant's abuses toward Plaintiff and to order Defendant to immediately place the Plaintiff into the F.M.C. Devens population until the day before he gets

~~transferred. transferred.~~ transfered. page 9

I declare under penalty of perjury that everything in this Motion is true and correct in accordance with 28 U.S.C. § ~~1746~~ 1746.

Respectfully Submitted,
*Myron Tereshchuk*
Myron Tereshchuk
Reg. No. 47510-083

# CERTIFICATE OF SERVICE

I hereby certify that the Defendant, Bureau of Prisons, has interfered in my capability to serve Defendant's Counsel by refusing to grant me access to a photocopy machine in order to produce a true and exact copy of the Motion for Emergency Ex Parte Temporary Order for Injunctive Relief. However, a letter was mailed to Defendant's Counsel, Beverly Russell, on November 16th, 2006, by first class mail, postage prepaid, notifying Counsel to check for the Motion on the Pacer court filing system. The letter was mailed to: Beverly Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Respectfully Submitted,

*Myron Tereshchuk* (signature)

Myron Tereshchuk
Reg. No. 47510-083
F.M.C. Devens
P.O. Box 879
Ayer, M.A. 01432