## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MYRON TERESHCHUK,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-1031(RWR)** |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR EMERGENCY ORDER FOR
## INTERLOCUTORY INJUNCTIVE RELIEF

### BACKGROUND

The pro se prisoner plaintiff brought this suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552, seeking a broad range of Bureau of Prison ("BOP") documents related to or regarding him, including his medical and psychological records, his "Complete Inmate Central File," other BOP documents referencing plaintiff "by name or inmate registration number," e-mail records, BOP treatment notes, and "orders and instructions to staff regarding" plaintiff including those used to classify plaintiff "as being convicted of a violent offense."  Pl.'s Compl., Ex. A, Privacy Act Freedom of Information Act Request. Plaintiff also sought records regarding psychological/psychiatric tests administered at the Devens Federal Medical Center where plaintiff is currently incarcerated, all risk assessment reports written about prisons stored on the computers of certain BOP staff, the complete list of "favorites," "cookies," and address books on the computers of certain BOP staff, indices of all major BOP information systems, policy statements and interpretations including those not published in the Federal Register, the BOP phone directory and e-mail list, and all "district court

decisions, opinions, and orders that are in the possession and control of the BOP and have been

adjudicated subsequent to January 1, 1976."

Since filing his underlying FOIA suit, plaintiff has sought relief from this Court in the

form of default judgment and two motions for "interlocutory injunctive relief," the first filed on

July 27, 2006 and the most recent filed on November 27, 2006.  Defendant has previously filed

memoranda opposing plaintiff's motion for default judgment and his first motion for

interlocutory injunctive relief.  Defendant herein opposes plaintiff's latest motion for injunctive

relief.

Plaintiff, in his most recent motion, specifically seeks an emergency order from the Court

to enjoin defendant from continuing acts which plaintiff characterizes as retribution for filing this

suit.  Pl.'s Mot. Interlocutory Injunctive Relief, at 1 and 5.[1]  Plaintiff complains that defendant

has engaged in a pattern of abusive treatment including denying plaintiff access to the law

library; confiscating and withholding plaintiff's legal documents, as well as plaintiff's

prescription reading glasses; refusing to allow plaintiff to speak with his attorney or spouse over

the telephone; refusing plaintiff access to recreation or the outdoors for forty days; denying

plaintiff his medical prescriptions; denying plaintiff books to read; denying plaintiff the right to

sign a financial responsibility plan agreement for repayment of U.S. District Court costs; denying

plaintiff 75% of the food he normally eats; placing restrictions on plaintiff's use of the

commissary such that he is precluded from purchasing legal supplies; refusing to supply plaintiff

with certified mail receipt and return receipt labels; keeping plaintiff in solitary confinement for

---

[1]The referenced page numbers are those inserted by the Court's Electronic Case Filing
System.

forty days; refusing to permit plaintiff the use of a typewriter for this proceeding; and refusing to

return plaintiff's personal property. Id. at 1- 4. Plaintiff alleges that the deprivation of law

library access and personal legal materials is compromising the instant proceeding and

preventing plaintiff from filing a section 2255 motion, as well as preventing plaintiff from

assisting his attorney in a criminal appeal. Id. at 6. In addition to requesting that the Court

enjoin defendant from continuing what plaintiff characterizes as abusive treatment, plaintiff also

seeks to have the Court compel defendant to "immediately" return plaintiff to the F.M.C. Devans

population "until the day before" plaintiff is transferred. Id. at 8 - 9.

    For reasons stated below, plaintiff's motion for interlocutory injunctive relief should be

denied.

## ARGUMENT

### A.    Plaintiff Failed to Exhaust His Administrative Remedies as Required by the Prison Litigation Reform Act.

    The Prison Litigation Reform Act ("PLRA") states "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Supreme Court has

consistently held that prisoners are bound by this requirement.

    In Booth v. Churner, 531 U.S. 731, 741 (2001), a unanimous Supreme Court held that

Congress mandated completion of any prison administrative remedy process capable of

addressing the inmate's complaint and providing some form of relief, "irrespective of the forms

of relief sought and offered through administrative avenues." Accord Jackson v. District of

Columbia, 254 F.3d 262, 270-271 (D.C. Cir. 2001); Smith v. Zachary, 255 F.3d 446, 451 (7th Cir. 2001); Yousef v. Reno, 254 F.3d 1214 (10th Cir. 2001); Lawrence v. Washington, Civil Action No. 03-2557(JDB), 2006 WL 1071510, *1 (D.D.C. April 21, 2006).  The Supreme Court's decision in Porter v. Nussle, 534 U.S. 516 (2002) followed Booth and, in Porter, the Court again held that ". . .exhaustion in cases covered by § 1997e(a) is. . .mandatory. . ." Id.  In June 2006, the Supreme Court reiterated that exhaustion of available administrative remedies is mandatory for prisoners seeking relief for grievances related to their incarceration.  Woodford v. Ngo, 126 S.Ct. 2378 (2006);  see also Hunter v. Corrections Corp. of America, 441 F.Supp.2d 78, 82 (D.D.C. 2006), citing Woodford, 126 S.Ct. 2378 ("...the requirement that a plaintiff exhaust administrative remedies may not be waived by the court, but is instead mandatory.")

