UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK,          )
                        )
       Plaintiff,          )
                        )
v.                    )  Civil Action No. 06-1031 (RWR)
                        )
BUREAU OF PRISONS,       )
                        )
       Defendant.        )

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are several motions filed by plaintiff.   Mr. Tereshchuk, proceeding *pro se*, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  He has moved for leave to file a supplemental complaint.  A party may amend a pleading "as a matter of course" at any time before the filing of a responsive pleading.  Fed. R. Civ. P. 15(a).  Since defendant has not yet filed an answer, plaintiff's motion to supplement will be granted.

Plaintiff has moved for default on the ground that defendant has not filed an answer or otherwise pled to the complaint within thirty day of service, as required by FOIA.  *See* 5 U.S.C. § 552(a)(4)(C)(defendant required to file responsive pleading within thirty days unless court directs otherwise for good cause).  Defendant was served on June 9, 2006.   Twenty-eight days later, on July 7, 2006, defendant filed a motion for extension to file an answer, which the Court granted.  Prior to the granting of the extension, plaintiff filed his motion for default.

A default judgment is appropriate when a defendant has failed to plead or otherwise defend against the complaint. *See* Fed. R. Civ. P. 55.  A default judgment is usually appropriate

only when a party has been totally unresponsive. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir. 1980); *Savage v. Scales*, 310 F. Supp. 2d 122, 127 (D.D.C. 2004). Such is not the case here. Defendant has filed motions for extensions of time and memoranda in opposition to plaintiff's motions. Therefore, plaintiff's motion for default will be denied.

Plaintiff moves for injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. He alleges that employees of the BOP have continually harassed him regarding this case by restricting his access to the prison law library, denying him access to an attorney, and engaging in actions in retaliation for this litigation.

A temporary restraining order or preliminary injunction is an extraordinary and drastic remedy, one the court should not grant unless the movant, by a clear showing, carries the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(citations omitted). To be entitled to such relief, plaintiff must show (1) a substantial likelihood of success on the merits, (2) that he would suffer irreparable injury if the order was not granted, (3) that granting the requested relief would not substantially injure other interested parties, and (4) that the public interest would be served by granting plaintiff's motion. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C.Cir. 1998); *Nat'l Head Start Ass'n v. Dep't of HHS*, 297 F. Supp. 2d 242, 247 (D.D.C. 2004). Although these factors must be balanced against each other, it is especially important for the plaintiff to demonstrate a likelihood of success on the merits. *Id.*

The BOP contends that plaintiff's motion for injunctive relief should be denied because plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In relevant part, the PLRA provides that:

No action shall be brought with respect to prison conditions under

2

> section 1983 of this title, or any other Federal law, by a prisoner
> confined to any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement of Section 1997e(a) is mandatory and

"applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v.*

*Nussle*, 534 U.S. 516, 520 (2002). Section 1997e(a) "afford[s] corrections officials time and

opportunity to address complaints internally before allowing the initiation of a federal case," and,

where possible, to "satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524-25.

A prisoner must complete the administrative process "regardless of the relief offered through

administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may

file a civil action concerning conditions of confinement under federal law only after he has

exhausted administrative remedies. *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C.Cir.

2001).

Although plaintiff has filed his motion for injunctive relief as part of this FOIA action, his

allegations concern matters separate and apart from the merits of his FOIA claim. A suit is

authorized under the FOIA against federal agencies only to remedy an agency's improper

withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S.

136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Plaintiff's request for injunctive

relief specifically involves prison conditions and the alleged harassment by BOP employees, not

an attempt to enforce FOIA. Therefore, plaintiff's motion is governed by the PLRA. *See Jeanes*

*v. U.S. Dep't of Justice*, 231 F. Supp. 2d 48, 50 n.2 (D.D.C. 2002)(plaintiff in FOIA action

seeking to enjoin retaliation claim by BOP required to exhaust under PLRA).

The PLRA's exhaustion requirement is not a jurisdictional bar, but simply governs the

timing of the action. *Ali v. Dist. of Columbia*, 278 F.3d 1, 5-6 (D.C.Cir. 2002). The failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, -- S.Ct.--, 2007 WL 135890, at *11 (U.S. Jan. 22, 2007). However, if the allegations, taken as true, show that relief is barred for failure to exhaust, the case is subject to dismissal for failure to state a claim. *Id.* at 10.

The BOP has a three-level administrative remedy process. An inmate must first file a request for administrative relief with the Warden of the institution where he is confined. 28 C.F.R. § 542.13. Plaintiff may appeal the denial of relief from the Warden to the BOP's Regional Director. 28 C.F.R. § 542.15. The final step in the process is to file an appeal with the Office of General Counsel. *Id.*

Plaintiff concedes that he did not exhaust his administrative remedies before filing his motion for injunctive relief. He states that exhaustion would be "futile in the sense that the irreparable harm to Plaintiff will occur before Plaintiff will be allowed to exhaust his administrative remedies." Aff. in Support of Mot. for Interlocutory Injunctive Relief ¶ 10. A plaintiff's belief that pursuing his administrative remedies would be futile does not excuse him from the PLRA's exhaustion requirement since a prisoner is required to exhaust regardless of the value of the relief offered through administrative avenues. *Booth*, 532 U.S. at 741. A claim that pursuing a remedy will be futile is not a valid reason for not completing the administrative process. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000); *Bitton v. Gonzales*, No. 05-2045, 2006 WL 335766, at *1 (D.D.C. Feb. 13, 2006); *Jeanes v. United States Dep't of Justice*, 231 F. Supp. 2d 48, 50 (D.D.C. 2002); *see also Booth*, 532 U.S. at 741 n.

4

6 (Court will not "read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise").

Defendant also contends that plaintiff's motion for injunctive relief fails on the merits. Plaintiff's essential argument is that the conduct of BOP employees is interfering with the litigation of this case. A prisoner has a fundamental right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a right of access claim, a plaintiff must show that he was hindered in pursuing a cognizable legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The complaint must allege that plaintiff "actually lost ... [an] otherwise valid legal claim [or] that he is unable to raise such a claim in any other proceeding." *Ali*, 278 F.3d at 8.

Plaintiff has not shown that he has been unable to pursue a claim due to interference by BOP employees. In fact, the actual progress of this litigation belies plaintiff's assertion that he has been harmed due to conduct by prison officials. Plaintiff has successfully filed a complaint and numerous motions. The fact that plaintiff has been able to routinely file motions in this case renders any denial of access to courts claim, at best, speculative.

Because plaintiff has failed to demonstrate a substantial likelihood of success on the merits or irreparable harm, his request for injunctive relief will be denied.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion for default [8] is DENIED. It is hereby

FURTHER ORDERED that plaintiff's motion for leave to file supplemental complaint [13] is GRANTED. It is hereby

FURTHER ORDERED that plaintiff motions for interlocutory relief [9][20] are

DENIED.  It is hereby

FURTHER ORDERED that defendant's motions for extension of time to respond to

plaintiff's motions for interlocutory relief [10][21] are GRANTED nunc pro tunc.  It is hereby

FURTHER ORDERED that plaintiff's motion for extension of time to reply to

defendant's opposition to plaintiff's motion for injunctive relief [19] is DENIED.  It is hereby

FURTHER ORDERED that defendant's motions for extension of time to file an answer

[12][14] are GRANTED nunc pro tunc.  Defendant shall file an answer or otherwise respond to

the complaint within 10 calendar days of this order.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

DATE: February 6, 2007