UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYRON TERESHCHUK, | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
|   v. | ) Civil Action No. 06-1031(RWR) |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
|        Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brings this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a, to have Defendant Federal Bureau of Prisons ("BOP") produce records primarily related to or about him, or BOP procedures. The Bureau of Prisons, by and through its undersigned attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for summary judgment in its favor and dismissal of this suit because the requested records have been produced with the exception of those appropriately withheld by law, and thus, this suit is moot.[1]

---

[1] Plaintiff should take notice that any factual assertions contained in the affidavits in support of this motion will be accepted by the Court as true unless Plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached affidavits. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provide as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

A memorandum of points and authorities in support of this Motion and a proposed Order are filed herewith.

                                              Respectfully Submitted,

                                              /s/ Jeffrey A. Taylor /dvh
                                              _____
                                              JEFFREY A. TAYLOR, D.C. BAR #498610
                                              United States Attorney

                                              /s/ Rudolph Contreras

                                              _____
                                              RUDOLPH CONTRERAS, D.C. BAR #434122
                                              Assistant United States Attorney

                                              /s/ Beverly M. Russell

                                              _____
                                              BEVERLY M. RUSSELL, D.C. Bar #454257
                                              Assistant United States Attorney
                                              U.S. Attorney's Office for the District
                                               of Columbia, Civil Division
                                              555 4th Street, N.W., Rm. E-4915
                                              Washington, D.C. 20530
                                              Ph:  (202) 307-0492

---

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYRON TERESHCHUK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-1031(RWR) |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Freedom of Information Act ("FOIA") provides the district courts with "jurisdiction to enjoin [an] agency from withholding agency records and to order the production of agency records improperly withheld from [a] complainant." 5 U.S.C. § 552(a)(B). The records that Plaintiff seeks under the FOIA have been released with the exception of information properly redacted and withheld under the statute, and applicable case law. Accordingly, since the Bureau of Prisons ("BOP" or "Bureau") has fully met its obligation under the statute, and there is no material issue in dispute on this point, it respectfully moves for judgment in its favor. See Fed. R. Civ. P. 56.

## BACKGROUND

By letter dated April 6, 2006, Plaintiff submitted a request to the BOP pursuant to the FOIA and the Privacy Act ("PA"), 5 U.S.C. § 552a, seeking a broad range of records as related to or regarding him including his medical and psychological records, his "Complete Inmate Central File," other BOP documents referencing Plaintiff "by name or inmate registration number," e-mail records, BOP treatment notes, and "orders and instructions to staff regarding" Plaintiff including those used to classify Plaintiff "as being convicted of a violent offense." R. 1,

Pl.'s Compl., Ex. A, Privacy Act Freedom of Information Act Request.  Plaintiff also sought records regarding psychological/psychiatric tests administered at the Devens Federal Medical Center where Plaintiff was formerly incarcerated, all risk assessment reports written about prisons stored on the computers of certain BOP staff, the complete list of "favorites," "cookies," and address books on the computers of certain BOP staff, indices of all major BOP information systems, policy statements and interpretations including those not published in the Federal Register, the BOP phone directory and e-mail list, and all "district court decisions, opinions, and orders that are in the possession and control of the BOP and have been adjudicated subsequent to January 1, 1976."  Id.

   The BOP responded to this request on August 8, 2006.  See Declaration of Kathleen Quigley ("Quigley Decl. I"), ¶ 2 (March 15, 2007)(attached hereto).  Of the two hundred twenty-three (223) pages of records responsive to Plaintiff's request, one hundred seventy-one (171) pages were released in entirety and seven pages were released with redactions.  The redacted information from the seven (7) pages and the forty-five (45) pages withheld in entirety contained third-party information and internal BOP information.  Quigley Decl. I, Ex. 1 (attached thereto).  In its August 8, 2006 letter to Plaintiff, the BOP explained that "[r]elease of [the] information would tend to inhibit open and frank communication between Federal Bureau of Prisons' employees, would or could constitute an unwarranted invasion of personal privacy, and could reasonably be expected to endanger life or physical safety of any person."  Id.  Accordingly, the information was withheld pursuant to 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(F).  Id.

