UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYRON TERESHCHUK, )<br>)<br>       Plaintiff     )<br>)<br>  v.                       )<br>)<br>BUREAU OF PRISONS,     )<br>)<br>       Defendant.    )<br>_____ ) | Civil Action No. 06-1031(RWR) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of material facts as to which there is no genuine dispute.

1.      By letter dated April 6, 2006, Plaintiff submitted a request to the Federal Bureau of Prisons ("BOP") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, seeking a broad range of records as related to or regarding him.  R. 1, Pl.'s Compl., Ex. A, Privacy Act Freedom of Information Act Request. Plaintiff also sought records regarding psychological/psychiatric tests administered at the Devens Federal Medical Center where Plaintiff was formerly incarcerated, all risk assessment reports written about prisons stored on the computers of certain BOP staff, the complete list of "favorites," "cookies," and address books on the computers of certain BOP staff, indices of all major BOP information systems, policy statements and interpretations including those not published in the Federal Register, the BOP phone directory and e-mail list, and all "district court decisions, opinions, and orders that are in the possession and control of the BOP and have been adjudicated subsequent to January 1, 1976." Id.

2. The BOP responded to this request on August 8, 2006. See Declaration of Kathleen Quigley, ¶ 2 (March 15, 2007)("Quigley Decl. I)(attached hereto). Of the two hundred twenty-three (223) pages of records responsive to Plaintiff's request, one hundred seventy-one (171) pages were released in entirety and seven (7) pages were released with redactions. The redacted information from the seven (7) pages and the forty-five (45) pages withheld in entirety contained third-party information and internal BOP information. Quigley Decl. I, Ex. 1 (attached thereto).

3. Plaintiff submitted a second FOIA request to the BOP on or around May 16, 2006. Quigley Decl. I ¶ 3. He requested information related to his classification, psychiatric and psychological records, instructions to another federal inmate as to the inmate purportedly providing false testimony against the Plaintiff, records pertaining to staff instructions to keep Plaintiff classified as "medically unassigned," records pertaining to the confiscation and rejection of Plaintiff's mail, and "non personnel records" including the BOP's remedial indices, BOP instructions related to the confiscation and rejection of mail, videos and similar records used for training BOP psychiatrists and psychologists, the names and addresses of licensing boards to which certain BOP employees belong, and records disclosing the criteria used by BOP in classifying federal inmates as violent. Quigley Decl. I, Ex. 2.

4. The BOP responded to this request on March 14, 2007 informing Plaintiff that, as to records related to his classification and correspondence, he could request a local review of his central file by contacting staff at his institution. Id., Ex. 3, Letter from Henry J. Sadowski to Myron Tereshchuk, March 14, 2007. The BOP also noted that it had already provided Plaintiff's psychiatric and psychological records in response to a previous request, informed

Plaintiff that release of records related to another inmate were subject to the Privacy Act (if, in fact, the record Plaintiff requested even existed) . Id.  As to Plaintiff's request for "non personnel records," the BOP responded that Plaintiff had to provide a more specific description of the types of records he was seeking related to the administrative remedy indices (without such, a reasonable search could not be completed), produced the requested address information, noted that no records were found in response to Plaintiff's request for training videos, and informed Plaintiff that the remaining material including Program Statements could be obtained locally at FCI Cumberland.  Id.

     5.     Plaintiff submitted a third FOIA/PA request to the BOP on or around May 31, 2006.  Quigley Decl. I, Ex. 2.  He requested his mail, a complete list of banned materials that federal prisoners are not permitted to receive, instructions to BOP staff related to incoming and outgoing mail to federal prisoners, names and addresses of all persons requesting information about Plaintiff and access to the information provided to those individuals, BOP's legal volume of the Nuremberg Code and the Helsinki Agreement (as well as interpretations of these laws regarding the treatment of prisoners), a complete volume set of the Bankruptcy Reporter, the Federal Rules Decisions, and the Federal Appendix, a copy of a "recreational therapy release form" that Plaintiff refused to sign, and an attendance form which Plaintiff also refused to sign.  Quigley Decl. I, Ex. 2.

     6.     The BOP responded to Plaintiff's third FOIA request on March 14, 2007.  Id., Ex. 4, Letter from Henry J. Sadowski to Myron Tereshchuk, March 14, 2007.  Plaintiff was informed that he would receive eighteen (18) pages in their entirety but was also advised that ten (10) pages were being withheld in their entirety pursuant to 5 U.S.C. § 552(b)(2), (b)(5), (b)(6), and

(b)(7)(E). Quigley Decl. I ¶ 8. Eventually, only Exemption 2 and 5 were asserted to withhold the documents. See Vaughn Index for FOIA #2006-07648. Plaintiff was also informed that the BOP does not maintain a list of "banned" materials as each item is reviewed upon arrival at the respective institution. Id., Ex. 4, Sadowski Ltr. Plaintiff was also reminded that any non-law enforcement inquires pertaining to specific requests for information about Plaintiff would be maintained in Plaintiff's central file and that he could make arrangements with his local institution to review that file. Id. As to his request for legal research volumes, the BOP directed Plaintiff to his facility's law library for available materials. Id.

    Respectfully Submitted,

    /s/ Jeffrey A. Taylor /dvh
    _____
    JEFFREY A. TAYLOR, D.C. BAR #498610
    United States Attorney

    /s/ Rudolph Contreras
    _____
    RUDOLPH CONTRERAS, D.C. BAR #434122
    Assistant United States Attorney

    /s/ Beverly M. Russell
    _____
    BEVERLY M. RUSSELL, D.C. Bar #454257
    Assistant United States Attorney
    U.S. Attorney's Office for the District
     of Columbia, Civil Division
    555 4th Street, N.W., Rm. E-4915
    Washington, D.C. 20530
    Ph: (202) 307-0492