UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

Myron Tereshchuk,
    Plaintiff,

        v.

Bureau of Prisons,
    Defendant,

Civil Action No. 06-1031 (RWR)

DECLARATION OF KATHLEEN QUIGLEY

I, Kathleen Quigley, under penalty of perjury do hereby declare,
certify and state:

1.  I am the Paralegal Specialist Trainee for the Federal
Bureau of Prisons (hereinafter BOP), Northeast Regional Office,
Philadelphia, Pennsylvania.  As part of my official duties, I am
responsible for responding to Freedom of Information Act requests
made to the BOP for records maintained in the Northeast Region.
I have access to and am responsible for maintaining the Freedom
of Information Act and Privacy Act (hereinafter FOIA/PA) files
for requests processed in this office.

2.  I have reviewed the instant complaint and understand the
Plaintiff, Myron Tereshchuk, Register Number 47510-083, who is
currently incarcerated at the Federal Correctional Institution

2

(FCI), Cumberland, Maryland alleges the BOP has failed to respond to his two additional requests for access to various Bureau of Prisons documents.  A response to his first request (Request No. 2006-07880) was provided to the Plaintiff on August 8, 2006. A true and correct copy of this letter is attached as Exhibit 1.

3.  Official records maintained in this office reflect that Plaintiff has made two additional FOIA/PA requests.  The second request dated May 16, 2006, was received by the BOP Central Office, FOIA/PA, on May 22, 2006.  The third request dated May 31, 2006, was received by the BOP Central Office, FOIA/PA, on June 6, 2006.

4.  The requests were forwarded to the BOP's Northeast Regional Office.  The requests were assigned Request Numbers 2006-07887 (May 16, 2006 request) and 2006-07648 (May 31, 2006 request).  A copy of the requests are attached as Exhibit 2.

5.  A review of both requests reveal that a wide assortment of records were requested by the Plaintiff.  The Plaintiff requested, among other things, policy statements and staff manuals, records pertaining to the confiscation and rejection of his mail, and records contained in his inmate central file.

3

6.  On or about June 28, 2006, and July 7, 2006, requests
for responsive documents were forwarded to the Federal Medical
Center, Devens, Ayer, Massachusetts.  Upon receipt of the
responsive information, both requests were reviewed and processed
in accordance with the Bureau of Prisons guidelines for Freedom
of Information Act requests.

7.  By letter dated March 14, 2007, for Request No.
2006-07887, Plaintiff was notified that one record was found
responsive to a portion of his request.  He was also advised that
some of the requested documents and specific records and program
statements could be obtained locally at FCI Cumberland.  A true
and correct copy of this letter is attached hereto as Exhibit 3.

8.  By letter dated March 14, 2007, Plaintiff was notified
that records had been located and processed for Request No.
2006-07648.  Plaintiff was informed that he would receive
eighteen pages in their entirety.  Plaintiff was also advised
that ten pages were being withheld in their entirety pursuant to
5 U.S.C. § 552 (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).
This is further explained below.  A true and correct copy of this
letter is attached hereto as Exhibit 4.

4

## BUREAU OF PRISONS IS A LAW ENFORCEMENT AGENCY

9.    The BOP is a law enforcement agency.  The definition of
"law enforcement officer" includes "an employee of the [BOP] or
Federal Prisons Industries, Incorporated."  5 U.S.C. §8401
(17)(D)(I).  Furthermore, BOP is tasked with the law enforcement
mission of protecting inmates, staff, and the community.  See 18
U.S.C. §§ 3050, 4042.

10.    The BOP processes all requests by individuals (or
entities) for records pertaining to themselves (as in this case)
under the FOIA in order to provide the requester the maximum
disclosure authorized by law.  The Attorney General has
promulgated rules exempting these records from the PA's access
provisions as authorized by 5 U.S.C. § 552a(j)(2), which appears
at 28 C.F.R. § 16.81.  Subsection (j)(2) exempts from mandatory
disclosure records maintained by an agency or component thereof,
which performs as its principal function any activity pertaining
to the enforcement of criminal laws.

