UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MYRON TERESHCHUK, Pro-se        )
                                )
            Plaintiff,          )
                                )
        v.                      )    Civil Action No.: 1:06-cv-1031(RWR)
                                )
BUREAU OF PRISONS               )
                                )
            Defendant.          )
_____ )

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Myron Tereshchuk, appearing pro se, hereby opposes the Motion for Summary

Judgment, submitted by Defendant, Federal Bureau of Prisons, pursuant to Rule 56 of the

Federal Rules of Civil Procedure. The Court should not rule in Defendant's favor and should not

dismiss this action because there are genuine issues of material fact in dispute that prevent

this action from being moot.

A memorandum of points and authorities in support of this opposition, a controverting

declaration, and a proposed Order are filed herewith.

Respectfully Submitted,
Myron Tereshchuk, pro se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se            )
                                    )
              Plaintiff,            )
                                    )
       v.                           )      Civil Action No.: 1:06-cv-1031(RWR)
                                    )
BUREAU OF PRISONS                   )
                                    )
              Defendant.            )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552,

and the Privacy Act ("PA"), 5 U.S.C. Section 552a, and pertains to the Defendant's,

Federal Bureau of Prisons', improper withholding of agency records from the Plaintiff,

Myron Tereshchuk, who seeks the disclosure to all information regarding himself and other

agency information that is disclosable under the FOIA.

Summary Judgment is inappropriate at this stage of the proceeding because the Defendant

has not met its obligation under the FOIA by failing to describe the documents being withheld

and the justifications for the nondisclosure with reasonably specific detail; by failing to

demonstrate that each record withheld logically falls within the claimed exemptions; and

because there exist genuine issues of material fact that preclude the dismissal of this action.

In a FOIA action, "summary judgment is appropriate when the pleadings, together with

declarations, demonstrate that there are no genuine issue of material fact that the moving

party is entitled to judgment as a matter of law." Judicial Watch Inc., v. U.S. Dept. of

Commerce, 90 F. Supp. 2d 9, 12 (D.D.C. 2000). In reviewing a motion for summary judgment

under FOIA, the Court must conduct a de novo review of the agency's denial of the request.

See 5 U.S.C. Section 552(a)(4)(B). The burden is upon the agency to show that each denial is

proper. See Judicial Watch of Florida v. U.S. Dept. of Justice, 102 F. Supp. 2d 6, 10

(D.D.C. 2000). This Court has held that in "a FOIA case, the Court may award summary

judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Czeck v. Bureau of Alcohol, Tobacco and Firearms, 2000 WL 1358685 (D.D.C. 2000)(quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C.Cir 1981)).

I.    DECLARATIONS ARE VAGUE, SWEEPING AND CONCLUSORY AND THE SEARCH INADEQUATE

In responding to a FOIA request, an agency has a duty to conduct a reasonable search for responsive records. Oglesby v. United States Department of the Army, 920 F.2d 57,68 (D.C. Cir. 1990). The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the responsive records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68. An agency may prove the reasonableness of its search through affidavits of responsible agency officials as long as the affidavits are "relatively detailed, non-conclusory and submitted in good faith." Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir. 1985); see also Goland v. Central Intelligence Agency, 607 F.2d 339, 353 (D.C. Cir. 1978).

Affidavits or declarations submitted by an agency which merely state that the requested documents have been produced, and do not detail the methods used to search for the documents or state that all of the documents have been produced, are insufficient to warrant a grant of summary judgment in a FOIA action. Papa v. U.S., 281 F.3d 1004 (9th Cir. 2002). A declaration by an agency that does not contain an explanation of the kind of search conducted to compile the documents, the search terms used, the processes used in the search, the identities of the searchers, or that does not contain the required averment that the files likely to contain the responsive materials have been searched, is inadequate to establish

2

the reasonableness and accuracy of a FOIA search.  Jackson v. U.S. Attorneys Office, Dist.

of N.J., 293 F. Supp.2d 34 (D.D.C. 2003), subsequent determination, 362 F.Supp.2d 39

(D.D.C. 2005).  If the record leaves substantial doubt as to the sufficiency of the search,

summary judgment for the agency is not proper.  Id.

   In this case, the declarations do not specify neither the details of the search nor the search

procedures, search processes, search methods, which record systems were searched, what

search terms were used, and who conducted the search and what was found.  The Defendant

leaves the matter to the Court to speculate whether the Defendant's declarations and searches

are adequate.

