UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, pro-se    )
                           )
        Plaintiff,   )
                           )
      v.               )   Civil Action No.: 1:06-cv-1031(RWR)
                           )
BUREAU OF PRISONS        )
                           )
        Defendant.  )
                           )

### DECLARATION OF MYRON TERESHCHUK

I, Myron Tereshchuk, under penalty of perjury do hereby declare, certify, and state:

1. I am the Plaintiff in this action and the Freedom of Information Act (FOIA) requester who had submitted three (3) FOIA requests that are the subject of this proceeding. I have personal knowledge regarding the facts of this case, including the existence of the records requested and the attempts at acquiring access to the requested records, including obtaining alternate disclosure of those records. I have witnessed the creation of some of the personal records and I know the locations of some of the record systems were the records were stored at the time the FOIA requests were made. Plaintiff's Supplemental Complaint, Exhibits A, B, and C.

2. I have initiated this proceeding as a result of the Bureau of Prisons (BOP) wrongfully withholding personal and agency records from me by not responding to the FOIA requests that I filed under the FOIA and BOP regulations.

3. I have attempted four (4) separate times, in good faith, following the instructions of BOP Northeast Regional Counsel, Henry Sadowski's recommendation and the procedures stated in 28 C.F.R. Section 513.40(a)o obtain access to my BOP inmate central file, but to no avail.

Furthermore, on October 5, 2006, I spoke with N Unit manager, Nancy Patterson, at F.M.C. Devens, regarding obtaining access to my inmate central file and she denied me access to inspect the file because it is marked "FOI Exempt." She also stated that if I wanted to inspect the file, I would need to file a FOIA request like all other inmates.

4. I have attempted at four (4) separate times, in good faith, to gain access to my mental health and medical records, including x-ray photographs, throughout April and May 2007, by submitting written requests in accordance with the procedures described in 28 U.S.C. Section 513.42(a), but have been ignored regarding two (2) requests and have had the other two (2) requests returned to me without any responses.

5. I have attempted more than ten (10) times to obtain all of the BOP Program Statements by following the procedures described in 28 C.F.R. Section 513.43(a), but to no avail. The F.M.C. Devens and F.C.I. Cumberland inmate law libraries do not possess most Program Statements, and do not even possess many of the Program Statements that they claim to possess, e.g., the Program Statements for the the Administrative Remedies, the Freedom of Information Act, the IFRP, and the one for Standards and Accreditation of Prisons, to name just a few.

6. On June 19, 2007, F.C.I. Cumberland, B-2 Unit Counselor, V. Johnson, advised me that the law library is responsible for maintaining all Program Statements, including the Program Statement on the Inmate Finnancial Responsibility Program (IFRP). By keeping such a Program Statement intentionally and perpetually lost, the BOP then uses duress to force inmates to agree to participating in the IFRP or be placed into overcrowded housing.

7. On June 22, 2007, law library staff advised me that the law library does not carry any index of the minimum resources that the law library is required by law to provide access to imates.

2

8. I have attempted at least three (3) times to obtain the Administrative Remedy Indexes and Responses by following the procedures described in 28 C.F.R. Section 542.19. In a response from Henry Sadowski of the Northeast Reagional Office of the BOP, I was advised to submit a FOIA request. Exhibit *D*. It is Mr. Henry Sadowski that provided the response to my first FOIA request whereas in it he stated that my request was *non-specific* ▓▓▓▓▓▓▓.

9. In a non-FOIA response from the Warden's Office at F.C.I. Cumberland, after following the procedures of 28 C.F.R. Section 542.19, I was provided a false promise that the Administrative Remedy Indexes and Responses would be placed in the inmate library. Exhibit *E*. I am still awaiting performance on the promise. The letter demonstrates F.C.I. Cumberland is not and has not been in compliance with 28 C.F.R. Section 542.19.

10. A letter from the Mid-Atlantic Regional Office of the BOP shows that my request for the Administrative Remedy Indexes and Responses is not too voluminous because the indexes and responses had been found. A $20,000 copy fee is requested by the BOP for the disclosure even though copies were never requested in the non-FOIA request that was submitted in accordance to the procedures of 28 C.F.R. Section 542.19. Exhibit *F*.

11. The BOP is withholding Administrative Remedy Indexes and Responses from inmates as part of a scheme that makes it much easier to discipline inmates for the violation of fictitious charges and also to take away good time without providing due process.

