UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYRON TERESHCHUK,            ) | |
| ) | |
| Plaintiff            ) | |
| ) | |
| v.            ) | Civil Action No. 06-1031(RWR) |
| ) | |
| BUREAU OF PRISONS,            ) | |
| ) | |
| Defendant.            ) | |
| _____) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brought this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a, to have Defendant Federal Bureau of Prisons ("BOP") produce records primarily related to or about him, or BOP procedures.  The BOP released responsive documents to Plaintiff with the exception of information properly redacted and withheld under the statute, and applicable case law.   Given its compliance with the FOIA and given that there are no material issues in dispute in this regard, the BOP moved  for summary judgment which Plaintiff has opposed.

Plaintiff, however, bases his opposition solely on conclusory allegations that Defendant has not complied with the FOIA.  Such bases are insufficient to defeat a properly supported motion for summary judgment, and thus, Defendant's motion should be granted.  Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999)(non-moving party may not rely on mere conclusory allegations to defeat a summary judgment motion).  Plaintiff states, for example, that "Defendant has claimed irrelevant statutory exemptions for the withholding and the redacting of records from Plaintiff in the two Vaughn Indexes that support [Defendant's] summary judgment motion." Mem. P. & A. In Support of Pl.'s Op. To Def.'s Mot. Summ. J. ("Pl.'s Op.") at 4.

Plaintiff, however, fails to identify the "irrelevant statutory exemptions" upon which Defendant purportedly relies to support its dispositive motion.

Plaintiff also avers that Defendant's declaration is insufficient for purposes of supporting Defendant's argument that it released all segregable non-exempt material. Pl.'s Op. at 3. In its declaration, Defendant explained its rationale for withholding information from certain documents under specific FOIA exemptions, and also explained that each document, and the pages contained in the document, were evaluated for segregability. See, e.g. Def.'s Mot. Summ. J., Declaration of Kathleen Quigley ("Quigley Decl. II"), ¶¶ 11 and 19, May 14, 2007. Further, when a document was withheld in its entirety, the BOP had made a determination that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole or disclosing otherwise protected information. Id. Thus, the record demonstrates that Defendant fulfilled its obligation in terms of segregability. See, e.g. Newry Ltd. v. U.S. Customs and Border Protection Bureau, No.CIV.A. 04-02110 HHK, 2005 WL 3273975, *6 (D.D.C. July 29, 2005)(holding that agency fulfilled its obligation regarding segregability where it identified the exemption applicable to each redaction and explained why it withheld certain documents in entirety.); see also Gutman v. U.S. Dep't of Justice, 238 F.Supp.2d 284, 296 (D.D.C. 2003).

Plaintiff also argues that the documents listed in Defendant's Vaughn[1] Index relate to him, and thus, the Privacy Act rather than the FOIA applies and that the Privacy Act compels release of the requested documents. Pl.'s Op. at 4. This argument is without merit. It is true

---

[1] See Vaughn v. Rosen, 484 F.2d 820, 826-27 (D.C. Cir. 1973)(agency must provide detailed justification in support of any claims of exemption.)

that the District of Columbia Circuit has stated that the FOIA and the Privacy Act are not "coextensive; each [statute] provides or limits access to material not opened or closed by the other." Greentree v. United States Customs Serv., 674 F.2d 74, 78 (D.C. Cir. 1982). Therefore, "[i]f a FOIA exemption covers the document[], but a Privacy Act exemption does not, the document[] must be released under the Privacy Act; if a Privacy Act exemption but not a FOIA exemption applies, the document[] must be released under FOIA." Martin v. Office of Special Counsel, Merit Sys. Protection Bd., 819 F.2d 1181, 1184 (D.C.Cir.1987).

   The Bureau of Prisons, however, processes all requests by individuals for records pertaining to themselves - as in this case - under the FOIA. See Quigley Decl. II ¶ 10, May 14, 2007. The reason is that the Attorney General has promulgated rules exempting this category of records from the Privacy Act's access provisions as authorized by 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.81. Subsection (j)(2) of the Privacy Act exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws. The BOP is a law enforcement agency. Quigley Decl. II ¶ 9, citing 5 U.S.C. § 8401(17)(D)(I) and 18 U.S.C. §§ 3050, 4042. Therefore, the records at issue here, i.e., those about Plaintiff (see Pl.'s Op. at 4), are "wholly exempt" from disclosure under Privacy Act exemption (j)(2). See, e.g. Taylor v. U.S. Dept. of Justice, 257 F.Supp.2d 101, 107 (D.D.C. 2003). Accordingly, the determination as to the propriety of releasing the documents or information at issue here was done under the FOIA, id., and, as noted above, Plaintiff fails to make any non-conclusory, merit-based argument undermining

Defendant's withholding of information pursuant to exemptions under the statute.[2]  See Def.'s Mot. Summ. J., Vaughn Index for FOIA #2006-07648 and Vaughn Index for FOIA #2006-07880.  Accordingly, Defendant respectfully requests that this Court grant Defendant's Motion for Summary Judgment, and dismiss this suit with prejudice.

                Respectfully Submitted,

                /s/ Jeffrey A. Taylor /dvh
                _____
                JEFFREY A. TAYLOR, D.C. BAR #498610
                United States Attorney

                /s/ Rudolph Contreras
                _____
                RUDOLPH CONTRERAS, D.C. BAR #434122
                Assistant United States Attorney

                /s/ Beverly M. Russell
                _____
                BEVERLY M. RUSSELL, D.C. Bar #454257
                Assistant United States Attorney
                U.S. Attorney's Office for the District
                 of Columbia, Civil Division
                555 4th Street, N.W., Rm. E-4915
                Washington, D.C. 20530
                Ph:  (202) 307-0492

---

[2] Plaintiff does aver that Defendant inappropriately applied FOIA Exemption 5 to withhold information such as "shells, cookies, favorites, history, and e-mail addresses" under the deliberative process privilege.  Pl.'s Op. at 6.  Defendant did no such thing.  Although Defendant applied Exemption 5 to protect from disclosure information in an electronic mail message of a substantive nature, it additionally applied FOIA Exemption 2 to withhold from release information related solely to the agency's internal practices.  See Def.'s Mot. Summ. J., Vaughn Index for FOIA #2006-07648.  Plaintiff does not dispute the validity of the application of Exemption 2 to protect internal, computer-related agency information.  Thus, Defendant's motion should be granted in this regard.  See, e.g. Fox v. American Airlines, Inc., Civil Action No. 02-2069, 2003 WL 21854800, *2 (D.D.C. Aug. 5, 2003)("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded. . .")

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment*** was served by the Court's Electronic Case Filing System and by postage prepaid, first class mail to:

Myron Tereshchuk, <u>pro</u> <u>se</u>
Reg. No. 47510-083
Federal Correctional Institution
Cumberland, Maryland 21502

on this <u>30th</u> day of July, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney