UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se )
)
        Plaintiff, )
)
v. ) Civil Action No. 06-1031(RWR)
)
BUREAU OF PRISONS, )
)
        Defendant. )
_____)

PLAINTIFF'S REJOINDER TO DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    The Plaintiff, Myron Tereshchuk, appearing pro se, responds to the Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment by the submission of this rejoinder. ~~supporting declaration, and exhibits.~~ Although the Federal Rules of Civil Procedure and Local Court Rules are silent in regards to the submissions of replies to oppositions to summary judgment motions, whenever replies are accepted by courts, rejoinders are also accepted in order to provide fairness to the party opposing the summary judgment motion.

    The Plaintiff opposed the summary judgment motion without the benefit of an answer to the complaint or supplemental complaint, and without the opportunity to engage in discovery. In its Reply, the Defendant presents new arguments and reiterates some of the issues it argued in its Motion for Summary Judgment. The Reply is not supported by either a declaration or a new statement of material facts not in dispute.

**RECEIVED**

AUG 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I.  Defendant's Segregability Justification Lacks Merit

In its Reply, the Defendant defends its argument regarding segregability that was presented in its Motion for Summary Judgment. The Defendant believes that the vague, conclusory, and generalized statements it presented are sufficiently detailed that Plaintiff would be able to attack Defendant's segregability arguments. The only averments in the two Quigley Declarations addressing segregability are paragraphs 11 and 19 in Declaration II (dated March 14, 2007). Paragraph 11 states in relevant part that "all information withheld was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that its release would have revealed the underlying protected material." Paragraph 19 states in relevant part that "Each document, and the pages contained in each document, were evaluated for segregability. Where a document was withheld in its entirety, the BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole or of disclosing otherwise protected information." The Defendant **did not identify the documents which were so intertwined with protected material**, and Plaintiff was never provided with enough information from the Defendant's declarations and Vaughn indices to make a determination exactly which records are being withheld due to segregability and what the rationale for the withholdings are in relation to the withheld portions.

As a general rule, "the 'segregability requirement applies to all documents and all exemptions in the FOIA.'" Hornbosel v. United States

Dept. of the Interior, 305 F.Supp. 2d 21, 34 (D.D.C. 2003)(quoting Center for Auto Safety v. EPA, 731 F.2d 16, 21 (D.C. Cir. 1984)); see McSheffrey v. EOUSA, 13 Fed. Appx. 3, 4 (D.C. Cir. 2001) (remanding with explicit instructions that the district court "determine whether any portion of these documents can be segregated for release"); May v. DEA, 234 F.3d 1324, 1328 (D.C. Cir. 2000)(remanding to determine whether "any intelligible portion of the contested pages can be segregated for release").  To meet this requirement, agency declarations must address the issues "with reasonable specificity." Animal Legal Def. Fund v. Dept. of the Air Force, 44 F.Supp. 2d 295, 301 (D.D.C. 1999)(citing Armstrong v. Executive Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996)).

In this case, Defendant did not address the segregability issues "with reasonable specificity."  The only averments in the two Quigley Declarations pertaining to segregability are paragraphs 11 and 19 in the Quigley Declaration (dated March 14, 2007).  Paragraph 11 states in relevant part that "all information withheld was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because it was so intertwined with protected material that its release would have revealed the underlying protcted material."  That statement is not a statement that shows any degree of reasonable specificity.  Furthermore, paragraph 19 states in relevant part that "Each document, and the pages contained in each document, were evaluated for segregability.  Where a document was withheld in its entirety, the BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole or of disclosing otherwise protected information."  That statement is also a generalized and conclusory


statement that is conclusory and does not address the segregability issues of this proceeding. Declarations which do little more than parrot language of statute to support alleged exemptions are insufficient to justify an agency's withholding of information. Allen v. CIA, 636 F.2d 1287, 1291 (D.C. Cir. 1980).

Defendant's insufficiencies regarding addressing the segregability issues is also exemplified in the two Vaughn Indices. Defendant never explained the withholding of an entire Fax Cover Sheet with four attachments consisting of Psychiatric Unit Report merely because the (b)(2) exemption was applied to protect an agency FAX telephone number. See Vaughn Index for FOIA No. 2006-07880, Doc. No. 3. Defendant never explained how an exemption specifically applies to a withholding, other than parroting statutory language. Assuming arguendo that Defendant has addressed the segregability of the withholdings with reasonable specificity, each of the withholdings relied on an inapplicable exemption because the Defendant did not use the Privacy Act exemptions to justify its withholdings in its Motion to Dismiss. Specifically, each one of the documents listed in the two Vaughn Indices relied on a FOIA exemption, whereas the Defendant should have invoked specific Privacy Act exemptions. Defendant did not do so in its Motion for Summary Judgment and did not do so in its Reply.

II. Defendant did not invoke specific (j)(2) exemptions

In its Reply and the Motion for Summary Judgment, Defendant failed to identify specific Privacy Act (j)(2) exemptions, and instead invoked the (j)(2) exemption to apply to all of the withheld documents without specifying which specific documents were withheld

4

as a result of a specific (j)(2) subsection, i.e., (j)(2)(A) or (j)(2)(B) or (j)(2)(C). Defendant relies on the (j)(2) exemption in a conclusory and sweeping manner because Defendant does not specify which of the three subsections apply to which of the withheld documents. By using the (j)(2) exemption in a broad and sweeping manner to justify the withholdings, the Defendant did not provide neither the Court nor the Plaintiff with enough information to respond accurately to the blanket application of the (j)(2) exemption. Plaintiff does not have the burden of addressing all three subsections of the (j)(2) exemption if the Defendant failed to specify which subsections justify the withholding of each of the withheld documents. Plaintiff cannot be specific in opposing the Motion to Dismiss and the subsequent Reply, if Defendant does not invoke specific exemptions to justify the withholding of specific documents.

