UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MYRON TERESHCHUK, Pro-se   )
                           )
          Plaintiff,       )
                           )
     v.                    )   Civil Action No. 06-1031(RWR)
                           )
BUREAU OF PRISONS,         )
                           )
          Defendant.       )
_____)

**MOTION FOR SPECIFICITY IN THE FINDING OF FACT AND CONCLUSIONS OF LAW
IN THE PENDING SUMMARY JUDGMENT ORDER,
IN THE EVENT THE COURT DISMISSES ALL OR PORTIONS OF THIS PROCEEDING**

The Plaintiff, Myron Tereshchuk, appearing pro se, respectfully moves the Court pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, to set forth the findings of fact and conclusions of law with specificity, in the event the Court dismisses all or portions of this proceeding.

As a preliminary matter, the last sentence of Rule 52(a), which states that "Findings of fact and conclusions of law are unneccessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subsection (c) of this rule" is inapposite to F.O.I.A. proceedings. The District of Columbia Circuit has ruled "that it constitutes an 'abuse of discretion' for a district court 'to deny a plaintiff's reasonable request for clarification of an adverse summary judgment order in an F.O.I.A. case.'" Summers v. Dept. of Justice, 140 F.3d 1077, 1081 (D.C. Cir. 1998)(quoting Schwartz v. I.R.S., 511 F.2d 1303, 1307-08 (D.C. Cir. 1975).

The decisions of this and other circuits have reaffirmed and clarified the Schwartz exception to the last sentence of Rule 52(a)

of the Federal Rules of Civil Procedure.  See Founding Church of Scientology, 603 F.2d 945, 950 (D.C. Cir. 1979)("District Court decisions in F.O.I.A. cases must provide statements of law that are both accurate and sufficiently detailed to establish that careful de novo review prescribed by Congress has in fact taken place."); Coastal States Gas Corp. v. Dept. of Energy, 644 F.2d 969, 980 (3d Cir. 1981) (A district court's obligation to state the legal basis for its resolution of a F.O.I.A. summary judgment motion "is, in a sense, implicit in the statutory duty of de novo review.")

In a F.O.I.A. case, the defendant agency has the burden of justifying nondisclosure.  5 U.S.C. Section 552(a)(4)(B); see, e.g., United States Dept. of Justice v. Reporter's Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989); Coastal States Gas Corp. v. Dept. of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980).  The burden is sustained by the agency's submission of detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions.  If an agency submits incomplete Vaughn Indexes and incomplete declarations, no summary judgment decision dismissing the proceeding should be made.  O'Harvey v. Office of Workers' Compensation Programs, No. 96-33015, 1997 WL 31589, at *1 (9th Cir. Jan. 21 1997) (holding that when the district court relied on the agency's denial letter "without an affidavit or oral testimony, it lacked a factual basis to make its decision").

The Defendant addressed only a fraction of the withheld documents by submitting woefully incomplete Vaughn Indexes and Declarations to the Court, yet requested a full dismissal of this proceeding and with prejudice.  The Defendant's avoidance of carrying out its burden in

2

explaining the justifications for all of the withholdings, including those that the Defendant did not reference or discuss in the Vaughn Indexes and declarations, does not shift the burden onto the Plaintiff to argue that he is entitled to the requested information. In fact, the burden then becomes the Court's to explain the justification for the withholding of each category of information that is listed in the three F.O.I.A. requests that are at issue in this proceeding.

Even if the Court can completely and clearly explain all of the justifications for all of the withholdings, the Court will need to discuss why the Plaintiff was not provided an opportunity to oppose the arguments regarding the withholdings that were not mentioned in the Vaughn Indexes or declarations. Because of the diversity of the withheld information that Defendant did not address (either specificly or generally), it is in the interests of judicial economy to not dismiss this proceeding. <u>Demma v. United States Dept. of Justice</u>, No. 93 C 7296, 1995 WL 360731, at *3 (N.D. Ill. June 15, 1995)(denying summary judgment when affidavits addressed only one subject of plaintiff's multiple-subject request), appeal dismissed voluntarily, No. 96-1231 (7th Cir. June 12, 1996).

In conclusion, due to the diversity of the categories of information being withheld from Plaintiff, the time will not be ripe for any summary judgment until there are further developments regarding the reasons for the Defendant withholding the requested information from Plaintiff. Such developements might arise from the Plaintiff being given the opportunity to engage in discovery, the Court performing an in camera inspection, or the Defendant being ordered to answer the complaint and supplementary complaint.

The Plaintiff declares under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. Section 1746 and LCvR 5.1(h)(2).

Respectfully submitted,

*Myron Tereshchuk*
Myron Tereshchuk, pro se

CERTIFICATE OF SERVICE

This is to certify that on this 28th day of August, 2007, I caused a copy of the foregoing **MOTION FOR SPECIFICITY IN THE FINDING OF FACT AND CONCLUSIONS OF LAW IN THE PENDING SUMMARY JUDGMENT ORDER, IN THE EVENT THE COURT DISMISSES ALL OR PORTIONS OF THIS PROCEEDING,** to be served on the Defendant by first class mail, postage prepaid, and addressed to:

Beverly M. Russell, Esq.
U.S. Attorney's Office for the District of Columbia
Civil Division: Suite E-4915
555 Fourth Street, N.W.
Washington, D.C. 20530

by hand-delivering the document to the prison mail room at F.C.I. Cumberland, Cumberland, Maryland, as outgoing legal mail, for deposit into the U.S. Mail.

Myron Tereshchuk, pro se
Reg. No. 47510-083
Federal Correctional Inst.
P.O. Box 1000
Cumberland, Maryland 21501