UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK )
         PLAINTIFF, )
                              )  Civil Docket No.: 06-1331 (RWR)
v.                          )
                              )
BUREAU OF PRISONS )
         DEFENDANT. )

RECEIVED
SEP 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MOTION FOR DISCOVERY
AND
MOTION FOR CONTINUANCE

The Plaintiff, Myron Tereshchuk, appearing pro se, respectfully moves the Court pursuant to Rule 56(f) of the Federal Rules of Civil Procedure to grant Plaintiff leave to serve Defendant with interrogatories. The interrogatories that Plaintiff needs to serve Defendant are directly related to the issues surrounding the Defendant's search(es).

Specifically, the Plaintiff needs to discover the elements of Defendant's search(es), which include amongst other things, the adequacy of the search(es); their scope; the locations searched; the record systems searched; the search terms used; whether the leads that were provided were in fact utilized; the indexes searched; the qualifications of the searcher(s); the records that were being searched for, etc. Without answers to the interrogatories that address the above listed elements, Plaintiff will be placed in a position that will not allow him to effectively oppose the Defendant's perfected Declarations and Vaughn Indices.

The Plaintiff has conducted research regarding this motion and has found case precedent which is on point and from this Circuit to support his meritorious claims. However, the Plaintiff is unable to provide the citations to the case law because the Defendant has confiscated Plaintiff's research and placed the Plaintiff into Administrative Detention pending an investigation, without granting Plaintiff access to either his legal materials or the law library. Pursuant to the B.O.P.'s own regulations under volume 28 of the Code of Federal Regulations, the Plaintiff has a right to full access to his legal materials and the law library when in Administrative Detention. Indeed, the Plaintiff would have those same rights when in Disciplinary Detention. The Defendant should not be permitted to rely on secret laws and secret policies to sabotage Plaintiff's pursuit of his claims.

Currently, the Plaintiff is in need of the B.O.P.'s Administrative Remedy Indexes and Responses for the Mid-Atlantic Region and the Central Office pursuant to 28 C.F.R. 542.19, in order to get out of Administrative Detention. However, the Defendant is wrongfully withholding the Administrative Remedy Indices and Responses in violation of its own agency regulation, and this issue is currently before the Court by virtue of the first F.O.I.A. Request that Plaintiff filed with the Defendant and which matured into this proceeding. Clearly, the B.O.P. is maintaining a body of secret law and using it in the face of this proceeding.

As a result of Defendant deliberately impeding the Plaintiff's opposition to its Motion to Dismiss, the Plaintiff moves the Court to grant Plaintiff a Continuance (or stay) of this proceeding until Plaintiff is provided with full access to his legal materials, notes, research, and a law library.

The Plaintiff states under Penalty of Perjury that the foregoing is true and correct in accordance with 28 U.S.C. Section 1746 and Local Court Rules.   Respectfully submitted,

September 6, 2007   _Myron Tereshchuk_, pro se   Myron Tereshchuk