UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK )
    Petitioner, )
  )
v. ) Civil Action No. 06-1031 (RWR)
  )
BUREAU OF PRISONS )
    Respondent, )
  )

## DECLARATION OF CHERYL MAGNUSSON

I, CHERYL MAGNUSSON, hereby make the following declaration:

1. I am currently employed by the Federal Bureau of Prisons ("BOP") as a Legal Assistant at the Consolidated Legal Center located at the Federal Medical Center, Devens, Massachusetts ("FMC Devens"). I have held this position since October 20, 2003.

2. In order to perform my official duties as a Legal Assistant, I have access to numerous records regarding prisoners maintained in the ordinary course of business in the BOP. This information includes, but is not limited to, documentary records, Judgment and Commitment files, central files, medical records and computerized records maintained on SENTRY, the BOP's computerized data base. As part of my official duties, I am responsible for obtaining all records maintained and available at FMC Devens that are requested through the Freedom of Information Act (FOIA). Once I have obtained all records available and pertaining to the FOIA request, I forward the records to the Northeast Regional Office for review, determination and distribution of records which are releaseable under FOIA.

3. I have reviewed the complaint filed by the Plaintiff, Myron Tereshchuk, Reg. No. 47510-083, challenging the disposition of his records requested under FOIA. This declaration is in response to the court's order dated August 24, 2007, requesting clarification that a search for records was reasonably calculated to uncover all relevant documents requested by Plaintiff.

4. On or about July 7, 2006, FMC Devens Legal Department received three FOIA requests filed by Plaintiff, Myron Tereshchuk, Reg. No. 47510-083. These three FOIA requests were assigned the following FOIA numbers from the Northeast Regional Office: 2006-07648; 2006-07880 and 2006-07887.

1

5. FOIA number 2006-07648, consisted of five pages of requests to include Mr. Tereshchuk seeking mail records relating to himself, lists of incoming books banned by the BOP, manuals regarding the incoming and outgoing mail of prisoners, names and address of all persons requesting information about him, legal volumes containing the Nuremberg Code and the Helsinki Agreement as well as all interpretations of these two international laws controlling the treatment of prisoners, complete volume sets of the Bankruptcy Reporter, the Federal Rules Decisions, the Federal Appendix, a "recreational therapy consent form" he refused to sign on November 30, 2005, an attendance form done by Dr. James Fletcher at his last N-unit treatment team meeting which he refused to sign.

6. Upon receipt of this request, I personally conducted a search through inmate Tereschuk's central file and medical file. I made a copy of all of the mail rejections maintained in his central file. Further, I requested for the institution mailroom staff to conduct an additional search for any and all mail rejections related to inmate Tereschuk. The mailroom staff turned over the same rejections that were maintained in his central file. Additionally, I inquired if there are any lists of books that are banned by the BOP, I was informed that there is no list and that each item is reviewed and decided upon arrival at the institution mailroom. I requested the SIS Department check if inmate Tereshcuk was on restricted mail status and I was informed that he was not. I personally conducted a search for Program Statements that reference mail procedures used by staff in the BOP and found the following four Program Statements: PS 5800.10, Mail Management Manual (490 pages), PS 5625.11, Correspondence, (117 pages), PS 5800.13, ISM Manual (104 pages), PS G50001.04, Correctional Programs (199 pages). Pursuant to Program Statement 1351.05, Release of Information, paragraph 15, "Inmates are encouraged to use the simple local access procedures described in this section to review certain Bureau Program Statements, rather than the FOIA procedures described in Sections 513.60 through 513.68 of this subpart." These program statements were not turned over to the Northeast Regional Office because inmate Tereschuk can review them through local access procedures in the law library. I searched inmate Tereshcuk's medical record for the recreational therapy consent form that he alleges he refused to sign and found no record with this information. I interviewed Ms. Benet-Rivera and she stated that she does not have any recollection of this recreational therapy form as inmate Tereschuk states. I also interviewed another Recreational Therapist at FMC Devens, who stated that inmate Tereshuck was independent and did not need recreational therapy, therefore, no refusal form exists for him. This Recreational Specialist stated that he did an assessment on inmate Tereschuk and he deemed him not in need of recreational therapy services. I made a copy of this two page assessment and provided it to the Northeast Regional Office for processing. I conducted a search through inmate Tereschuk's medical records for the attendance form he states he refused to sign from his last N-unit team meeting. A document with signatures of staff present called the "Master Treatment Plan" was provided, there is no document that is called an attendance form. I made a copy of this three page form and provided it to the Northeast Regional Office for processing. I interviewed Dr. Fletcher and he stated that he remembers inmate Tereschuk refusing to sign everything to include this form. Pursuant to Program Statement 1351.05, Release of Information, paragraph 14, an inmate may review records from his or her medical

      file by submitting a request to a staff member designated by the Warden. There is no system of records that exists in the BOP for legal volumes containing the Nuremberg Code and the Helinski Code or the Bankruptcy Report, the Federal Rules Decisions and the Federal Appendix, therefore, a search was not conducted for these requests. I conducted a search through our FOIA logbook at FMC Devens and there were no requests regarding Mr. Tereshcuk.

