UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYRON TERESHCHUK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-1031(RWR) |
| ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR DISCOVERY AND FOR A CONTINUANCE**

Plaintiff has moved for leave to serve Defendant with interrogatories regarding its search and has moved for a continuance until he is able to conduct research supporting his request for discovery.  See Pl.'s Motion for Discovery and Motion for Continuance.  Given that Plaintiff's request for discovery and a continuance are without merit, both should be denied.  A proposed Order consistent with this opposition memorandum is attached hereto.

**ARGUMENT**

This Court has held that "[d]iscovery is to be sparingly granted in FOIA actions."  Public Citizen Health Research Group v. Food and Drug Administration, 997 F. Supp. 56, 72 (D.D.C. 1998); Code v. FBI, No. 95-1892(RMU), 1997 WL 150070 at * 8 (D.D.C. March 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); see also Katzman v. Freeh, 926 F. Supp. 316, 319 (E.D.N.Y. 1996) ("discovery in a FOIA action is extremely limited").  Generally, discovery is limited to investigating the scope of an agency's search for responsive records, its indexing procedures, and other similar aspects of the agency's administrative FOIA process.  See, e.g. Safecard Servs. v. SEC, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991).  The Court may curtail any discovery that exceeds that scope.  See Lewis v. I.R.S.,

823 F.2d 375, 378 (9th Cir. 1987)("If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish [compliance with the requirements of FOIA], the district court need look no further.") (citations omitted); Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978)(district court may deny discovery and award summary judgment based on government's "relatively detailed" affidavits alone). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden. . . . [A]ccordingly, discovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits. . . In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations . . ." Carney v. DOJ, 19 F.3d 807, 812 (2d Cir. 1994)(internal citations and quotation marks omitted), cert. denied 513 U.S. 823 (1994).

     Here, Defendant has provided a detailed, nonclusory declaration explaining its searches for records responsive to Plaintiff's discovery requests. See Def.'s Suppl. Mem. to Mot. Summ. J., Declaration of Cheryl Magnusson (Sept. 20, 2007). Thus, discovery is "unnecessary," see Carney, 19 F.3d 812, and Plaintiff's request for such should be denied.

Date: September 24, 2007

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dch

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Opposition to Plaintiff's Motion for Discovery and for a Continuance*** was served by the Court's Electronic Case Filing System and by postage prepaid, first class mail to:

Myron Tereshchuk, <u>pro</u> <u>se</u>
Reg. No. 47510-083
Federal Correctional Institution
Cumberland, Maryland 21502

on this <u>24th</u> day of September, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney