UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Myron Tereshchuk,
    Plaintiff,
  v.
Bureau of Prisons,
    Defendant.

Docket No.: 06-CV-1031(RWR)

## MOTION FOR INTERLOCUTORY RESTAING ORDER

The Plaintiff, Myron Tereshchuk, appearing pro se, moves the Court for an Interlocutory Restraining Order directed at Defendant, for it to immediately stop obstructing Plaintiff's access to this Court. This proceeding has become tainted by the Defendant's actions and an injunction is needed to prevent an injustice against Plaintiff and to preserve the status quo, amongst other reasons. Specifically, the Defendant has not only deliberately obstructed Plaintiff's access to the prison law library, but also, the Defendant's employee, C.O. Nickels (spelling?), snatched Plaintiff's legal research pertaining to this proceeding, directly from Plaintiff's hands. Because Plaintiff is incarcerated in a correctional institution operated by the Defendant, Plaintiff has no alternative recourse, but to move the Court for an interlocutory order.

page 2

It is well established by decisions of the Supreme Court that prisoners must have access to courts that is not impeded by the government. Ex parte Hull, 312 U.S. 546 (1941); Cochran v. Kansas, 316 U.S. 255 (1942); Johnson v. Avery, 393 U.S. 483 (1969); Younger v. Gilmore, 404 U.S. 15 (1971); Cruz v. Hauck, 404 U.S. 59 (1971); Cruz v. Beto, 405 U.S. 319 (1972); Procunier v. Martinez, 416 U.S. 396 (1974); Wolff v. McDonnell, 418 U.S. 539 (1974); and Bounds v. Smith, 430 U.S. 817 (1977).

Remedial measures are required to insure that Plaintiff obtains access to the Court that is adequate, effective, and meaningful. Bounds v. Smith, 430 U.S. 817 (1977).

The Defendant will not be harmed by an order of the Court ordering Defendant to return Plaintiff's legal materials and to grant Plaintiff access to the prison law library because the Defendant is obligated to provide these services to Plaintiff under its own agency regulations which are published in Volume 28 of the Federal Code of Regulations under the sections pertaining to administrative detention/disciplinary segregation/protective custody. Plaintiff cannot cite to the specific section numbers because the Defendant snatched the legal research identifying the

Page 3

section numbers from Plaintiff's hands on September 10, 2007. Plaintiff will be injured without the order.

There is no alternative course of action for Plaintiff to take because time is of the essence and Defendant is pursuing a dismissal motion of this proceeding. Currently, Plaintiff has a surplus of time to use in researching potential arguements that Defendant might use and is unjustly being deprived of time to prepare and draft motions such as a cross-motion for partial summary judgment or a motion for in camera review.

The Court's granting of the injunctive relief will maintain the status quo as it existed prior to the Defendant's Motion to Dismiss and its acts of purloining Plaintiff's legal research and obstruction Plaintiff's access to use the prison law library.

Public policy as well as the public good demand that Plaintiff have access to the prison law library and possession of his legal research because Plaintiff is proceeding pro se and it is very obvious that Defendant is bullying Plaintiff.

Finally, the Defendant's obstructing the Plaintiff's access from the library has resulted in Plaintiff not being able to follow local rules and submit the instant motion in typed format and on white paper.

For the above reasons as well as those that are

page 4

dictated by public policy, the Court should grant the Plaintiff's motion.

The Plaintiff declares under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. Section 1746 and LCvR 5.1(h)(2).

Respectfully Submitted,
Myron Tereshchuk
Myron Tereshchuk
Reg. No. 47510-083
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501-1000