UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK, )
    Plaintiff, )
v. ) Civil Action No. 06-1031 (RWR)
BUREAU OF PRISONS, )
    Defendant. )

RECEIVED
OCT 0 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY AND FOR A CONTINUANCE

    The Plaintiff, Myron Tereshchuk, appearing pro se, respectfully moves the Court pursuant to Rule 6(a) of the Federal Rules of Civil Procedure for an Extension of Time to Reply to Defendant's Opposition to Plaintiff's Motions for Discovery and for a Continuance.

    When the Plaintiff originally submitted his Motions for Discovery and a Continuance, Defendant was wrongfully impeding the Plaintiff from having access to the law library. Since then, the Defendant has aggravated the circumstances by confiscating not only Plaintiff's cumulative legal research results that directly pertain to this proceeding, but also has confiscated Plaintiff's reading eye-glasses.

page 2

The Plaintiff's only litigation resources in this proceeding are fragmented notes contained in yellow note pads, and a book about the F.O.I.A. The Plaintiff cannot effectively Reply to Defendant's Opposition without access to his own work product and a law library.

Nevertheless, the Plaintiff will make a good faith effort to submit a Provisional Reply to Defendant's Opposition, without resorting to his legal research or the law library. Plaintiff anticipates submitting the Provisional Reply to this Court on October 15, 2007.

Finally, the Plaintiff reserves the right to perfect the Provisional Reply after Plaintiff is granted the return of his legal research and law library access. The Defendant will not be harmed by the Plaintiff perfecting the Provisional Reply, because the Defendant never addressed why Plaintiff was being denied access to the law library, when the Defendant submitted its Opposition.

The Plaintiff states under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. Section 1746 and LCvR 5.1(h)(2)

Respectfully submitted,
Myron Tereshchuk

October 4, 2007