UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRON TERESHCHUK,
  Plaintiff,
  v.                              Civil Action No. 06-1031 (RWR)
BUREAU OF PRISONS
  Defendant.

RECEIVED
OCT 0 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANT'S SUPPLEMENTAL MEMORANDUM AND DECLARATION IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Myron Tereshchuk, appearing pro se, respectfully moves the Court pursuant to Rule 6 of the Federal Rules of Civil Procedure for an Extension of Time to Oppose Defendant's Supplemental Memorandum and Declaration in support of its Motion for Summary Judgment.

As good cause for the extension, the Plaintiff states that its ability to effectively oppose Defendant's Supplemental Memorandum and Declaration have been unjustly impeded by the Defendant 1) obstructing Plaintiff's access to a law library (and therefore this Court); 2) wrongfully confiscating Plaintiff's cumulative legal research results that directly pertain

page 2

to the Plaintiff's Opposition for which he has moved the Court for an extension of time; and 3) the wrongful confiscation of Plaintiff's reading eye-glasses.

    The Plaintiff's only litigation resources in this proceeding are fragmented notes and a book on the F.O.I.A. The Plaintiff cannot effectively oppose the Defendant's Supplemental Memorandum and Declaration without being able to resort to his legal research materials and the law library.

    Nonetheless, the Plaintiff will make a good faith effort to submit a Provisional Opposition to the Court by October 16, 2007. The Provisional Opposition will be made without the Plaintiff resorting to his legal research materials or the law library. Afterwards, the Plaintiff will need to perfect the Provisional Opposition after the Court grants injunctive relief, thereby permitting Plaintiff to be reunited with his legal research materials and law library access.

    The Plaintiff states under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C Section 1746 and LCvR 5.1(h)(2).

October 4, 2007

Respectfully Submitted,
Myron Tereshchuk