    The Supreme Court, in Porter, explained the purposes behind the exhaustion requirement:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  In other instances, the internal review might filter out some frivolous claims.  And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. at 524-525.

    Additionally, exhaustion of administrative remedies *subsequent* to filing suit in district court will not do.  Medina v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).  A prisoner must avail himself of and complete the administrative remedy process *prior* to filing suit in federal court.  Id.  Further, "[a] claim that pursuing a remedy will be futile is not a valid reason for not

4

completing the administrative process." Henderson v. Federal Bureau of Prisons, Civil Action

No. 05-1891(CKK), 2006 WL 1371687, *3 (D.D.C. May 15, 2006)(citations omitted).

Relevant here, the three-level administrative remedy process used in the federal prison

system and applicable to this matter is nearly identical to that at issue in Booth. See Booth,

532 U.S. at 734. In that case, the state prisoner's administrative remedy scheme consisted of an

initial review by a grievance officer for investigation and resolution followed, if initial

disposition proved unsatisfactory to the prisoner, by appeal to an intermediate reviewing

authority with possibility of final appeal to a central review committee. See id. The Supreme

Court affirmed dismissal of the case for failure by the inmate to exhaust completely his

administrative remedy appeals. The Supreme Court also closed the  door on any futility

arguments made by the inmate, stating, "we will not read futility or other exceptions into

statutory exhaustion requirements where Congress has provided otherwise." Id. at 1825.

The BOP administrative remedy procedure is set out at 28 C.F.R. §542.10 et seq., and

provides formal review of any complaint which relates to any aspect of the inmate's confinement.

28 C.F.R. §542.10 et seq. Under this process, inmates shall first attempt resolution of their

complaints informally by discussing the matter with a member of their Unit Team.  28 C.F.R. §

542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal

complaint with the Warden within fifteen days of the date on which the basis of the complaint

occurred. 28 C.F.R. §542.13. If the inmate is not satisfied with the Warden's response, he may

appeal the response to the Regional Director. 28 C.F.R. §542.15. If the inmate is dissatisfied

with the regional response, he may file a national appeal with the Office of General Counsel in

Washington, D.C.  28 C.F.R. §542.15.  Appeal to the Office of General Counsel is the final

administrative appeal in the BOP.

Plaintiff's first step in resolving any claims related to his treatment while at Devens

Federal Medical Center was to exhaust his administrative remedies under the PLRA.  Plaintiff

does not offer any evidence that he has availed himself of each step of the defendant's remedial

process, culminating in the exhaustion of that process by having an appeal denied by the

defendant's Office of General Counsel.  Accordingly, for reasons stated herein, plaintiff's motion

for interlocutory injunctive relief should be denied.

**B.     Plaintiff's Motion Lacks Merit.**

The grant of injunctive relief is a drastic and unusual judicial measure.  Marine Transp.

Lines, Inc. v. Lehman, 623 F. Supp. 330, 334 (D.D.C. 1985).  It is an extraordinary remedy and,

as such, must be granted sparingly.  Role Models America, Inc. v. White, 193 F.Supp.2d 76, 80

(D.D.C. 2002); Varicon Int'l v. Office of Personnel Management, 934 F.Supp. 440 (D.D.C.

1996).  Indeed, "a court should not grant injunctive relief absent a clear and convincing showing

by the moving party."  Role Models America, Inc., 193 F.Supp.2d at 80.   Issuance of a

preliminary injunction is appropriate only if the movant clearly demonstrates that:

> (1) it has a substantial likelihood of succeeding on the merits; (2) it will suffer
> irreparable harm if the injunction is not granted; (3) other interested parties will
> not suffer substantial harm if the injunction is granted; and (4) the public interest
> will be furthered by the injunction.

Role Models America, Inc., 193 F.Supp.2d at 80; Sea Containers, Ltd. v. Stena AB, 890 F.2d

1205, 1208 (D.C.Cir. 1989); see also Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n,