   Plaintiff submitted a second FOIA request to the BOP on or around May 16, 2006.  Quigley Decl. I ¶ 3.  He requested information related to his classification, psychiatric and

2

psychological records, instructions to another federal inmate as to the inmate purportedly providing false testimony against the Plaintiff, records pertaining to staff instructions to keep Plaintiff classified as "medically unassigned," records pertaining to the confiscation and rejection of Plaintiff's mail, and "non personnel records" including the BOP's remedial indices, BOP instructions related to the confiscation and rejection of mail, videos and similar records used for training BOP psychiatrists and psychologists, the names and addresses of licensing boards to which certain BOP employees belong, and records disclosing the criteria used by BOP in classifying federal inmates as violent. Quigley Decl. I, Ex. 2.

      The BOP responded to this request on March 14, 2007 informing Plaintiff that, as to records related to his classification and correspondence, he could request a local review of his central file by contacting staff at his institution. Id., Ex. 3, Letter from Henry J. Sadowski to Myron Tereshchuk, March 14, 2007. In its response, the BOP also noted that it had already provided Plaintiff's psychiatric and psychological records in response to a previous request, and informed Plaintiff that release of records related to another inmate were subject to the Privacy Act (if, in fact, the record Plaintiff requested even existed) . Id. As to Plaintiff's request for "non personnel records," the BOP responded that Plaintiff had to provide a more specific description of the types of records he was seeking related to the administrative remedy indices (without such, a reasonable search could not be completed), produced the requested address information, noted that no records were found in response to Plaintiff's request for training videos, and informed Plaintiff that the remaining material including Program Statements could be obtained locally at FCI Cumberland. Id.

Plaintiff submitted a third FOIA/PA request to the BOP on or around May 31, 2006. Quigley Decl. I, Ex. 2. He requested his mail, a complete list of banned materials that federal prisoners are not permitted to receive, instructions to BOP staff related to incoming and outgoing mail to federal prisoners, names and addresses of all persons requesting information about Plaintiff and access to the information provided to those individuals, BOP's legal volume of the Nuremberg Code and the Helsinki Agreement (as well as interpretations of these international laws regarding the treatment of prisoners), a complete volume set of the Bankruptcy Reporter, the Federal Rules Decisions, and the Federal Appendix, a copy of a "recreational therapy release form" that Plaintiff refused to sign, and an attendance form which Plaintiff also refused to sign. Quigley Decl. I, Ex. 2.

The BOP responded to Plaintiff's third FOIA request on March 14, 2007. Id., Ex. 4, Letter from Henry J. Sadowski to Myron Tereshchuk, March 14, 2007. Plaintiff was informed that he would receive eighteen (18) pages in their entirety but was also advised that ten (10) pages were being withheld in their entirety pursuant to 5 U.S.C. § 552(b)(2), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).[2] Quigley Decl. I ¶ 8; see also Vaughn Index for FOIA #2006-07648. Plaintiff was also informed that the BOP does not maintain a list of "banned" materials as each item is reviewed upon arrival at the respective institution. Id., Ex. 4, Sadowski Ltr. Plaintiff was also reminded that any non-law enforcement inquires pertaining to specific requests for information about Plaintiff would be maintained in Plaintiff's central file and that he could make

---

[2] Ultimately, only Exemption 2 and 5 were applied to withheld information. See Vaughn Index for FOIA #2006-07648 (attached hereto).

4

arrangements with his local institution to review that file. Id. As to his request for legal research volumes, the BOP directed Plaintiff to his facility's law library for available materials. Id.