5

## EXPLANATION OF FORMAT UTILIZED FOR THE
## JUSTIFICATION OF DELETED MATERIALS

11.   The Vaughn Index will describe the documents that were
either released to Plaintiff with excisions or withheld in their
entirety.  The copies of the documents released with excisions
contain, on their face, exemptions which detail the nature of the
information withheld pursuant to the provisions fo the FOIA/PA.
A more detailed description of the information withheld could
identify the protected material.  As described below, no
reasonably segregable non-exempt portions were withheld from
Plaintiff.  Accordingly, all information withheld was exempt from
disclosure pursuant to a FOIA exemption or was not reasonably
segregable because it was so intertwined with protected material
that its release would have revealed the underlying protected
material.

## JUSTIFICATION FOR REDACTED AND WITHHELD MATERIAL

12.   All documents which relate to Plaintiff's requests were
processed to achieve maximum disclosure consistent with the
provisions of the FOIA/PA.  The subsections asserted by the BOP
for non-disclosure of portions of documents contained in the
release are (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(F) of

6

FOIA.  The following explains the BOP's rationale for withholding
information under these specific exemptions.

## Exemption 5 U.S.C. § 552 (b)(2)


13.  The BOP has a regulation and policy that no longer
allows inmates to possess copies of the Presentence Investigation
Reports (PSR) and Statement of Reasons (SOR).  The SOR is part of
an inmate's Judgment and Commitment Order that explain how the
court determined an inmate's sentence.  Specifically, whether or
not the inmate received a sentence reduction for cooperating with
the government.  The BOP allows inmate to have access to and
review their PSR and SOR through local review and access
procedures.  Thus, Plaintiff does have access to these documents.
However, in processing his request these twenty-six (26) pages of
records were withheld from the Plaintiff and exemption (b)(2) was
applied to this withholding.  Exemption (b)(2) of the FOIA also
exempts from mandatory release records or information related
solely to internal agency practices.

7

## Exemption 5 U.S.C. § 552 (b) (5)

14.   Exemption (b)(5) of the FOIA exempts from mandatory release records or information is such release would tend to inhibit open and frank communication between Federal Bureau of Prisons' employees.  The information withheld from Plaintiff pursuant to Exemption (b)(5), which was compiled by the BOP as part of its law enforcement mandate, consists of information that was compiled during an investigation and, if released, it could inhibit and affect the way staff communicate.  In deciding to withhold this information we reviewed the documents and those that were identified to be statements, opinions and conclusions of line staff were withheld because release of this information could allow inmates to alter their actions.  The BOP asserted (b)(5) to withhold this information, falling within these categories, in documents more fully detailed in the Vaughn Index attached hereto and incorporated herein.

## Exemption 5 U.S.C. § 552 (b) (6)

15.   Exemption (b)(6) of the FOIA exempts from release documents which would constitute a clearly unwarranted invasion of personal privacy.  This exemption is cited when the data or information, if released without an authorization from the individual who is identified in the documents that are maintained

8

by the BOP, would violate the Privacy Act and constitute a clearly unwarranted invasion of personal privacy.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

16.  Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy.  The information withheld or redacted and provided to the Plaintiff pursuant to Exemption (b)(7)(C), which was complied by the BOP as part of its law enforcement mandate, consists of non-incarcerated third-party information such as dates of birth, social security numbers, telephone numbers and addresses that were not known by the Plaintiff.

## EXEMPTION 5 U.S.C. § 552 (B)(7)(F)

17.  Exemption (b)(7)(F) provides for the withholding of information or records compiled for law enforcement purposes, the release of which could endanger the life or physical safety of any individual.  The material that the BOP has withheld or redacted and released to the Plaintiff pursuant to Exemption (b)(7)(F) in this case would reveal personal information regarding non-incarcerated third-parties, of which if released,

9

could reasonably be expected to endanger the life or physical
safety of the individuals identified in the records.  These
individuals provided information regarding their addresses, dates
of birth, social security numbers, whether they were ever
convicted of a crime, on probation and if they have contact or
visit with other inmates.  If this information is released, it
would not only be an unwarranted invasion of personal privacy
but, could reasonably be expected to harm these individuals.
This information is required to conduct a law enforcement
security background check and there is no public interest in its
release, as the inmate population could use this information to
harass, embarrass or defraud these individuals.  Also, due to
security and safety concerns, the PSR was withheld from the
Plaintiff based on this exemption.


    18.  Each step in the handling of Plaintiff's request has
been consistent with the BOP and Department of Justice procedures
which were adopted to ensure equitable responses to all persons
seeking access to records under FOIA/PA.