   2.   SEGREGABILITY NOT JUSTIFIED BY DEFENDANT

   The United States Court of Appeals for the District of Columbia has held that a District

Court considering a FOIA action has "an affirmative duty to consider the segregability issue

sua sponte."  Trans-Pacific Policing Agreement v. United States Customs Service,

177 F.3d 1022, 1028 (D.C. Cir. 1999).  The FOIA requires that if a record contains information

that is exempt from disclosure, any "reasonably segregable" information must be disclosed

after deletion of the exempt information unless the non-exempt portions are "inextricably

intertwined with exempt portions."  5 U.S.C. Section 552(b);  Mead Data Cent., Inc. v.

United States Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

   In order to demonstrate that all reasonably segregable material has been released, the

agency must provide "a detailed justification" rather than "conclusory statements."  Mead

Data, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed

justification" that the exempt material would effectively be disclosed.  Id.  Instead the

government must show "with reasonable specificity" why a document cannot be further

segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79

(D.C. Cir. 1996).  Moreover, the agency is not required to "commit significant time and

3

resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

In this case, the Defendant has failed to demonstrate in its declarations and Vaughn Indexes that all segregable nonexempt information has been disclosed. Defendant's vague, conclusory, sweeping, barren assertions merely state that material is withheld in its entirety pursuant to exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) because the disclosable material is intertwined with protected material, but fails to demonstrate "how" and "why" that is so.

3.    VAUGHN INDEXES CLAIM WRONG EXEMPTIONS FOR THE WITHHOLDINGS AND EXCISIONS

The Defendant has submitted two Vaughn Indexes to assist the Court to evaluate whether the Defendant has met its burden under the FOIA. To satisfy the purpose and intent of the Vaughn Indexes, Defendant's submissions must at least "(1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemptions." Citizens Comm. On Human Rights v. FDA, 45 F.3d 1325, 1326 (C.D. Cal. 1993). The Defendants Vaughn Indexes are inadequate to satisfy the purpose and intent of these indexes.

In this case, the Defendant has claimed irrelevant statutory exemptions for the withholding and the redacting of records from Plaintiff in the two Vaughn Indexes that support its summary judgment motion. Each of the listed documents claims an FOIA exemption as the justification for the withholding, whereas all of the documents listed in the Vaughn Indexes are personal records retrievable by reference to the Plaintiff's name. Therefore, the Privacy Act, rather than the FOIA determines the proper exemptions for the withholdings.

While the Privacy Act and the FOIA substantially overlap, there are instances in which the FOIA denies access and the Privacy Act compels release. Martin v. Office of Special Counsel,

4

MSPB, 819 F.2d 1181, 1184 (D.C. Cir. 1987); Rojem v. U.S. Dep't of Justice, 775 F.Supp. 6, 13 (D.D.C. 1991). Thus, the Court must evaluate the Plaintiff's Privacy Act claims independently. Simon v. U.S. Dep't of Justice, 752 F.Supp. 14, 22-23 (D.D.C. 1990).

Indeed, the Privacy Act has codified this requirement and states that, "No agency shall rely on any exemption contained in section 552 of this title to withhold from an individual any record which is otherwise accessible to such individual under the provisions of this section." 5 U.S.C. Section 552a(t)(1). The Plaintiff is entitled to the cummulative result of what both, the FOIA and the Privacy Act provide. Fagot v. FDIC, 584 F.Supp. 1168, 1173. "If a FOIA exemption covers the documents, but a Privacy Act exemption does not, the documents must be released under the Privacy Act; if a Privacy Act exemption, but not a FOIA exemption applies, the documents must be released under the FOIA." Martin, 819 F.2d at 1184.

The Defendant attempts to escape the ineluctable necessity of demonstrating that statutory exemptions must justify the withholding and excision of agency records. Instead, the Defendant has adhered to the untenable practice of omitting entire record categories that were requested in the three FOIA requests. Neighter the declarations nor the Vaughn Indexes address most of the requested records. Specifically, the unmentioned records include most, if not all, of the records listed in paragraphs 2-5 in the Plaintiff's Statement of Facts in Dispute. Such an oversight points to bad faith and summary judgment is inappropriate.