12. I was promised by Dr. Sonniga, at F.M.C. Devens, that if I took the Minnesota Multiphasic Personality Inventory-2 (MMPI-2), I would be furnished not only with the test results, but also the complete test and user's and grader's manuals. Dr. Sonniga permitted me to take the test unsupervised and so I took the test to the N-5 Unit dayroom and with the participation of other inmates, turned the test into a parlor game.

3

13. I am currently being severely injured as a result of the BOP withholding some of my psychiatric, psychological, and medical records from me, including my mental health history, which has been referred to at each and every "N Treatment Team Meeting" that I attended.

14. F.C.I. Cumberland is maintaining a barrier to disclosure of FOIA/PA records to inmates by charging copy fees that are greater than those promulgated in 28 C.F.R. Section 16.11(b)(2).

15. Rather than providing me with the requested information regarding specific psychologists and psychiatrists, the BOP gratuitously mailed me a non-agency record of a copy of a website. Exhibit $\mathcal{G}$.

16. The F.C.I. Cumberland law library does not carry the Bankruptcy Reporter, Federal Rules Digest, Federal Appendix, unpublished U.S. District Court Cases, BOP Administrative Remedy Indexes and Responses, and law library staff will not disclose which Program Statements of the BOP are absent from the law library.

17) The F.C.I. Cumberland inmate library and the inmate law library do not contain indices to the reading room records or the electronic reading room records; both libraries do not contain the indices to the major information systems of the BOP and no handbooks for obtaining the various types and categories of public information from the BOP pursuant to 44 U.S.C. 3501 et seq. and 5 U.S.C. 552(g)(1), (2), and (3); both libraries do not contain BOP employee telephone directories and no e-mail lists; both libraries contain no psychological and no psychiatric testing materials and no shells used by staff for psychological report writing.

18) The F.C.I. inmate library and inmate law library carry no volumes entitled "The Society of Mind," "Think Like a Shrink," "Adult Psychopathy and Diagnosis," "The Breast Book," "The Unknown Darkness," "The Sociopath Next Door," "Codes," or "How to Irritate People." Both libraries also are not in possession of any volumes pertaining to the "Nuremberg Code" or the "Helsinki Agreement."

4

The Plaintiff, Myron Tereshchuk, appearing pro se, declares under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. Section 1746 and LCvR 5.1(h)(2).

Respectfully Submitted,

Dated: _June 28, 2007_

Myron Tereshchuk, pro se

5

EXHIBIT
A

MYRON TERESHCHUK
#47510-083, UNIT N-5
FMC DEVENS
P.O.BOX  879
AYER, MA.  01432

## PRIVACY ACT
## FREEDOM OF INFORMATION ACT REQUEST

Director, Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C.  20534

Dear FOIA Administrator:

This document is a request for the prompt disclosure of all records listed below which are in the possession or under the control of the Bureau of Prisons and this request is made pursuant to the Freedom of Information Act, 5 U.S.C.A. Section 552, and the Privacy Act, 5 U.S.C.A. Section 552a.

In accordance with 28 C.F.R. Section 513.61(c) the requester states that his place of birth to be E. Orange, N.J. on May 8,1962.

The personal records requested can be found under the control of at least the following employees who work at FMC Devens: Mr. Janesko, Dr. Fletcher, Dr. Haas, Dr. Taylor, Dr. Riggs, Dr. Sonnigan, as well as various social workers including but not limited to Ms. Rasmussen, Mr. Kleinshmidt, Mr. Allen, Ms. Benet-Rivera, and Mr. Colautti.  The Warden, David L. Winn, may be of assistance in determining other search locations not known by the above mentioned employees.  He may be reached at (978)796-1000.

Tereshchuk FOIA Request Page 2

Requester requests access to inspect and copy all personal records the BOP maintains on the requester. These personal records include all the records in the possession and control of the BOP regarding the requester, including but not limited to the following sub-categories:

1) All orders and instructions to staff regarding the requester.

2) Complete Inmate Central File regarding requester.

3) All Recreational Therapy records regarding requester.

4) All psychological and psychiatric records regarding requester including raw data from psychological tests.

5) All medical records including X-Ray photographs regarding requester.

6) All E-Mail records regarding requester.

7) All notes taken by all BOP employees participating on the "N Treatment Team" meetings regarding requester.