Perhaps the reason the Defendant neglected to invoke specific (j)(2) subsections is because it is unable to do so as a result of the subsections having no application to the withheld documents. For instance, (j)(2)(A) clearly is inapposite to the withholdings as is readily apparent from its language, which states in relevant part that "information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinent, release, and parole and probation status." 5 U.S.C. 552a(j)(2)(A)(2006). Clearly, the withheld documents do not fall within the exemption of subsection (j)(2)(A) and it would be superflous for Plaintiff to argue about an exemption that Defendant improperly invoked by neglecting to identify

5

the relevant subsections to a broad exemption.  Once an agency shows that it is a law enforcent agency, it must then show that the documents it is withholding consist of information compiled for one of the criminal law enforcement purposes listed in subsection (j)(2)(A)-(C). See, e.g., Holz v. Westphal, 217 F. Supp. 2d 50, 54-56 (D.D.C. 2002) (finding subsection (j)(2) inapplicable to report of investigation even though report was maintained in exempt system of records, because agency's operating report was never within agency's purview and therefore was not compiled for criminal law enforcement purpose).

Moreover, the subsection identified as (j)(2)(B) states in relevant part that "information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual."  The Defendant has failed to show ~~that~~ which subsection was invoked to withhold the documents listed in both Vaughn Indices.  Obviously, neither subsection (j)(2)(A) nor (j)(2)(B) are applicable to justify the withholding of the first four (4) listed documents in the Vaughn Index for FOIA No. 2006-07648, which include copies of the front covers of the "Breast Book" and "Codes, Ciphers, Secrets and Cryptic Communication," as well as other pages of the two books.  See Id. 1-4.

The Defendant's reliance on merely stating brief statutory language to support alleged exemptions, without explanation or elaboration is not enough for the Court and Plaintiff to understand, without speculation, exactly what the justifications for the withholdings really are. Allen v. CIA, 636 F.2d 1287, 1291 (D.C. Cir. 1980). The Plaintiff is the author of the test scores to the Minnesota Multiphasic Personality Inventory-2 test that he was administered

6

for purposes that were not related to any criminal investigation or criminal law enforcement purposes. The Defendant failed to include the test questions of the test in its Vaughn Index or declarations and therefore, Plaintiff is not only entitled to receive the test answers, but also the test questions and the manuals that provide instructions on the administration of the test, as well as the scores.

### III. Defendant's Reply Reargues FOIA Exemptions 2 and 5

In its Reply, Defendant relied on Exemption 2 of the FOIA for the withholding of the "shells, cookies, favorites, history, and e-mail addresses" requested by the Plaintiff. Defendant neglected to specify whether the shells, cookies, favorites, history, and e-mail addresses, are information that is categorized as either "low 2" information or as "high 2" information. Defendant never explained how either Exemption 2 or Exemption 5 justify the withholding of each of the items refered to as shells, cookies, favorites, history, and e-mail addresses. Plaintiff would need to speculate on how each of the two exemptions justify the withholding, because each exemption is comprised of subsections that Defendant did not state in its Motion for Summary Judgment.

Finally, no ad hominem argument intended, but Defendant misinterprets the gist of Fox v. American Airlines, Inc., 2003 WL 218554800, *2 (D.D.C. Aug. 5, 2003) because the case bolsters Plaintiff's position that arguments must be properly presented in declarations and Vaughn indices in a specific and non-conclusory manner, without the need of the Plaintiff having to cull out relevant matter from a heap of vague and conclusory statements, before an argument can be treated as conceded.

## CONCLUSION

For the reasons stated herein, the Plaintiff opposes Defendant's Motion for Summary Judgment, and this suit should not be dismissed and the Plaintiff should be provided an opportunity for discovery before any portion of this suit is decided by the Court.

Respectfully submitted

*[signature]*

Myron Tereshchuk, pro se
Reg. No. 47510-083
Federal Correctional Inst.
P.O. Box 1000
Cumberland, MD 21501

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of August, 2007, I caused a copy of the foregoing **PLAINTIFF'S REJOINDER TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** to be served on Defendant by first class mail, postage prepaid, and addressed to:

Beverly M. Russell, Esq.
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourt Street, N.W.
Washington, D.C. 20530

by hand delivering the document to the prison mail room at F.C.I. Cumberland, in Cumberland, Maryland, as outgoing legal mail, for deposit into the U.S. Mail.

_____
Myron Tereshchuk, pro se
Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland 21501

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, Pro-se   )
                           )
        Plaintiff,         )
                           )
    v.                     )   Civil Action No. 06-1031(RWR)
                           )
BUREAU OF PRISONS,         )
                           )
        Defendant.         )
_____)

**ORDER**

UPON CONSIDERATION of **PLAINTIFF'S REJOINDER TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**, and all related papers filed in this Court pertaining to Defendant's Motion for Summary Judgment, it is by the Court this _____ day of _____, 2007, hereby

ORDERED that Plaintiff's Rejoinder and Opposition be GRANTED, and this proceeding is NOT dismissed.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Beverly M. Russell, Esq.
U.S. Attorney's Office for the District of Columbia
Civil Division
555 Fourth Street, N.W., Suite E-4915
Washington, D.C. 20530

Myron Tereshchuk
Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland 21501