7. This FOIA request produced 28 pages of records. On July 27, 2006, these records were mailed to the Northeast Regional Office for determination of what records can be released to the requestor pursuant to FOIA.

8. FOIA number 2006-07880, consisted of five pages of requests to include Mr. Tereshchuk seeking orders and instructions to staff regarding him, a copy of his central file, recreational therapy records, psychological and psychiatric records, medical records to include x-rays, emails regarding requestor, all notes taken by BOP employees participating on N unit team meetings regarding requestor, administrative and staff manuals used by BOP staff to diagnose and provide treatment to requestor, all documents requestor has refused to sign which are in the control of Dr. Fletcher and Ms. Benet-Rivera, all documents on Dr. Fletcher's computer that reference requestor, all instructions or orders to BOP staff to classify requestor as having been convicted of a violent offense, all instructions and orders to BOP staff to transport requestor to FMC Devens for a psychological/psychiatric evaluation, all instructions and orders for BOP to label requestor with a specific personality disorder, neurosis, psychosis or mental health defect, requestor's written objection to being evaluated at FMC Devens, records regarding requestor's cultural background, all instructions or orders to FMC Devens staff permitting individuals without psychology or psychiatry backgrounds to participate in evaluations of requestor, names, titles and email addresses of N unit team who participated in meetings with requestor, complete diagnosis according to criteria outlined in the Diagnostic and Statistical Manual of Mental Disorders, complete mental health history of requestor in possession of FMC Devens staff, all records reflecting the amplification or attenuation of the Rosenthal Effect by FMC Devens staff from March 10, 2004 to April 6, 2006, all psychological/psychiatric tests and risk assessment instruments administered at FMC Devens to prisoners undergoing psychological/psychiatric evaluation, VCR cassette tape entitled "How to Irritate People" which is displayed in Dr. Fletcher's office in room N2904 at FMC Devens, all shells used for report writing from the computers used by Dr. Fletcher, Dr. Sonnega, Dr. Riggs, Dr. Haas and Dr. Amy Taylor, all of risk assessment reports written about prisons that are stored on the computers used by Dr. Fletcher, Dr. Sonnega, Dr. Haas and Dr. Riggs, complete list of "favorites" and "cookies" and address books from the computers used by Dr. Fletcher, Dr. Sonnega, Dr. Haas and Warden Winn, Program Statements regarding electronic reading room records, BOP systems, Handbook for FOIA, all policy statements not published in Federal Register, all district court decisions, opinions, and orders that are in control of the BOP and have been adjudicated subsequent to January 1, 1976, BOP phone directory and email list.