259 F.2d 921, 925 (D.C.Cir. 1958).

Plaintiff's motion for an injunction must be denied because he cannot demonstrate a substantial likelihood of succeeding on the merits given that he has failed to exhaust administrative remedies as indicated above.  See, e.g. Crenshaw v. Antokol, 238 F. Supp. 2d 107, 114-115 (D.D.C. 2002) (where procedural bases for dismissal exist, plaintiff does not enjoy a substantial likelihood of success on the merits, precluding preliminary injunctive relief); Bancoult v. McNamara, 227 F. Supp. 2d 144 (D.D.C. 2002) (potential jurisdictional and substantive challenges associated with plaintiffs' claims preclude a finding of success on the merits, ending inquiry and denying preliminary injunction); Miami Building & Construction Trades Council v. Secretary of Defense, 143 F. Supp. 2d 19, 26-27 (D.D.C. 2001) (failure to demonstrate "success on the merits" factor where procedural bases for dismissal exist, in addition to lack of irreparable harm showing supported denial of preliminary injunctive relief properly, even if plaintiffs were to prevail on remaining two factors); Hill v. Smith, No. 4:05-CV-1724, 2005 WL 2666597, *4 (M.D.Pa. Oct. 19, 2005)(pro se prisoner's motion for preliminary injunction denied for failure to exhaust administrative remedies under the PLRA.); Bartelli v. Bleich, No.Civ.A.3:CV-04-0899, 2005 WL 1216962, *4 (M.D.Pa. May 16, 2005)(prisoner must exhaust administrative remedies under the PLRA regardless of whether he is seeking monetary or injunctive relief, or both.)

Plaintiff also fails to demonstrate that he will suffer irreparable harm if the requested injunction is not granted.   The crux of injunctive relief has always been a showing of irreparable harm.  See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506 (1959); Sampson v. Murray, 415 U.S. 61, 88 (1974); CityFed Financial Corp. v. Office of Thrift Supervision, 58 F. 3d 738, 747-48 (D.C. Cir. 1995.  Further, it is uncontested that evidence of irreparable harm must be

"certain and great." Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674-675 (D.C. Cir. 1985). It must be "actual" harm, not merely speculative or theoretical. Id.  Plaintiff fails to put forth any evidence demonstrating the type of harm required for a preliminary injunction.  Although plaintiff claims that the alleged "abusive" treatment impacts this proceeding, he has failed to identify any actual harm resulting from defendant's purported measures.  In Torres v. Viscomi, No. 3:03CV796(SRU)(WIG), 2004 WL 1348225 (D.Conn. June 14, 2004), the U.S. District Court for the District of Connecticut denied an injunction in a case in which the pro se prisoner alleged that he could not adequately litigate his case because of the verbal taunting, threats and harassment by defendants.  The District Court relied on Lewis v. Casey, 518 U.S. 343, 355 (1996), in rejecting plaintiff's request for relief, stating that an inmate's allegation that he "may not be able to litigate effectively once his claim is brought before the court, is insufficient to demonstrate actual injury" for purposes of injunctive relief.  Torres, 2004 WL 1348225 , *3.  The District Court in Torres noted that the fact that the plaintiff had filed multiple documents with the Court evidenced that any harm related to access to the courts was speculative at best.  Id.  For similar reasons, plaintiff's motion for an injunction in this case should be rejected.   Plaintiff has filed his initial complaint, and subsequent to that, a motion for default, a motion to file a supplemental complaint, and two motions for injunctive relief.  The purported treatment by defendant has evidently not impacted plaintiff's access to the Court, and except for the most generalized assertion, plaintiff has failed to demonstrate how the alleged treatment has otherwise impacted his ability to litigate this suit.

Further, the public interest favors denying the injunction particularly here where a mandatory statutory requirement would have to be ignored for insubstantial and unsubstantiated reasons.  Finally, the harm to defendant if injunctive relief is granted is not insignificant -- such

8

relief would circumvent defendant's opportunity to review prisoner grievances, in the first instance, and take corrective action if appropriate. Accordingly, for this reason as well, plaintiff's motion should be denied.

## CONCLUSION

For reasons stated herein, plaintiff's Motion for an Emergency Order for Interlocutory Injunctive Relief should be denied. A proposed Order consistent with this opposition memorandum is attached.

Date: December 15, 2006           Respectfully Submitted,


                                  /s/ Jeffrey A. Taylor /dvh
                                  _____
                                  JEFFREY A. TAYLOR, D.C. BAR #498160
                                  United States Attorney


                                  /s/ Rudolph Contreras
                                  _____
                                  RUDOLPH CONTRERAS, D.C. BAR #434122
                                  Assistant United States Attorney


                                  /s/ Beverly M. Russell
                                  _____
                                  BEVERLY M. RUSSELL, D.C. Bar #454257
                                  Assistant United States Attorney
                                  U.S. Attorney's Office for the District of Columbia,
                                    Civil Division
                                  555 4th Street, N.W., Rm. E-4915
                                  Washington, D.C.  20530
                                  Ph:  (202) 307-0492

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Opposition to Plaintiff's***

***Motion for Emergency Order for Interlocutory Injunctive Relief*** was served by the Court's

Electronic Case Filing System and by postage prepaid, first class mail to:

Myron Tereshchuk, pro se
Reg. No. 47510-083
F.M.C. Devens
P.O. Box 879
Ayer, Massachusetts 01432

on this 15th day of December, 2006.

/s/ Beverly M. Russell

_____

BEVERLY M. RUSSELL
Assistant United States Attorney