## STANDARD OF REVIEW

Summary judgment is the procedure by which courts resolve nearly all FOIA actions. See, e.g. Misciavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in use are properly identified."); Evans v. U.S. Office of Personnel Management, 276 F.Supp.2d 34, 37 (D.D.C. 2003). Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; see also Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

## ARGUMENT

**I.     This Suit Is Moot, and Should Be Dismissed For This Reason.**

The FOIA generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records (or portions thereof) are protected from mandatory disclosure by one of nine exemptions. See 5 U.S.C. § 552(b). Once an agency releases  materials, however, there is no further need for judicial function under the FOIA statute. Atkins v. Dep't of Justice, No. 90-5095, 1991 WL 185084 (D.C.Cir. Sept.18, 1991) (unpub.)("The question whether DEA complied with the Freedom of Information

Act's...time limitations in responding to [plaintiff's] request is moot because DEA has now responded to this motion."); Tijerina v. Walters, 821 F.2d 789, 799 (D.C.Cir.1987), quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982)("'[H]owever fitful or delayed the release of information under the FOIA may be ... if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'"); Landmark Legal Foundation v. E.P.A., 272 F.Supp.2d 59, 62-63 (D.D.C. 2003); Trueblood v. U.S. Dept. of Treasury, I.R.S., 943 F.Supp. 64, 67 (D.D.C. 2003)("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released."); Hornbostel v. U.S. Dept. of Interior, No. CIV.A. 02-2523(RCL), 2003 WL 23303294, *4 (D.D.C. Aug. 7, 2003).

In his Complaint, Plaintiff only alleges claims related to the Bureau of Prisons' failure to respond to his FOIA request. R. 1, Compl., ¶ 7 and p. 6; R. 13, Supplemental Compl. ¶ 7 and p. 10. The Bureau of Prisons has released the requested materials to Plaintiff with the exception of information properly withheld under FOIA or applicable case law. Accordingly, there is no longer any controversy and this case should be dismissed as moot.

**II.     Certain Documents Are Not "Agency Records" Under FOIA But Nevertheless Were Withheld Consistent with the Bureau's Policies Regarding Correspondence and Incoming Publications.**

The Bureau withheld the front covers and certain pages of the books, "Breast Book," and "Codes, Ciphers, Secrets and Cryptic Communication" in accordance with the Bureau's correspondence and mail policies regarding publications featuring nudity and information on the creation and decoding of cryptic messages which could be used to create a security concern. See Vaughn Index for FOIA #2006-07648; see also P.S. 5265.11 (Correspondence) and 5266.10,

6

pp. 3-4, 10 (Incoming Correspondence)(attached hereto).  The withholding of such information is appropriate to advance legitimate penological interest in maintaining order and security and prison facilities.  See, e.g. Turner v. Safley, 482 U.S. 78, 89 (1987); Witherow v. Crawford, 468 F.Supp.2d 1253, 1267 (D.Nev. 2006); Taniguchi v. Lappin, No. Civ. A. 04CV304DLB, 2005 WL 1334634, *7 (E.D.Ky. June 6, 2005).  Notably, these types of publications are not encompassed within FOIA which only covers "agency records," i.e., those created or obtained by an agency, see United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989).  *Plaintiff's mail* of a questionable nature is not an "agency record."  Indeed, the Bureau's policy expressly states that objectionable material shall be returned to the publisher.  P.S. 5266.10, p. 5 (attached hereto).

### III.     The Bureau Appropriately Withheld Certain Information Consistent with FOIA.

"FOIA cases are typically and appropriately decided on motions for summary judgment." Gonzales v. Bureau of Alcohol, Tobacco and Firearms, No. Civ. A. 04-2281(JDB), 2005 WL 3201009, *3 (D.D.C. Nov. 9, 2005)(citations omitted).  An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure.  Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the

agency.'" Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under FOIA. Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985.) The declarations and accompany Vaughn Index in this matter were provided by an individual familiar with the steps taken by the Bureau of Prisons in responding to Plaintiff's FOIA request. See Quigley Decl. I and the Declaration of Kathleen Quigley, May 14, 2007 (Quigley Decl. II). Since the declarations demonstrate that the Bureau of Prisons met its obligations under the FOIA, and the pleadings and other filings show no genuine issue as to any material fact in this regard, the Bureau is entitled summary judgment in its favor.