    19.  The Vaughn Index attached to this declaration
describes with further particularity each document and all
meaningful information contained herein.  Each document, and the
pages contained in each document, were evaluated for
segregability.  Where a document was withheld in its entirety,

10

the BOP determined that no meaningful portions could reasonably

be released without destroying the integrity of such document as

a whole or of disclosing otherwise protected information.


Pursuant to the provisions of 28 U.S.C. 1746, I declare under
penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2007.

Kathleen Quigley
Paralegal Specialist Trainee
Federal Bureau of Prisons
Philadelphia, Pennsylvania

# EXHIBIT 1



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
*Philadelphia, PA. 19106*

August 8, 2006

Myron Tereshchuk, Reg. No. 47510-083
Federal Medical Center (FMC) - Devens
P.O. Box 879
Ayer, Massachusetts  01432

RE:  Freedom of Information Request No. 2006-07880

Dear Mr. Tereshchuk:

This is in response to your Freedom of Information request
dated April 12, 2006.  You request copies of various documents
maintained by the Bureau of Prisons.

Two hundred twenty-three (223) pages of records were received in
this office for release determination.  Upon review, it has been
determined one hundred seventy-one (171) pages are being released
to you in their entirety and seven (7) pages are releasable to
you with excisions.  These one hundred seventy-eight (178) pages
are enclosed herein.  The remaining forty-five (45) pages are
being withheld in their entirety.

Seven(7) pages are being released with excisions and forty-five
(45) pages are being withheld in their entirety because they
contain third-party information and information intended for
staff use only.  Release of this information would tend to
inhibit open and frank communication between Federal Bureau of
Prisons' employees, would or could constitute an unwarranted
invasion of personal privacy, and could reasonably be expected to
endanger the life or physical safety of any person.  The
statutory bases for these excisions and withholdings are 5 U.S.C.
§ 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(F).

Myron Tereschuk, Reg. No. 47510-083
FOIA Request No. 2006-07880
Page 2

Included in this request is a seven-page directory of Bureau of
Prisons (BOP) contact information for each BOP facility. No
similar list is available for e-mail addresses.

Please be advised no records were found regarding your request
for copies of the following documents:

1. Risk Assessment Reports written about prisons that are stored
   on various FMC Devens' staff computers;
2. Instructions to Bureau of Prisons staff to label you with
   a specific personality disorder, neurosis, psychosis, or
   any other mental health defect; and
3. Instructions and orders to FMC Devens staff permitting
   individuals without psychology or psychiatry backgrounds to
   participate in the evaluation and/or diagnosis of you.

In order to properly respond to your request for the names,
titles, and e-mail addresses of all members of the N Treatment
Team, please provide more specific information, including the
date and time of the meeting.

In order to obtain copies of your six (6) x-rays, you must agree
to pay an estimated fee of $30.00 ($5.00 per x-ray). Also, you
must provide a mailing address for a physician you choose to
receive the films as they are not authorized in inmate housing
units due to security and property restrictions.

Additionally, you may have your original x-rays forwarded to an
outside doctor for a 30-day review with the understanding that
the doctor must return them to FMC Devens. Also, you may seek a
local review of your x-rays by submitting an Inmate Request to
Staff to the doctor at FMC Devens.

The Bureau of Prisons provides inmates with access to many of its
Program Statements in the institution law libraries. Please
utilize that access process. If the Program Statement is
unavailable at your institution, you may resubmit your request.

Myron Tereschuk, Reg. No. 47510-083
FOIA Request No. 2006-07880
Page 3


I trust this has been responsive to your request.  However, if
you are dissatisfied with this response, you may appeal to the
Attorney General by filing a written appeal within 60 days of
your receipt of this response to:  Office of Information and
Privacy, United States Department of Justice, 1425 New York
Avenue, Suite 11050, Washington, D.C.  20530-0001.
Both the envelope and the letter of appeal itself should be
clearly marked: "Freedom of Information Act Appeal".

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures:  178 pages

# EXHIBIT 2

RECEIVED
MAY 2 2 2005
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

MYRON TERESHCHUK
#41510-083; Unit N-5
FMC Devens
P.O. Box 879
Ayer, MA 01432

PRIVACY ACT REQUEST

and

FREEDOM OF INFORMATION ACT REQUEST

Director, Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Dear Freedom of Information Act Administrator:

This document is a request for the prompt disclosure of all records listed below which are in the possession or under the control of the Federal Bureau of Prisons and this request is made pursuant to the Freedom of Information Act, 5 U.S.C.A. Section 552, and the Privacy Act, 5 U.S.C.A. Section 552a.