Although some of the records are mentioned in passing in the Defendant's Memorandum of Points and Authorities, absolutely no discussion is made of them in neither the declarations nor the Vaughn Indexes. This proceeding is being held de novo and the Defendant has the burden of addressing all of the individual requests within all three of the FOIA/PA requests. Failure to do so is tantamount to a failure to prosecute.

5. DELIBERATIVE PROCESS PRIVILEGE IS INAPPLICABLE TO THE REQUESTED COMPUTER FILES

Among the types of records held outside of Exemption 5, because of their factual nature, are scientific, economic, and technological data. Ethyl Corp. v. Environmental Protection Agency, 478 F.2d 47, 49 (4th Cir. 1973); Verrazzano Trading Corp v. U.S., 349 F.Supp. 1401, 1406-07 (1972). The deliberative process privilege does not exempt the type of computer files that were requested, i.e., shells, cookies, favorites, history, and e-mail addresses, because these computer files are factual data that are not used in the deliberative process and are not pre-decisional in nature. To demonstrate that the requested computer files play a part in the "give-and-take" of agency decision making, so as to be exempt under the deliberative process privilege, the Defendant must establish what deliberative process is involved and the role the computer files play in the course of that process. Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854,861 (D.C. Cir. 1980); Animal Legal Defense Fund v. Dep't of Air Force, 44 F.Supp.2d 295, 299 (D.D.C. 1999). In this case, the Defendant has failed to establish the deliberative process involved and has also failed to demonstrate what role the withheld computer files play in that process.


CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment should be denied and no portion of this action should be dismissed with prejudice.

Respectfully Submitted,

Myron Tereshchuk, pro se

6

CERTIFICATE OF SERVICE

This is to certify that on this 28ᵗʰ day of June , 2007, I caused a copy of the

foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,

to be served on Defendant by first class mail, postage prepaid, with certified mail receipt

and return receipt services, addressed to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

by delivering the document to the mail room at F.C.I. Cumberland, as outgoing legal mail,

for deposit into the U.S. Mail.

Myron Tereshchuk, pro se
Reg. No. 47510-083
F.C.I. Cumberland
P.O. Box 1000
Cumberland, MD 21501

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se    )
    )
        Plaintiff,    )
    )
       v.    )    Civil Action No.: 1:06-cv-1031(RWR)
    )
BUREAU OF PRISONS    )
    )
        Defendant.    )
_____)

ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. Upon

consideration of the Motion and Plaintiff's Opposition thereto, it is by the Court this

_____ day of _____, 2007, hereby

ORDERED that Plaintiff's Opposition is GRANTED;

ORDERED that Defendant's motion is DENIED;

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA

Copies to:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

Myron Tereshchuk
Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, pro-se        )
                               )
              Plaintiff,        )
                               )
        v.                     )        Civil Action No.: 1:06-cv-1031(RWR)
                               )
BUREAU OF PRISONS              )
                               )
              Defendant.       )
_____)

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

The Plaintiff, pursuant to Local Rule 7(h), hereby submits the following statement of
genuine issues setting forth all material facts as to which it is contended there exist genuine
issues necessary to be litigated.

1. The Plaintiff submitted a Freedom of Information Act ("FOIA") request by first class
mail to the Defendant on April 6, 2006, pursuant to the FOIA, 5 U.S.C. Section 552, and the
Privacy Act ("PA"), 5 U.S.C. Section 552a, seeking all records pertaining to himself and records
that must be disclosed under the FOIA.  Tereshchuk Decl. Exhibit A.

2. Specifically, the Plaintiff requested access to inspect and copy all personal records the
Defendant maintains on Plaintiff, including but not limited, to the following sub-categories
of records:

    a) All orders and instructions to staff regarding the Plaintiff;

    b) Complete Inmate Central File regarding the Plaintiff;

    c) All Recreational Therapy records regarding the Plaintiff;

    d) All psychological and psychiatric records regarding the Plaintiff, including raw data
       from psychological tests;

    e) All medical records including X-Ray photographs regarding the Plaintiff;

    f) All e-mail records regarding the Plaintiff;

g) All notes taken by BOP employees participating on the "N Treatment Team" meetings regarding requester;

h) All administrative and staff manuals used by BOP staff to diagnose and provide treatment to the Plaintiff;

i) All documents Plaintiff has refused to sign which are under the control of Dr. Fletcher and Ms. Benet-Rivera;

j) All documents on Dr. Fletcher's computer that reference Plaintiff by name or inmate registration number;