8) All Administrative and staff manuals used by BOP staff to diagnose and provide treatment to the requester.

9) All documents requester has refused to sign which are under the control of Dr. Fletcher and Ms. Benet-Rivera.

10) All documents on Dr. Fletcher's computer that reference requester by name or inmate registration number.

11) All instructions and orders to BOP staff to classify requester as having been convicted of a violent offence.

12) All instructions and orders to BOP staff to transport requester to FMC Devens for a psychological/psychiatric evaluation and the reasons and agenda for the evaluation.

Tereshchuk FOIA Request Page 3

13) All instructions and orders to BOP staff to label requester with a specific personality disorder, neurosis, psychosis, or any other mental health defect.

14) The requester's written objection to being evaluated at FMC Devens and addressed to Warden David L. Winn and dated April 3, 2006.

15) All records regarding the requester's cultural background.

16) All instructions and orders to FMC Devens staff permitting individuals without psychology or psychiatry backgrounds to participate in the evaluation and/or diagnosis of requester.

17) The names, titles, and e-mail addresses of all members of the N Treatment Team who participated in meetings with the requester.

18) The complete diagnosis according to the criteria outlined in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Revision (DSM-IV-R) or any other revision relied on by FMC Devens staff to evaluate and diagnose requester.

19) The complete mental health history of requester in possession and control of the FMC Devens staff.

20) All records reflecting the amplification or attenuation of the Rosenthal Effect by FMC Devens staff.

The approximate dates of the records described above are from March 10, 2004 to April 6, 2006.

Tereshchuk FOIA Request Page 4

The following five categories of requested records are non-personal records and are located at FMC Devens under the control of Dr. Fletcher, Dr. Sonnigan, Dr. Haas, and Dr. Riggs.

1) All of the psychological/psychiatric tests and risk assessment instruments administered at FMC Devens to prisoners undergoing psychological/psychiatric evaluation, including but not limited to the questions, answers, explanatory answers, plates, images, manuals, guides, and software, as well as the records indicating the validity, reliability, and applications of the following tests and risk assessment instruments:

a) Minnesota Multiphasic Personality Inventory-2 (MMPI-2)

b) Thematic Apperception Test (TAT)

c) Violence Risk Appraisal Guide (VRAG)

d) Hare Psychopathy Checklist - Revised (PCL-R)

e) Historical Cinical Risk Management (HCR-20)

f) Level of Service Inventory (LSI-R)

g) Wechsler Adult Intelligence Scale (WAIS)

h) Weshsler Abbreviated Scale of Intelligence (WASI)

2) VCR cassette tape entitled "How to Irritate People" which is displayed in Dr. Fletcher's office in room N2904 at FMC Devens.

3) All of the shells used for report writing from the computers used by Dr. Fletcher, Dr. Sonnigan, Dr. Riggs, and Dr. Haas and Dr. Amy Taylor.

4) All of the risk assessment reports written about prisons (with identifying details redacted) that are stored on the computers used by Dr. Fletcher, Dr. Sonnigan, Dr. Haas, and Dr. Riggs.

Tereshchuk FOIA Request Page 5

5)  The complete list of "favorites," all "cookies," and
the address books from the computers used by Dr. Fletcher,
Dr. Sonnigan, Dr. Haas, Dr. Riggs, and Warden Winn.

The balance of the requested records, which are not personal
records, can be found in the Bureau of Prisons office in
Washington, D.C.

1)  All program statements and policy statements including
the indices thereto,

2)  All indices to:  a) all reading room records.

b) all electronic reading room records.

3)  All indices of all major information systems of the BOP
as well as the handbook for obtaining various types and categories
of public information from the agency pursuant to Chapter 35 of
Title 44, and the Freedom of Information Act.

4)  All policy statements and interpretations not published
in the Federal Register.

5)  All district court decisions, opinions, and orders that
are in the possession and control of the BOP and have been adjudi-
cated subsequent to January 1, 1976.

6)  The BOP phone directory and e-mail list.

My previous address was 4606 21st. Street, Mt. Rainier,
MD. 20712.

I swear and affirm under penalty of perjury that the
information in this document is correct in accordance with
28 U.S.C.A. Section 1746.