9. Upon receipt of this request, I personally made a complete copy of inmate Tereschuk's medical record and central file which contained records to include his requested psychological, psychiatric, recreational therapy (two page assessment provided in FOIA Number 2006-07648, no refusal exists), medical, all emails and notes regarding requestor, designation records, cultural background information, all classification records, all refusals and mental health history. I requested a X-ray Technician to conduct a search for any and all X-rays of inmate Tereshchuk. He indicated that he had a total six films taken on November 8, 2005, to include two x-rays of the chest (two films), one of the abdomen (two films), two views of the knee (one film) and three views of the right foot (one film). I was informed by that in order to approve processing, the requestor must agree to pay $5.00 per film totaling $30.00 before the X-ray department can send them out to the local hospital to make copies. I was also informed that the requestor has the option to review his x-rays by submitting a request to review them with his doctor locally. I was informed that he also has the option to have his original x-rays mailed to an outside doctor for a 30 day review with an agreement that they be returned to FMC Devens after the review period. I interviewed Dr. Fletcher regarding the contents of this request. Dr. Fletcher stated that there are no BOP guidelines for treatment of mental health inmates. Dr. Fletcher indicated that he uses the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV), as a general reference. The DSM-IV is a manual that Mental Health Professionals use when working with patients in order to better understand their illness and potential treatment. The DSM-IV is published by the American Psychiatric Association. The DSM-IV is not a BOP system of records, therefore, this was not disclosed within this request. Dr. Fletcher stated that the VCR tape on "How to irritate people" is only a box of a long gone videotape which was by the cast of "Monty Python's Flying Circus." He stated that it is a comedic tape produced by WHITE STAR a division of KULTUR, 121 Highway 36, West Long Branch, NJ 07764, (908) 229-2343. Dr. Fletcher emailed me the shells of unsigned documents in a Wordperfect format. These shells were subsequently completed and provided to the Northeast Regional Office for processing. I interviewed Dr. Fletcher, Dr. Haas, Dr. Sonnega and Dr. Riggs, each one of them stated that there is no such thing as a risk assessment about a prison because risk assessments are about the analysis of an individual not about a place. I interviewed Dr. Sonnega regarding inmate Tereschuk's request for all psychological/psychiatric tests and risk assessment instruments administered at FMC Devens to prisoners undergoing evaluation. Dr. Sonnega explained that these tests come from an actual machine into which answers to questions are typed and from which a resulting a conclusion is printed out. Dr. Sonnega indicated that there is no format that can be provided. Dr. Sonnega stated that inmate Tereschuk did take one of the tests that he requests, the MMPI-2, which I provided to the Northeast Regional Office. I requested the Computer Services Manager, to search for all favorites, cookies, address books and shells on the computers of Dr. Fletcher, Dr. Sonnega, Dr. Riggs, Dr. Haas and Warden David Winn. I was advised that this search is limited to official investigations. There is no system of records that exists in the BOP for instructions or orders to FMC Devens staff permitting individuals without psychology or psychiatry backgrounds to participate in evaluations of requestor, records reflecting the amplification or attenuation of the Rosenthal Effect by FMC Devens staff, email lists, all district court decisions, opinions and orders that have been adjudicated since 1976 or Risk Assessments about prisons.

10. This request produced 223 pages of records. On July 27, 2006, these records were mailed to the Northeast Regional Office for determination of what records can be released to the requestor pursuant to FOIA

11. FOIA number 2006-07887, consisted of three pages of requests similar to the first two FOIA requests referenced above. In this FOIA, he requests all instructions to BOP staff regarding requestor, all instructions to a particular inmate providing a false testimony against Mr. Tereshchuk in exchange for a shorter sentence, all instructions to BOP staff pertaining to keeping requestor as medically unassigned, all records pertaining to the confiscation and rejection of mail addressed to Mr. Tereshchuk, the complete BOP administrative remedy index, all instructions to BOP staff regarding the application of the Ensign Amendment and the Omnibus Act 1997, all instructions to BOP staff regarding the confiscation and/or rejection of U.S. Mail addressed to federal inmates because of nudity and/or sexually explicit subject matters, all manuals and videos used for the training of BOP psychiatrists or psychologists, the names and addresses to licensing authorities and disciplinary boards for Dr. Haas, Dr. Riggs, Dr. Taylor, Dr. Fletcher and Dr. Sonnega, the criteria for the BOP to classify federal inmates as violent.

12. Upon receipt of this request, it was determined that his requests for psychiatric, psychological and medical records were already provided in FOIA number 2006-07880. All records pertaining to mail were provided in FOIA number 2006-07648. I conducted a search for records regarding an alleged testimony by another inmate against inmate Tereschuk in exchange for a shorter sentence through inmate Tereschuk's central file and the SIS Department. No records were found in his central file pertaining this request. The SIS Technician indicated that there were no records pertaining to this request. Mr. Tereshchuk's request for the complete BOP Administrative Remedy indexes to FMC Devens, the Northeast Regional Office and Central Office is too broad and a search could not be conducted for this request. I interviewed the Employee Services Specialist regarding his request for all manual, videos and similar records used for training BOP psychiatrist and psychologists. She indicated that there are no manuals, videos or records pertaining to this request. I requested the licensing information of Dr. Haas, Dr. Riggs, Dr. Taylor, Dr. Fletcher and Dr. Sonnega from the Quality Risk Manager. She provided me with the licensing information for these Doctors and this information was provided to the Northeast Regional Office. I personally conducted a search for records on the criteria the BOP uses to classify federal inmates and found Program Statement 5100.087, Security Designation and Custody Classification Manual (108 pages). Pursuant to Program Statement 1351.05, Release of Information, paragraph 15, "Inmates are encouraged to use the simple local access procedures described in this section to review certain Bureau Program Statements, rather than the FOIA procedures described in Sections 513.60 through 513.68 of this subpart." These program statements were not turned over to the Northeast Regional Office because inmate Tereschuk can review them through local access procedures in the law library.

5

13. On July 27, 2006, records were mailed to the Northeast Regional Office for determination of what records can be released to the requestor pursuant to FOIA.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 20th day of September, 2007.

Cheryl Magnusson
Legal Assistant
Consolidated Legal Center
FMC Devens, MA