### A.     Plaintiff Has Access to His Central File

In his FOIA request, Plaintiff requested records contained in his inmate central file. Quigley Decl. II ¶ 5. However, the Bureau of Prisons has a policy that allows inmates to review all disclosable portions of their Inmate Central File by submitting a request to the designated staff member, P.S. 1351.05 at 12, ¶ 12(a)(attached hereto), and Plaintiff was expressly afforded this opportunity. Quigley Decl. II, ¶ 13 and Ex. 3 (attached therto). By affording such access, the Bureau of Prisons has fully met its obligation under the FOIA. See Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 70 (D.C. Cir. 1990), quoting Tax Analysts v. U.S. Dept. Of Justice, 845 F.2d 1060, 1065-67 (D.C. Cir. 1988)("An agency 'need not respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access.'")

### B. Certain Information Was Appropriately Withheld Consistent with Applicable FOIA Exemptions

#### 1. Exemption 2

Pursuant to 5 U.S.C. § 552(b)(2) (" Exemption 2"), the Government is not required to disclose records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to … a genuine and significant public interest" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Dept. of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Schiller v. National Labor Relations Board, 964 F.2d 1205, 1207 (D.C. Cir. 1992); National Treasury Employees Union v. U.S. Customs Service, 802 F.2d 525, 528-30 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco and Firearms, 670 F.2d 1051, 1073-74 (D.C. Cir. 1981); Dorsett v. U.S. Dept. of Treasury, 307 F.Supp.2d 28, 35-36 (D.D.C. 2004); Edmonds v. F.B.I., 272 F.Supp.2d 35, 50 (D.D.C. 2003). Depending upon the nature of the information, documents will fall within either the "low (b)(2) category" or the "high (b)(2) category." Schiller, 964 F.2d at 1207. "Low (b)(2)" information refers to internal procedures and practices of an agency, where disclosure would constitute an administrative burden unjustified by any genuine and significant public benefit. Martin v. Lauer, 686 F.2d 24, 34 (D.C. Cir. 1982); see also Schiller, 964 F.2d at 1207. "Low (b)(2)" information can be protected only if the information qualifies as a personnel rule or internal practice of an agency or is sufficiently related to such a rule or practice. See Schwaner v. Dept. of the Air Force, 898 F.2d 793, 795 (D.C. Cir. 1990); Voinche v. Federal Bureau of Investigation, 46 F.Supp.2d 26, 30 (D.D.C. 1999).

9

This Exemption was applied to withhold a fax cover sheet with four attachments consisting of a Psychiatric Unit Report, a personality score report, various internal documents related to processing Plaintiff's administrative remedy (including instructions and e-mails), and other matters related solely to the Bureau's internal practices (e.g., "favorites," "cookies," and address books). See Vaughn Index for FOIA #2006-07880, at 1; Vaughn Index for FOIA #2006-07648, at 3-4; and Quigley Decl. II, ¶ 13. Each document relates to the agency's internal practices, and thus, was withheld in full. Id.

### 2. Exemption 5

Exemption 5 protects from disclosure inter- and intra-agency communications that are covered by a traditional civil discovery privilege. See, e.g. Rockwell Internat'l Corp. v. Department of Justice, 235 F.3d 598, 601 (D.C. Cir. 2001); Martin v. Office of Special Counsel, 819 F.2d 1181, 1185 (D.C. Cir. 1987). Further, it does so without regard to the needs of a particular plaintiff. Id. at 1184.