In order to be in compliance with your agency regulations, and in particular, 28 C.F.R. Section 513.61(c), this FOIA and Privacy Act requester states that he was born on May 8, 1962 in East Orange, New Jersey. My previous address was 4606 21st Street Mount Rainier, Maryland.

As a result of the disclosure of the requested information being in the public interest because the public will be the primary beneficiary and the disclosure is likely to contribute significantly to the public understanding of the Bureau of Prisons operations and activities, the requester demands a fee waiver to apply to the requested records.

I request the prompt disclosure of the following personal records in the control or possession of the Federal Bureau of Prisons, that are located in F.M.C. Devens in Ayer, Massachusetts and in the main offices of the agency in Washington, D.C., as well as all other locations that are maintained by the agency:

1) All instructions to B.O.P. staff, and similar records, regarding classifying Myron Tereshchuk, Reg. No. 47510-083 as violent.

2) The complete psychiatric and psychological records pertaining to Myron Tereshchuk, Reg. No. 47510-083.

3) All instructions to federal inmate, Gary Podsiadlik, Reg. No. 11576-052, pertaining to him providing false testimony against Myron Tereshchuk, Reg. No. 47510-083, in exchange for a shorter sentence.

4) All instructions to B.O.P. staff pertaining to keeping Myron Tereshchuk, Reg. No. 47510-083 classified as "Medically Unassigned".

5) All records pertaining to the confiscation and rejection of mail addressed to Myron Tereshchuk, Reg. No. 47510-083.

The following records are not personal records and include:

1) The complete B.O.P. administrative remedy indexes to F.M.C. Devens, the Northeast Regional Office, and the Central Office.

2) All instructions to B.O.P. staff, and similar records, regarding the application of the "Ensign Amendment", "the Omnibus Act of 1997", and "P.L. 105-277" to the confiscation and rejection of U.S. mail to federal inmates.

2

3)  All instructions to B.O.P. staff, including similar records, regarding the confiscation and/or rejection of U.S. mail addressed to federal inmates and using "nudity" and/or "sexually explicit" subject matters as the pretext for the confiscation and/or rejections.

4)  All manuals, videos, and similar records, used for the training of B.O.P. psychiatrists and psychologists.

5)  The names and addresses to the licensing authorities and disciplinary boards to which the following F.M.C. Devens employees assigned to the psychiatric/psychology department in N Building belong to:  Dr. Haas, Dr.  Riggs, Dr. Taylor, Dr. Fletcher, and Dr. Sonnigan.

6)  The records disclosing the criteria the B.O.P. uses in classifying federal inmates as violent.

Should there be any questions or controversies regarding this Freedom of Information Act/Privacy Act request, please contact me as soon as possible so that we may work together in achieving the objectives of this request.

I swear and affirm under penalty of perjury that the information in this document is correct in accordance with 28 U.S.C.A. Section 1746.

Respectfully Submitted,

Date: May 16, 2006

Myron Tereshchuk
Reg. No. 47510-083

3

MYRON TERESHCHUK
#47510-083; Unit N-5
FMC Devens
P.O. Box 879
Ayer, MA 01432

NONO

### FREEDOM OF INFORMATION ACT REQUEST

and

### PRIVACY ACT REQUEST

May 30, 2006

Director
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

**RECEIVED**

JUN - 6 2006
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Dear Director/FOIA Administrator:

This document is a request for the prompt disclosure of all records listed below which are in the possession and/or control of the Federal Bureau of Prisons and this request is made pursuant to the Freedom of Information Act, 5 U.S.C.A. Section 552, and the Privacy Act, 5 U.S.C.A. Section 552a.

In order to be in compliance with F.B.O.P. regulations, and in particular, 28 C.F.R. Section 513.61(c), this FOIA and Privacy Act requester states that, "I was born on May 8, 1962 in East Orange, New Jersey and my previous address was 4606 21st St., Mount Rainier, Maryland."

TERESHCHUK FOIA/PA REQUEST (Pag

As a result of the disclosure of the requested agency records being in the public interest because of the public being the primary beneficiary and the disclosure is likely to contribute significantly to the public understanding of the Bureau of Prisons' operations and activities, the requester demands a fee waiver to apply to the requested records.