k) All instructions and orders to BOP staff to classify Plaintiff as having been convicted of a violent offence;

l) All instructions and orders to BOP staff to transport Plaintiff to FMC Devens for a psychological/psychiatric evaluation and the reasons and agenda for the evaluation;

m) All instructions and orders to BOP staff to label Plaintiff with a specific personality disorder, neurosis, psychosis, or any other mental health defect;

n) All records regarding the Plaintiff's cultural background;

o) All instructions and orders to FMC Devens staff permitting individuals without psychology or psychiatry backgrounds to participate in the evaluation and/or diagnosis of Plaintiff;

p) The names, titles, and e-mail addresses of all members of the N Treatment Team who participated in meetings with the Plaintiff;

q) The complete diagnosis according to the criteria outlined in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Revision (DSM-IV-R) relied on by FMC Devens staff to evaluate and diagnose requester;

s) The complete mental health history of Plaintiff;

t) All records reflecting the amplification or attenuation of the Rosenthal effect on the Plaintiff as a result of the psychological evaluations by the FMC Devens staff.

Tereshchuk Decl., Exhibit A, pages 2-3.

2

3) Plaintiff specifically provided the Defendant with leads pertaining to the search locations and records systems regarding my personal records by stating in the first FOIA request that, "The personal records requested can be found under the control of at least the following employees who work at FMC Devens: Mr. Janesko, Drs. Fletcher, Haas, Taylor, Riggs, Sonniga, as well as various social workers including but not limited to Ms. Rasmussen, Mr. Kleinshmidt, Mr. Allen, Ms. Benet-Rivera, and Mr. Colautti." Tereshchuk Decl. Exhibit A, page 1.

4) In the first FOIA request, Plaintiff further requested five categories of records that at the time were located at FMC Devens and under the control of Drs. Fletcher, Sonniga, Haas, and Riggs:

    a) All of the psychological/psychiatric tests and risk assessment instruments administered at FMC Devens to prisoners undergoing psychological/psychiatric evaluations, including but not limited to the questions, answers, explanatory answers, plates, images, manuals, guides, and software, as well as the records indicating the validity, reliability, and applications of the Minnesota Multiphasic Personality Inventory-2, the Thematic Apperception Test, the Violence Risk Appraisal Guide, the Hare Psychopathy Checklist - Revised, The Historical Clinical Risk Management test, the Level of Service Inventory, the Wechsler Adult Intelligence Scale, the Wechsler Abbreviated Scale of Intelligence.

    b) The VCR cassette tape entitled "How to Irritate People" which was displayed in Dr. Fletcher's office in room N2904 at FMC Devens.

    c) All of the shells used for report writing from the computers used by Drs. Fletcher, Sonniga, Riggs, Haas, and Amy Taylor.

    d) All of the risk assessment reports written about prisoners that are stored on the computers used by Drs. Fletcher, Sonniga, Haas, and Riggs.

    e) The complete list of "favorites," all "cookies," and the address books from the computers used by Drs. Fletcher, Sonniga, Haas, Riggs, and Warden Winn.

Tereshchuk, Decl., Exhibit A, pages 4-5.

3

5) The remaining records requested in the first FOIA request include:

    a) All Program Statements and Policy Statements including indices;

    b) All indices to all reading room records and all electronic room records;

    c) All indices of all major information systems of the BOP as well as the handbook for obtaining various types and categories of public information from the BOP, pursuant to Chapter 35 of Title 44, and the FOIA;

    d) All Policy Statements and interpretations not published in the Federal Register;

    e) All district court decisions, opinions, and orders that are in the possession and control of the BOP and have been adjudicated subsequent to January 1, 1976;

    f) The BOP phone directory and e-mail list.

Tereshchuk Decl., Exhibit A, page 5.