Respectfully Submitted,

Date: _April 6, 2006_

Myron Tereshchuk
#47510-083

EXHIBIT
B

MYRON TERESHCHUK
#47510-083; Unit N-5
FMC Devens
P.O. Box 879
Ayer, MA 01432

PRIVACY ACT REQUEST

and

FREEDOM OF INFORMATION ACT REQUEST

Director, Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Dear Freedom of Information Act Administrator:

This document is a request for the prompt disclosure of all
records listed below which are in the possession or under the
control of the Federal Bureau of Prisons and this request is
made pursuant to the Freedom of Information Act, 5 U.S.C.A.
Section 552, and the Privacy Act, 5 U.S.C.A. Section 552a.

In order to be in compliance with your agency regulations,
and in particular, 28 C.F.R. Section 513.61(c), this FOIA and
Privacy Act requester states that he was born on May 8, 1962 in
East Orange, New Jersey. My previous address was 4606 21st Street
Mount Rainier, Maryland.

As a result of the disclosure of the requested information
being in the public interest because the public will be the
primary beneficiary and the disclosure is likely to contribute
significantly to the public understanding of the Bureau of Prisons
operations and activities, the requester demands a fee waiver to
apply to the requested records.

I request the prompt disclosure of the following personal records in the control or possession of the Federal Bureau of Prisons, that are located in F.M.C. Devens in Ayer, Massachusetts and in the main offices of the agency in Washington, D.C., as well as all other locations that are maintained by the agency:

1) All instructions to B.O.P. staff, and similar records, regarding classifying Myron Tereshchuk, Reg. No. 47510-083 as violent.

2) The complete psychiatric and psychological records pertaining to Myron Tereshchuk, Reg. No. 47510-083.

3) All instructions to federal inmate, Gary Podsiadlik, Reg. No. 11576-052, pertaining to him providing false testimony against Myron Tereshchuk, Reg. No. 47510-083, in exchange for a shorter sentence.

4) All instructions to B.O.P. staff pertaining to keeping Myron Tereshchuk, Reg. No. 47510-083 classified as "Medically Unassigned".

5) All records pertaining to the confiscation and rejection of mail addressed to Myron Tereshchuk, Reg. No. 47510-083.

The following records are not personal records and include:

1) The complete B.O.P. administrative remedy indexes to F.M.C. Devens, the Northeast Regional Office, and the Central Office.

2) All instructions to B.O.P. staff, and similar records, regarding the application of the "Ensign Amendment", "the Omnibus Act of 1997", and "P.L. 105-277" to the confiscation and rejection of U.S. mail to federal inmates.

2

3)   All instructions to B.O.P. staff, including similar records, regarding the confiscation and/or rejection of U.S. mail addressed to federal inmates and using "nudity" and/or "sexually explicit" subject matters as the pretext for the confiscation and/or rejections.

4)   All manuals, videos, and similar records, used for the training of B.O.P. psychiatrists and psychologists.

5)   The names and addresses to the licensing authorities and disciplinary boards to which the following F.M.C. Devens employees assigned to the psychiatric/psychology department in N Building belong to:  Dr. Haas, Dr. Riggs, Dr. Taylor, Dr. Fletcher, and Dr. Sonnigan.

6)   The records disclosing the criteria the B.O.P. uses in classifying federal inmates as violent.

Should there be any questions or controversies regarding this Freedom of Information Act/Privacy Act request, please contact me as soon as possible so that we may work together in achieving the objectives of this request.

I swear and affirm under penalty of perjury that the information in this document is correct in accordance with 28 U.S.C.A. Section 1746.

Respectfully Submitted,

Date: _May 16, 2006_

Myron Tereshchuk
Reg. No. 47510-083

3

EXHIBIT
C

MYRON TERESHCHUK
#47510-083; Unit N-5
FMC Devens
P.O. Box 879
Ayer, MA 01432

## FREEDOM OF INFORMATION ACT REQUEST

**and**

## PRIVACY ACT REQUEST

May 30, 2006

Director
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Dear Director/FOIA Administrator:

This document is a request for the prompt disclosure of all records listed below which are in the possession and/or control of the Federal Bureau of Prisons and this request is made pursuant to the Freedom of Information Act, 5 U.S.C.A. Section 552, and the Privacy Act, 5 U.S.C.A. Section 552a.

In order to be in compliance with F.B.O.P. regulations, and in particular, 28 C.F.R. Section 513.61(c), this FOIA and Privacy Act requester states that, "I was born on May 8, 1962 in East Orange, New Jersey and my previous address was 4606 21st St., Mount Rainier, Maryland."