Here, certain information is protected by the deliberative process privilege. Quigley Decl. II, ¶ 14. The privilege itself protects predecisional and deliberative communications, shielding from disclosure "the deliberative process that precedes most decisions of government agencies." For the privilege to apply, the communication must be both predecisional, i.e., "antecedent to the adoption of an agency policy," Jordon v. Department of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978)(en banc), overruled in part on other grounds, Crooker v. Bureau of Alcohol, Tobacco, and Firearms, 620 F.2d 1051 (D.C. Cir. 1981)(en banc), and deliberative "in that it makes recommendations or expresses opinions on legal and policy matters," Vaughn v. Rosen, 523 F.2d 1136, 1143-144 (D.C. Cir. 1975). "[T]he exemption protects not only communications which are

themselves deliberative in nature, but all communications which, if revealed, would expose to public view the deliberative process of an agency." Russell, 682 F.2d at 1048.

> There are essentially three policy bases for this privilege. First, it protects creative debate and candid considerations of alternatives within an agency, and, thereby, improves the quality of agency policy decisions. Second, it protects the public from the confusion that would result from premature exposure to discussions occurring before the policies affecting it had actually been settled upon. And third, it protects the integrity of the decision-making process itself by confirming that "officials should be judged by what they decided[,] not for matters they considered before making up their minds."

Jordan, 591 F.2d at 772-73 (citation omitted).

Thus, the exemption "guard[s] against disclosure of documents that suggest 'as agency position that which is as yet only personal position.'" Russell, 682 F.2d at 1048 (quoting Coastal States Gas Corp., 617 F.2d 854, 866 (D.C. Cir. 1980)). In addition, when evaluating a claim of deliberative process privilege, courts must defer to the agency's explanation of its decisional process, given the agency's expertise in determining "what confidentiality is needed 'to prevent injury to the quality of agency decisions.'" Pfeiffer v. CIA, 721 F. Supp. 337, 340 (D.D.C. 1989), quoting Chemical Mfgrs. Ass'n v. CPSC, 600 F. Supp. 114, 118 (D.D.C. 1984). The critical factor "is whether disclosure of the information would 'discourage candid discussion within the agency.'" Access Reports v. Department of Justice, 926 F.2d 1192, 1195 (D.C. Cir. 1991), quoting Dudman Communications Corp. v. Department of Air Force, 815 F.2d 1565, 1567-68 (D.C. Cir. 1987).

Here, the Exemption was applied to the Bureau's Minnesota Multiphasic Personality Inventory-2 Score Report and documents related to the processing of Plaintiff's Administrative Remedy. See Vaughn Index for FOIA #2006-07880, at 2 and Vaughn Index for FOIA #2006-07648, at 3-4. In deciding to withhold the former, consistent with the FOIA, the Bureau reviewed the score report noting that it contained the statements, opinions and conclusions of line staff.

Quigley Decl. II. ¶ 14. Notably, the document was compiled by the Bureau as part of its law enforcement mandate, specifically, during an investigation, and the release of the information could inhibit and affect the way staff communicates. Id. The documents related to the processing of Plaintiff's Administrative Remedy reflect the Bureau's deliberative process in that the documents were used to assist staff in their investigation and response to Plaintiff's Administrative Remedy. See Vaughn Index for FOIA #2006-07648, at 3-4. Accordingly, given the nature of these documents, all were appropriately withheld under Exemption 5.

### 2. Exemption 6

Exemption 6 permits the Government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute an unwarranted invasion of personal privacy." See 5 U.S.C. § 552(b)(6). The threshold issue to be determined in the application of Exemption 6 was firmly established in U.S. Dept. of State v. Washington Post Co., 456 U.S. 595 (1982). The Supreme Court made clear that all information that "applies to a particular individual" meets the threshold requirement for protection under Exemption 6. Id. at 602. "The next step under Exemption 6 involves identifying the relevant privacy interests in non-disclosure and the public interests in disclosure, and determining 'whether, on balance, disclosure would work a clearly unwarranted invasion of personal privacy.'" Reed v. National Labor Relations Board, et al., 927 F.2d 1249, 1251 (D.C. Cir. 1991) (quoting National Ass'n of Retired Federal Employees v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1989) cert. denied, 494 U.S. 1078 (1990). "'The phrase 'clearly unwarranted invasion of personal privacy' enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the

preservation of the public's right to governmental information.'" Dept. of the Air Force v. Rose, 425 U.S. 352, 372 (1976).