I request the prompt disclosure of the following personal records that are in the control or possession of the Federal Bureau of Prisons, that are located in F.M.C. Devens in Ayer, Massachusetts on the date of this FOIA/Privacy Act request being filed with your agency:

1. All incoming and outgoing U.S. Mail, and similar records, that are addressed "to" and/or "from" federal inmate, Myron Tereshchuk #47510-083. These records include all confiscated correspondence, e.g., letters, magazines, journals, articles, books, legal research, legal documents, and all administrative records pertaining to the confiscation and/or rejection of Myron Tereshchuk's mail.

Please note that any rejection of the mail addressed to this FOIA/Privacy Act requester that has been confiscated prior to the filing of this FOIA/Privacy Act request, and that was in the possession and control of F.B.O.P. employees at F.M.C. Devens, may be regarded as a destruction of government records and might become subject to a Motion for the Reconstruction of Records, in court at the expense of the F.B.O.P.  These records include all legal research, scientific research, journals, magazines, letters, greeting cards, and books, e.g., The Society of Mind, Think Like a Shrink, Adult Psychopathy and Diagnosis, The Breast Book, The Sociopath Next Door, The Unknown Darkness, and Codes, and all other books that have been confiscated or withheld from this FOIA/Privacy Act requester by F.M.C. Devens employees prior to the filing of this request.

2.  The complete lists of all banned books, journals, magazines, and all other literature that federal prisoners are not permitted to receive through the U.S. Mail by the F.B.O.P.

3. All instructions to agency staff, administrative manuals, and similar records, pertaining to F.M.C. Devens employees confiscating, rejecting, reading, delaying, and/or compromising the incoming and outgoing U.S. Mail of federal prisoners.

4. Requester demands access to the names and addresses of all persons requesting information about requester and access to all information provided to such persons.

5. Requester demands access to the F.B.O.P.'s annotated legal volumes containing the Nuremberg Code and the Helsinki Agreement, as well as all interpretations of these two international laws controlling the treatment of prisoners.

6. Complete volume sets of the Bankruptcy Reporter, The Federal Rules Decisions, and the Federal Appendix.

7. The document that Ms. Benet-Rivera, of F.M.C. Devens, referred to as a "recreational therapy consent form" and that this FOIA/Privacy Act requester refused to sign on November 30, 2005.

8. The document referred to as an "attendance form" by Dr. James Fletcher, of F.M.C. Devens, at this FOIA/Privacy Act requester's last N Treatment Team meeting which he refused to sign.

TERESHCHUK FOIA/PA REQUEST (Page 5)

In the event that you will have questions regarding this Freedom of Information Act/Privacy Act request, please notify me as soon as possible so that we may work together in achieving the objectives of this request.

I swear and affirm under penalty of perjury that the information in this document is correct in accordance with 28 U.S.C. Section 1746.

Respectfully Submitted,

Date: *May 31, 2006*

*Myron Tereshchuk*

Myron Tereshchuk
Reg. No. 47510-083

**EXHIBIT 3**



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

March 14, 2007

Myron Tereshchuk, Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland  21501

RE:   Freedom of Information Request No. 2006-07887

Dear Mr. Tereshchuk:

This is in response to your Freedom of Information request
dated May 16, 2006, in which you set forth a request for five
sets of "personal" records and six requests for "not personal
records".  These eleven separate sets of documents will be
addressed below.

In response to "personal records" requests number one, four, and
five, any responsive records concerning specific instructions to
Bureau of Prisons' staff pertaining to your specific
classification, assignment, and/or correspondence would be
maintained in your central file.  In accordance with Bureau of
Prisons' Program Statement 1351.05, <u>Release of Information</u>, you
may seek a local review of your central file by contacting staff
at your institution to make arrangements for review.  Copies of
disclosable documents may be obtained locally.

In response to "personal records" request number two, your
psychiatric and psychological records were previously provided to
you in Freedom of Information Request No. 2006-07880, response
letter dated August 4, 2006.

In response to "personal records" request number three (a request
for all instructions to another inmate to provide false testimony
against you), a release of such records, if any exist, would
constitute an unwarranted invasion of personal privacy.

In response to your "not personal records" request number one
(for the complete Bureau of Prisons' administrative remedy
indexes to FMC Devens, the Northeast Regional Office and Central
office), you must provide a more specific description of the
records you are seeking (i.e., date(s), type of incident, etc.).
Without a more specific description, a reasonable search cannot
be completed.

Myron Tereshchuk, Reg. No. 47510-053
RE: FOIA Request No. 2006-07887
Page 2

In response to your "not personal records" request number two, three, and six, the Bureau of Prisons provides inmates with access to many of its Program Statements in the institution law libraries. Please utilize that access process for your request concerning these topics. If the specific Program Statement is unavailable at your institution, you may resubmit your request.

In response to your "not personal records" request number four, (manuals, videos and similar records used for the training of Bureau of Prisons' psychiatrists and psychologists), please be advised that a search was conducted and no records were found responsive to your request.

In response to your "not personal records" request number five, (names and addresses of the licensing and disciplinary boards of five specific medical doctors at FMC Devens), enclosed is a one page printout that includes the responsive address information. Although this document is not a Bureau of Prisons record, it is being provided as the most responsive means to address your request.

I trust this has been responsive to your request. However, if you are dissatisfied with this response, you may appeal to the Attorney General by filing a written appeal within 60 days of your receipt of this response to: Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001. Both the envelope and the letter of appeal itself should be clearly marked: "Freedom of Information Act Appeal".

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosure: 1 page

**EXHIBIT 4**



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

March 14, 2007


Myron Tereshchuk, Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland  21501

RE:   Freedom of Information Request No. 2006-07648

Dear Mr. Tereshchuk:

This is in response to your Freedom of Information request
dated May 31, 2006, in which you set forth eight separate
requests for various documents.

In response to your first request, twenty-eight (28) pages of
records were received in this office for release determination.
Upon review, it has been determined eighteen (18) pages are being
released to you in their entirety and are enclosed herein.  The
remaining ten (10) pages are being withheld in their entirety.

Ten pages are being withheld in their entirety because they
contain third-party information and information intended for
staff use only.  Release of this information would circumvent
Federal Bureau of Prisons' policy, would tend to inhibit open and
frank communication between Federal Bureau of Prisons' employees,
would or could constitute an unwarranted invasion of personal
privacy, and would disclose techniques and procedures for law
enforcement investigations or prosecutions.  The statutory bases
for these withholdings are 5 U.S.C. § 552 (b)(2), (b)(5), (b)(6),
(b)(7)(C) and (b)(7)(E).

In response to your second request, a "complete list of all
banned" materials is not maintained as each item is reviewed upon
arrival at the respective institution.

In response to your third request, the Bureau of Prisons provides
inmates with access to many of its Program Statements in the
institution law libraries.  Please utilize that access process.
If the Program Statement is unavailable at your institution, you
may resubmit your request.

Myron Tereschuk, Reg. No. 47510-083
FOIA Request No. 2006-07648
Page 2

In response to your fourth request, any responsive records
concerning non-law enforcement inquiries pertaining to specific
requests for information about you, would be maintained in your
central file.  In accordance with Bureau of Prisons' Program
Statement 1351.05, <u>Release of Information</u>, you may seek a local
review of your central file by contacting staff at your
institution to make arrangements for review.  Copies of
disclosable documents may be obtained locally.

In response to your fifth and sixth request, each Bureau of
Prisons institution follows the requirements established by
national policy regarding the nature of materials to maintain in
a law library.  Please utilize the established law library for
access to the available materials.

In response to your seventh request for a document referred to as
a "recreational therapy consent form" which you claim you refused
to sign on November 30, 2005, a search was conducted and no
records were found responsive to your request.

In response to your eighth request for the names and addresses of
all persons requesting information concerning you and a document
referred to as an "attendance form" by Dr. James Fletcher, in
accordance with Bureau of Prisons' Program Statement 1351.05,
<u>Release of Information</u>, you may seek a local review of your
central and medical files by contacting staff at your institution
to make arrangements for review.  Copies of disclosable documents
may be obtained locally.

I trust this has been responsive to your request.  However, if
you are dissatisfied with this response, you may appeal to the
Attorney General by filing a written appeal within 60 days of
your receipt of this response to:  Office of Information and
Privacy, United States Department of Justice, 1425 New York
Avenue, Suite 11050, Washington, D.C.  20530-0001.
Both the envelope and the letter of appeal itself should be
clearly marked: "Freedom of Information Act Appeal".

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures:  18 pages