6) On May 16, 2006, the Plaintiff submitted a second FOIA and PA request to the BOP and requested the following records:

    a) All instructions to BOP staff, and similar records, regarding classifying Plaintiff as violent;

    b) The complete and psychiatric and psychological records pertaining to Plaintiff;

    c) All instructions to federal inmate, Gary Podsiadlik, Reg. No. 11576-052, pertaining to him providing false testimony against the Plaintiff in exchange for a shorter sentence;

    d) All instructions to BOP staff pertaining to keeping the Plaintiff classified as "medically Unassigned;"

    e) All records pertaining to the confiscation and rejection of mail addressed to the Plaintiff;

    f) The complete BOP administrative remedy indexes to F.M.C. Devens, the Northeast Regional Office, and the Central Office;

4

g) All instructions to BOP staff, and similar records, regarding the application of the "Ensign Amendment," "the Omnibus Act of 1997," and "P.L. 105-277" to the confiscation and rejection of U.S. mail to federal inmates;

h) All instructions to BOP staff, including similar records, regarding the confiscation and/or rejection of U.S. mail addressed to federal inmates and using "nudity" and/or "sexually explicit" subject matter as the pretext for the confiscation and/or rejections;

i) All manuals, videos, and similar records, used for the training of BOP psychiatrists and psychologists;

j) The names and addresses of licensing authorities and disciplinary boards to which the following F.M.C. Devens employees assigned to the psychiatric/psychology department in N Building belong to:  Drs. Haas, Riggs, Taylor, Fletcher, and Sonniga;

k) The records disclosing the criteria the BOP uses in classifying federal inmates as violent.

Tereshchuk Decl. Exhibit B.

7) On May 30, 2006, the Plaintiff submitted a third and final FOIA and PA request to the BOP that specifically requested the following records:

a) All confiscated correspondence, e.g., letters, magazines, journals, articles, books, legal research, legal documents, and all administrative records pertaining to the confiscation and/or rejection of Plaintiff's mail.  These records include books, e.g., The Society of Mind, Think Like a Shrink, Adult Psychopathy and Diagnosis, The Breast Book, The Sociopath Next Door, Codes, and all other books that have been confiscated or withheld from the Plaintiff prior to the filing of the that third FOIA/PA request;

b) The complete lists of all banned books, journals, magazines, and all other literature that federal prisoners are not permitted to receive through the U.S. Mail by the BOP;

5

    c) All instructions to agency staff, administrative manuals, and similar records, pertaining to BOP employees confiscating, rejecting, reading, delaying, and/or compromising the incoming and outgoing U.S. Mail of federal prisoners;

    d) All the names and addresses of all persons requesting information about Plaintiff and access to all information provided to such persons;

    e) Access to the BOP's annotated legal volumes containing the Nuremberg Code and the Helsinki Agreement, as well as all interpretations of these two international laws controlling the treatment of prisoners;

    f) The complete volume sets of the Bankruptcy Reporter, the Federal Rules Decisions, and the Federal Appendix;

    g) The document that BOP employee, Ms. Benet-Rivera, of F.M.C. Devens, referred to as a "recreational therapy consent form" on November 30, 2005, and that the Plaintiff refused to sign;

    h) The document referred to as an "attendance form" by Dr. James Fletcher of F.M.C. Devens at the Plaintiff's N Treatment Team meeting and which Plaintiff refused to sign.

Tereshchuk Decl. Exhibit C.

    8) The BOP did not respond to any of the tree (3) FOIA requests until after this action was initiated. Each of the responses is ambiguous and vague in identifying withheld or redacted material. See Defendant's Quigley Decl. II, Exhibits 1, 3, and 4. The responses do not address all of the records withheld and the exemptions claimed for the withheld and redacted records are not germain to the records.

    9) The F.C.I. Cumberland inmate library and the inmate law library do not contain indices to the reading room records or the electronic reading room records; both libraries do not contain the indices to the major information systems of the BOP and no handbooks for

6

obtaining the various types and categories of public information from the BOP pursuant to

44 U.S.C. 3501 et seq. and 5 U.S.C. 552(g)(1), (2), and (3); both libraries do not contain

BOP employee telephone directories and no e-mail lists; both libraries contain no psychological

and no psychiatric testing materials and no shells used by staff for psychological report writing.

10) The F.C.I. inmate library and inmate law library carry no volumes entitled "The Society

of Mind," "Think Like a Shrink," "Adult Psychopathy and Diagnosis," "The Breast Book," "The

Unknown Darkness," "The Sociopath Next Door," "Codes," or "How to Irritate People." Both

libraries also are not in possession of any volumes pertaining to the "Nuremberg Code" or

the "Helsinki Agreement."

The Plaintiff, Myron Tereshchuk, appearing pro se, declares under penalty of perjury that

the foregoing is true and correct in accordance with 28 U.S.C. Section 1746 and

LCvR 5.1(h)(2).

Respectfully Submitted,

Dated: _June 27, 2007_

Myron Tereshchuk, pro se

7