As a result of the disclosure of the requested agency records being in the public interest because of the public being the primary beneficiary and the disclosure is likely to contribute significantly to the public understanding of the Bureau of Prisons' operations and activities, the requester demands a fee waiver to apply to the requested records.

I request the prompt disclosure of the following personal records that are in the control or possession of the Federal Bureau of Prisons, that are located in F.M.C. Devens in Ayer, Massachusetts on the date of this FOIA/Privacy Act request being filed with your agency:

1. All incoming and outgoing U.S. Mail, and similar records, that are addressed "to" and/or "from" federal inmate, Myron Tereshchuk #47510-083. These records include all confiscated correspondence, e.g., letters, magazines, journals, articles, books, legal research, legal documents, and all administrative records pertaining to the confiscation and/or rejection of Myron Tereshchuk's mail.

Please note that any rejection of the mail addressed to this

FOIA/Privacy Act requester that has been confiscated prior to

the filing of this FOIA/Privacy Act request, and that was in

the possession and control of F.B.O.P. employees at F.M.C. Devens,

may be regarded as a destruction of government records and might

become subject to a Motion for the Reconstruction of Records,

in court at the expense of the F.B.O.P.  These records include all

legal research, scientific research, journals, magazines, letters,

greeting cards, and books, e.g., The Society of Mind, Think Like

a Shrink, Adult Psychopathy and Diagnosis, The Breast Book,

The Sociopath Next Door, The Unknown Darkness, and Codes, and all

other books that have been confiscated or withheld from this

FOIA/Privacy Act requester by F.M.C. Devens employees prior to

the filing of this request.

2.  The complete lists of all banned books, journals,

magazines, and all other literature that federal prisoners are

not permitted to receive through the U.S. Mail by the F.B.O.P.

3.  All instructions to agency staff, administrative manuals, and similar records, pertaining to F.M.C. Devens employees confiscating, rejecting, reading, delaying, and/or compromising the incoming and outgoing U.S. Mail of federal prisoners.

4.  Requester demands access to the names and addresses of all persons requesting information about requester and access to all information provided to such persons.

5.  Requester demands access to the  F.B.O.P.'s annotated legal volumes containing the Nuremberg Code and the Helsinki Agreement, as well as all interpretations of these two international laws controlling the treatment of prisoners.

6.  Complete volume sets of the Bankruptcy Reporter, The Federal Rules Decisions, and the Federal Appendix.

7.  The document that Ms. Benet-Rivera, of F.M.C. Devens, referred to as a "recreational therapy consent form" and that this FOIA/Privacy Act requester refused to sign on November 30, 2005.

8.  The document referred to as an "attendance form" by Dr. James Fletcher, of F.M.C. Devens, at this FOIA/Privacy Act requester's last N Treatment Team meeting which he refused to sign.

In the event that you will have questions regarding this Freedom of Information Act/Privacy Act request, please notify me as soon as possible so that we may work together in achieving the objectives of this request.

I swear and affirm under penalty of perjury that the information in this document is correct in accordance with 28 U.S.C. Section 1746.

Respectfully Submitted,

Date: May 31, 2006

Myron Tereshchuk
Reg. No. 47510-083

EXHIBIT
D



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

April 10, 2007

Myron Tereshchuk, Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland  21501

Dear Mr. Tereshchuk:

This is in response to your letter received April 6, 2007,
regarding access to administrative remedy indexes.

In accordance with Bureau of Prisons' Program Statement 1351.05,
Release of Information, requests for any Bureau record (including
Program Statements and Operations Memoranda) must be made in
writing and addressed to:  Director, Federal Bureau of Prisons,
320 First Street, N.W., Washington, D.C.  20534.  Clearly mark on
the face of the letter and the envelope, "FREEDOM OF INFORMATION
REQUEST".

If you are attempting to file a Freedom of Information Act
request, kindly follow the above requirements.

Sincerely,

Henry J. Sadowski
Regional Counsel



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_Federal Correctional Institution_
_Cumberland, Maryland  21502_

Date:     April 16, 2007

Reply To
Attn Of:   Lisa J. W/ Hollingsworth
          Warden

Subject:   Response to Inmate Request To Staff

To:       Tereshchuk, Myron
          Register No. 47510-083
          FCI B Unit B05-101L


This is in response to your Inmate Request to Staff, dated April 1, 2007, requesting access to the FCI Cumberland, Mid-Atlantic Regional Office, and Central Office Administrative Remedy Index.

An updated FCI Cumberland Administrative Remedy Index is being placed in the FCI Education Office.  You may inspect the index during normal business hours, in the FCI Law Library, by using this response to request the index from Education staff.

The index must be returned to Education staff prior to leaving the Law Library.

You should request the Mid-Atlantic Regional Office and Central Office Administrative Remedy Index by submitting a Freedom of Information Act (FOIA) Request to the Freedom of Information Act Section, Bureau of Prisons, 320 First St., NW, Washington, DC 20534.


Cc: Central File
    Supervisor of Education

# EXHIBIT E

# EXHIBIT F



**U.S. Department of Justice**
Federal Bureau of Prisons
*Mid-Atlantic Regional Office*

_____

*10010 Junction Drive, Suite 100-N*
*Annapolis Junction, Maryland 20701*

JUN 0 8 2007

Myron Tereshchuk
Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

Re:    Request Number 2007-06546 & 2007-06548

Dear Mr. Tereshchuk

This is in response to your Freedom of Information request of April 05, 2007. Specifically, you requested copies of the Administrative Remedy Index for FCI Cumberland, Mid-Atlantic Regional Office, Northeast Regional Office, and Central Office. The purpose of this letter is to advise you that we anticipate the fee for your request to exceed $25.00, or the amount you have already agreed to pay.

Staff has identified approximately 200,000 pages responsive to your request. The fee for copying these documents will be **approximately** $20,000.00. In accordance with provisions of Title 28, Code of Federal Regulations, § 16.11 (e) we are required to provide advance notice of any fee expected to exceed $25.00, or which exceeds an amount you have previously indicated a willingness to pay. This provision also requires that we offer you the opportunity to reformulate your request to meet your needs at a lower cost.

We request that you advise this office of either (1) your assurance that you will pay the estimated fee indicated above, or (2) advise us of your reformulated request. Until we receive the information requested, Title 28, Code of Federal Regulations, § 16.11 (e) requires that we deem your request as not receipted.

Please respond to: Regional Counsel, Federal Bureau of Prisons, Mid-Atlantic Regional Office, 10010 Junction Drive, Suite 100-N, Annapolis Junction, MD 20701.

<u>**PLEASE DO NOT SEND PAYMENT AT THIS TIME.**</u>

Sincerely,

*CMGreene*

Michelle T. Fuseyamore
Regional Counsel

EXHIBIT
G



**Mass.**_Gov_  • mass.gov home • online services •

 **OF REGISTRATION IN MEDICINE**

SEARCH - www.massmed...



Wednesday, 03/14/07 09:10AM

-**Home**
-**Physician Profiles**
-**Consumer Information**
-**Physician Information**

*Standing Committees:*
-**Acupuncture**
-**Complaint Committee**
-**Data Repository**
-**Licensing Committee**
-**Patient Care Assessment**

*Other Board Information:*
-**Public Information**
-**Regulations & Policies**
-**Board Members**
-**Links**
-**Site Map**

-**Privacy Policy**
-**Contact**

*Address:*
Commonwealth of Massachusetts
Board of Registration in Medicine
560 Harrison Avenue, Suite G-4
Boston, MA 02118
(617) 654-9800

Hours M-F; 8:45 a.m. to 5:00 p.m.

*Downloads:*
 Internet Explorer
Netscape
Adobe Acrobat (PDF)

Home > Contact

# *Board of Registration in Medicine*
# *Contact Information*

Commonwealth of Massachusetts
Board of Registration in Medicine
560 Harrison Avenue, Suite G-4
Boston, MA 02118

Phone: (617) 654-9800
Fax: (617) 451-9568
Consumer Hotline: (800) 377-0550

For directions to the Board of Medicine, click **here**

To contact the Licensing Department, click **here**

If you have any questions or complaints,
please contact: **webmaster@massmedboard.org**

Home | Physician Profiles | Consumer Information | Physician Information | Acupuncture
Complaint Committee | Data Repository | Licensing Committee | Patient Care Assessment | Public Information
Regulation & Policies | Board Members | Links | Site Map | Privacy Policy | Contact