Pursuant to Exemption 6, the Bureau withheld a BOP form pertaining to third party visitor information. See Vaughn Index for FOIA #2006-07880, at 2. The specific information withheld included personal information such as a date of birth and social security number. Id. Disclosure of this information could clearly lead to an unwarranted invasion of personal privacy not contemplated even by FOIA's pro-disclosure policy. Accordingly, this personal information was appropriately withheld under FOIA. See, e.g. Truesdale v. U.S. Dept. of Justice, No. Civ. A. 03-1332 GK, 2005 WL 3273093 (D.D.C. July 22, 2005).

### 3.     Exemption 7(C)

The FOIA, 5 U.S.C. § 552, does not apply to records or information compiled for law enforcement purposes to the extent release of the information could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. § 552(b)(7)(C). This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. Reporters Comm. for Freedom of the Press v. U.S. Dept. of Justice, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996).

An agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. Reporters Comm. for Freedom of the Press, 489 U.S. at 780; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1206 (D.C. Cir. 1991).

In this case, the Exemption was applied to withhold information compiled by the Bureau as part of its law enforcement mandate -- specifically, information on non-incarcerated third parties such as dates of birth, social security numbers, telephone numbers, and addresses. Quigley Decl. II ¶ 16. Releasing this information would constitute an unwarranted invasion of privacy, and thus the information was appropriately withheld or redacted pursuant to FOIA Exemption 7(C). See, e.g. Truesdale, 2005 WL 3273093, *8-9.

### 4. Exemption 7(F)

Exemption 7(F) provides for the withholding of information or records compiled for law enforcement purposes, the release of which could endanger the life or physical safety of an individual. 5 U.S.C. § 552(b)(7)(F).

The material that the Bureau withheld pursuant to Exemption 7(F) would reveal personal information regarding non-incarcerated third-parties, the release of which could reasonably be expected to endanger the life or physical safety of the individuals identified in the records. Quigley Decl. II, 17. These third parties provided information regarding their addresses, dates of birth, social security numbers, whether they were ever convicted of a crime (or on probation) and if they had contact or visits with other inmates. Id. If this information is released, it would not only be an unwarranted invasion of personal privacy but, could reasonably be expected to harm these individuals. Id. Further, the information is required to conduct a law enforcement security background check, and there is no public interest in its release, as the inmate population could use the information to harass, embarrass, or defraud these individuals. Id.

### C. The Bureau Disclosed All Reasonably Segregable Portions of the Requested Documents.

The District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing

14

Agreement v. U.S. Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).  The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. U.S. Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

     Here, each document, and the pages contained in the document were evaluated for segregability.  Quigley Decl. II, ¶ 19.  Where a document was withheld in entirety, the Bureau determined that no meaningful portions could reasonably be released without destroying the integrity of such document or disclosing otherwise protected information.  Id.

### CONCLUSION

     For reasons stated herein, Defendant Bureau of Prisons moves for summary judgment in its favor and dismissal of this suit with prejudice.

          Respectfully Submitted,

          /s/ Jeffrey A. Taylor /dvh
          _____
          JEFFREY A. TAYLOR, D.C. BAR #498610
          United States Attorney

          /s/ Rudolph Contreras
          _____
          RUDOLPH CONTRERAS, D.C. BAR #434122
          Assistant United States Attorney

          /s/ Beverly M. Russell
          _____
          BEVERLY M. RUSSELL, D.C. Bar #454257
          Assistant United States Attorney
          U.S. Attorney's Office for the District
           of Columbia, Civil Division
          555 4th Street, N.W., Rm. E-4915
          Washington, D.C. 20530
          Ph:  (202) 307-0492

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Motion for Summary Judgment*** was served by the Court's Electronic Case Filing System and by postage prepaid, first class mail to:

Myron Tereshchuk, pro se
Reg. No. 47510-083
Federal Correctional Institution
Cumberland, Maryland 21502

on this 31st day of May, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney